1
2
3
4
5

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CYRIL SABBAGH, Individually And On Behalf Of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>CELL THERAPEUTICS, INC., DR. JAMES A. BIANCO M.D. and DR. JACK W. SINGER M.D.,<br><br>Defendants. | No. 10-cv-00414-MJP<br><br>**NOTICE OF MOTION AND MOTION OF YANGJIN KIM FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; MEMORANDUM OF LAW IN SUPPORT THEREOF**<br><br>NOTE ON MOTION CALENDAR:<br>June 28, 2010 |
| MICHAEL LAQUIDARI, Individually And On Behalf Of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>CELL THERAPEUTICS, INC., DR. JAMES A. BIANCO M.D. and DR. JACK W. SINGER M.D.,<br><br>Defendants. | No. 10-cv-00480-MJP |
| [Captions Continue on Next Page] | |

1

MOTION FOR APPOINTMENT AS LEAD
PLAINTIFF AND APPROVAL OF LEAD
COUNSEL; MEMORANDUM OF LAW

| | |
|---|---|
| WILLIAM SNYDER, Individually And On Behalf Of All Others Similarly Situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>CELL THERAPEUTICS, INC., JAMES A. BIANCO, PHILLIP M. NUDELMAN, LOUIS A. BIANCO, , JOHN H. BAUER, RICHARD L. LOVE, MARY O. MUNDINGER, JACK W. SINGER, FREDERICK W. TELLING and RODMAN & RENSHAW LLC,<br><br>    Defendants. | No. 10-cv-00559-MJP |

PLEASE TAKE NOTICE, that on June 28, 2010, at 9:00 a.m. or as soon thereafter as the matter can be heard in the courtroom of the Honorable Marsha J. Pechman, situated at 700 Stewart Street, Seattle, Washington, Proposed lead plaintiff Yangjin Kim (hereinafter "Movant") will move, and hereby does move, under §§21(D) *et seq.* of the Securities Exchange Act of 1934 as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), for an order (a) consolidating related actions, (b) appointing Yangjin Kim as lead plaintiff, and (c) approving Movant's selection of Glancy Binkow & Goldberg LLP as lead counsel for the Class.[1]

---

[1] This motion is filed pursuant to Section 21D of the Securities Exchange Act of 1934, as amended by the PSLRA. This Section provides that within 60 days after publication of the required notice, any member of the proposed class may apply to the Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the underlying action. Consequently, counsel for Movant has no way of knowing who, if any, the competing lead plaintiff candidates are at this time. As a result, counsel for Movant has been unable to conference with opposing counsel as prescribed in Local Rule 7(d)(4), and respectfully requests that the conference requirement of Local Rule 7(d)(4) be waived for this motion. Pursuant to §77u-4(a)(3)(B)(iii)(II), defendants do not have standing to oppose the appointment of Movant as lead plaintiff. *See also Takeda v. Turbodyne Techs., Inc.*, 67 F. Supp. 2d. 1129, 1138 (C.D. Cal. 1999).

MOTION FOR APPOINTMENT AS LEAD
PLAINTIFF AND APPROVAL OF LEAD
COUNSEL; MEMORANDUM OF LAW

Movant seeks appointment as lead plaintiff and approval of lead plaintiff's choice of counsel pursuant to the Securities Exchange Act of 1934, the Federal Rules of Civil Procedure and the PSLRA. This motion is based on this Notice, the attached memorandum of points and authorities, the declaration of Michael Goldberg, and the Court's complete files and records in this action, as well as such further argument as the Court may allow at a hearing on this motion.

## I. FACTUAL BACKGROUND

This is a securities class action on behalf of all purchasers of the common stock of Cell Therapeutics, Inc. ("Cell Therapeutics" or the "Company") between May 5, 2009 and February 8, 2010, inclusive (the "Class Period"), against Cell Therapeutics and certain of the Company's executive officers and/or directors for violations of the Securities Exchange Act of 1934 (the "Exchange Act").[2]

Cell Therapeutics describes itself as a "biopharmaceutical company committed to developing an integrated portfolio of oncology products aimed at making cancer more treatable." The Company's pixantrone is a Phase III clinical trial product for treatment of non-Hodgkin's lymphoma. The Company claims pixantrone has a molecular structure that differentiates it from the anthracyclines and other related chemotherapy agents, *i.e.*, according to the Company, pixantrone, unlike other anthracyclines, is not "cardiotoxic."

On March 4, 2004, the Company issued a press release announcing that the U.S. Food and Drug Administration ("FDA") has "provided guidance through the expedited Special Protocol Assessment ("SPA") process for a randomized pivotal trial of Pixantrone in the treatment of relapsed, aggressive non-Hodgkin's lymphoma ("NHL").

---

[2] The *Snyder* complaint, No. 10-cv-00559, alleges violations of the Securities Act of 1933 (the "Securities Act"), and also names as defendants the underwriters of a public offering conducted by Cell Therapeutics on July 23, 2009. Because the lead plaintiff provisions of the Exchange Act and the Securities Act, as amended by the PSLRA, are identical, see 15 U.S.C. §77z-1 and 15 U.S.C. §78u-4, for ease of reference only the Exchange Act provisions are cited herein.

3

MOTION FOR APPOINTMENT AS LEAD
PLAINTIFF AND APPROVAL OF LEAD
COUNSEL; MEMORANDUM OF LAW

The Complaints on file in this action allege that the Defendants' Class Period statements concerning pixantrone were materially false and misleading when made because they misrepresented and failed to disclose material adverse facts, which were known to defendants or recklessly disregarded by them, including that: (a) the pixantrone SPA was invalidated in March 2008; (b) the Company's pixantrone study enrolled a large number of patients who did not suffer from aggressive Non-Hodgkin's lymphoma; (c) the Company's pixantrone drug was cardiotoxic; and (d), as a result of the foregoing, defendants lacked a reasonable basis for their positive statements about pixantrone and its prospects for FDA marketing approval.

On February 8, 2010, the FDA posted its assessment of pixantrone in advance of a February 10, 2010, advisory meeting. The FDA Briefing Document stated, in pertinent part: "On March 28, 2008, CTI notified the FDA of an early halt to enrollment for PIX301. The study was not stopped at a planned interim analysis and early study stopping invalidated the applicant's Special Protocol Assessment." The agency also found that Cell Therapeutics had enrolled a large number of patients who didn't suffer from aggressive NHL, as required by the study protocol, and raised questions about pixantrone's safety, noting that deaths and serious adverse events were more common in the study's pixantrone arm than in the study's comparator arm.

Then, on March 22, 2010, the FDA panel voted unanimously that Cell Therapeutics' clinical trial data was not adequate to support the approval of pixantrone. As a result of this news, the Company's shares declined more than 48% from the previous day's closing price of $0.91 per share, to close on March 22, 2010 at $0.47 per share.

## II.  PROCEDURAL HISTORY

Plaintiff Cyril Sabbagh commenced the first-filed related above-captioned action on March 12, 2010, and on that day counsel for plaintiff published a notice of the pendency of plaintiff's case on *Business Wire,* a widely circulated national business-oriented wire service.

4

*See* Declaration of Michael Goldberg In Support of Motion of Yangjin Kim For Consolidation of Related Actions, Appointment As Lead Plaintiff and Approval Of Lead Counsel (the "Goldberg Declaration") at Exhibit A. Subsequent to the *Sabbagh* action, two related actions have been filed in this District and each of the related actions is reflected above in the caption of this document.

Movant brings the instant motion pursuant to the *Sabbagh* complaint and notice of pendency, and files this motion prior to expiration of the 60-day period from publication of the March 12, 2010, notice.

## III.  ARGUMENT

### A.  The Related Actions Should Be Consolidated

Consolidation pursuant to Rule 42(a) is proper when actions involve common questions of law and fact. *See Aronson v. McKesson HBOC, Inc.*, 79 F. Supp. 2d 1146, 1150 (N.D. Cal. 1999); *In re Equity Funding Corp. of Am. Sec. Litig.*, 416 F. Supp. 161, 175 (C.D. Cal. 1976). The Court has broad discretion under this Rule to consolidate cases pending within its District. *Investors Research Co. v. United States District Court*, 877 F. 2d 777 (9th Cir. 1989).

Courts recognize that class action shareholder suits are ideally suited to consolidation because their unification expedites proceedings, reduces duplication, and minimizes the expenditure of time and money by all concerned. *See Equity Funding*, 416 F. Supp. at 176; *Aronson*, 79 F. Supp. 2d at 1150. Consolidation facilitates discovery, conserves judicial resources, and reduces the confusion and delay that result from prosecuting related class action cases separately. *See Equity Funding*, 416 F. Supp. at 176.

The actions pending before this Court present similar factual and legal issues, as they all involve the same subject matter, and present the same legal issues. Each alleges the same violations of the Securities Act, and is based on the same wrongful course of conduct. Each

names the Company and certain of its officers and/or directors as defendants. Because the actions arise from the same facts and circumstances and involve the same subject matter, the same discovery and similar class certification issues will be relevant to all related actions. Accordingly, consolidation under Rule 42(a) is appropriate.

### B. Yangjin Kim Should Be Appointed Lead Plaintiff

Section 21D(a)(3)(B) of the PSLRA provides the procedure for selecting lead plaintiff in class actions brought under the Act. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of (i) 60 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. §78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the most "adequate plaintiff" to serve as lead plaintiff is the person or group of persons that:

> (aa) has either filed the complaint or made a motion in response to a notice. . . ;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii). *See also Wenderhold v. Cylink Corp.*, 188 F.R.D. 577, 584 (N.D. Cal. 1999).

As set forth below, Yangjin Kim satisfies all three of these criteria and thus is entitled to the presumption that he is the most adequate plaintiff for the Class.

### 1. Movant is Making a Motion in Response to a Notice

On March 12, 2010, counsel for plaintiff Cyril Sabbagh published a notice of the pendency of plaintiff's case pursuant to §21D(a)(3)(A)(I) of the PSLRA, announcing that a securities class action had been filed against defendants herein, and advising purchasers of Cell

Therapeutics common stock that they had until May 11, 2010, to file a motion to be appointed as lead plaintiff.

Pursuant to the provisions of the PSLRA and within the requisite time frame after publication of the notice, Movant timely moves this Court to be appointed lead plaintiff on behalf of all plaintiffs and putative class members in the Action and any other actions deemed related by this Court, and submits herewith his sworn certification attesting that Movant is willing to serve as representative of the Class and willing to provide testimony at deposition and trial, if necessary. *See* Goldberg Declaration, Exhibit B. Movant therefore satisfies the requirement of either filing a complaint or making a motion in response to a published notice.

### 2. Movant Has The Largest Financial Interest

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. §78u-4(a)(3)(B)(iii); *Naiditch v. Applied Micro Circuits*, 2001 WL 1659115, *2 (S.D. Cal. Nov. 5, 2001).

As is demonstrated herein, Movant believes that he has the largest financial interest in this case among class members who filed timely applications for appointment as lead plaintiff, and accordingly is presumed to be the "most adequate plaintiff." *See In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002).

Here, Movant Yangjin Kim purchased 215,025 shares of Cell Therapeutics during the Class Period and has suffered financial losses of $71,381.00 as a result of his purchases of Cell Therapeutics stock at prices alleged to be artificially inflated by defendants' materially false and misleading statements and omissions. *See* Goldberg Declaration, Exhibit C. Movant thus satisfies the largest financial interest requirement to be appointed as lead plaintiff for the Class. *Greebel v. FTP Software*, 939 F. Supp. 57, 64 (D. Mass. 1996).

MOTION FOR APPOINTMENT AS LEAD
PLAINTIFF AND APPROVAL OF LEAD
COUNSEL; MEMORANDUM OF LAW

### 3. Movant Satisfies The Requirements Of Rule 23 Of The Federal Rules Of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a).

In making its determination that a lead plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification. A *prima facie* showing that a PSLRA movant satisfies the requirements of Rule 23 is sufficient. *In re Surebeam Corp. Securities Litigation* Slip Copy, 2004 WL 5159061, *5 (S.D.Cal. Jan. 5, 2004)("At this stage, the district court is to rely on the presumptive lead plaintiff's complaint and sworn certification.")(citing *In re Cavanaugh,* 306 F.3d at 731). Courts thus limit their inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until class certification. *City of Harper Woods Employees Retirement System v. AXT, Inc.,* 2005 WL 318813, *3 (N.D.Cal. Feb. 7, 2005)("When a court assesses a lead plaintiff motion, the inquiry should be focused on the typicality and adequacy requirements of Rule 23"); *In re Cavanaugh,* 306 F.3d at 730.

#### a. Movant's Claims Are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members' claims, and plaintiff's claims are based on the same legal theory. *See Hanon v. Dataproducts Corp.*, 976 F. 2d 497, 508 (9th Cir. 1992); *Berger v. Compaq Computer Corp.*, 257 F.3d 475, 479-80 (5th Cir.

8

2001). Rule 23 does not require the lead plaintiff to be identically situated with all class members. It is enough that the lead plaintiff's situation shares a common issue of law or fact. *See Berger*, 257 F.3d at 480.

Here, Movant's claims are typical of the claims asserted by the Class. Movant, like all members of the Class, alleges that defendants violated the federal securities laws by publicly disseminating false and misleading statements concerning Cell Therapeutics' business and financial prospects. Movant, like all of the members of the Class, purchased Cell Therapeutics securities during the Class Period at prices artificially inflated by defendants' misrepresentations and omissions, and was damaged thereby. Consequently, Movant's interests are closely aligned with other Class members' and they are, therefore, typical of the other members of the Class.

### b. Movant Is An Adequate Representative

The adequacy of representation requirement of Rule 23 is satisfied where it is established that a representative party "will fairly and adequately protect the interest of the class." Accordingly:

> The Ninth Circuit has held that representation is "adequate" when counsel for the class is qualified and competent, the representative's interests are not antagonistic to the interests of absent class members, and it is unlikely that the action is collusive.

*Takeda v. Turbodyne Techs. Inc.*, 67 F. Supp. 2d 1129, 1133 (C.D. Cal. 1999)(citing *In re Northern Dist of Cal., Dalkon Shield IUD Prod. Liab. Litig.*, 693 F. 2d 847, 855 (9th Cir. 1982)). Movant has demonstrated his adequacy as lead plaintiff by communicating with counsel, filing this motion, and submitting his sworn certification attesting that Movant is willing to serve as representative of the Class and willing to provide testimony at deposition and trial, if necessary. *See* Goldberg Declaration, Exhibit B. Evincing a strong desire to prosecute this action on behalf of the Class, Movant has shown that he is " 'willing' and 'able' to 'take an active role in and control the litigation and to protect the interests of absentees.' " *Berger*, 257 F.3d at 479.

### 4. Movant Is Presumptively The Most Adequate Plaintiff

The presumption in favor of appointing Yangjin Kim as lead plaintiff may be rebutted only upon proof "by a purported member of the Plaintiffs' class" that the presumptively most adequate plaintiff:

(aa) will not fairly and adequately protect the interest of the class; or

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78 u-4(a)(3)(b)(iii)(I).

The presumption that Yangjin Kim is the most adequate plaintiff is not, therefore, subject to rebuttal. As demonstrated herein, Movant believes he has the largest known financial interest in this case of any lead plaintiff movant. The ability of Movant to fairly and adequately represent the Class is discussed above. Movant is not aware of any unique defenses defendants could raise against him that would render Movant inadequate to represent the Class. Moreover, Movant has selected and retained competent and experienced counsel to represent him and the Class. *See Richardson v. TVIA, Inc.* Slip Copy, 2007 WL 1129344, *4-*5 (N.D.Cal. April 16, 2007)("The adequacy requirement is met if there are no conflicts between the representative and class interests and the representative's attorneys are qualified, experienced, and generally able to conduct the litigation."). Accordingly, Yangjin Kim is presumptively the most adequate plaintiff and should be appointed lead plaintiff for the Class.

### C. The Court Should Approve Lead Plaintiff's Choice of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court. *See* §21D(a)(3)(B)(v) of the Exchange Act. Thus, the Court should not disturb the lead plaintiff's choice of counsel unless "necessary to protect the interest of the plaintiff class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa); *see also In re Cavanaugh*, 306 F.3d at 733. In the present case, Movant has retained Glancy Binkow & Goldberg LLP to pursue this litigation on his behalf, and will retain this firm as plaintiffs' lead counsel, with Aoki Sakamoto Grant LLP as liaison counsel, in the event Movant is appointed lead plaintiff.

MOTION FOR APPOINTMENT AS LEAD
PLAINTIFF AND APPROVAL OF LEAD
COUNSEL; MEMORANDUM OF LAW

Glancy Binkow & Goldberg LLP possesses extensive experience in the area of securities litigation and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors, as reflected by the firm's résumé filed concurrently herewith as Exhibit D to the Goldberg Declaration. Thus, the Court may be assured that, by granting Movant's motion, the Class will receive the highest caliber of legal representation.

## IV.  CONCLUSION

For the foregoing reasons, Movant respectfully asks the Court to grant his motion and enter an Order (a) consolidating the related actions, (b) appointing Yangjin Kim as lead plaintiff, and (c) approving his selection of Glancy Binkow & Goldberg LLP as lead counsel for the Class, and granting such other relief as the Court may deem just and proper.

Dated: May 11, 2010

**AOKI SAKAMOTO GRANT LLP**

_____
Jeffrey Grant
One Convention Place, Suite 1525
701 Pike Street
Seattle, WA 98101
Telephone:   (206) 624-1900

**GLANCY BINKOW & GOLDBERG LLP**
Lionel Z. Glancy
Michael Goldberg
1801 Avenue of the Stars, Suite 311
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Attorneys for Plaintiff*

MOTION FOR APPOINTMENT AS LEAD
PLAINTIFF AND APPROVAL OF LEAD
COUNSEL; MEMORANDUM OF LAW