The Honorable Marsha J. Pechman

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| CYRIL SABBAGH, individually and on behalf of all others similarly situated<br><br>Plaintiff,<br><br>vs.<br><br>CELL THERAPEUTICS, INC., DR. JAMES A. BIANCO M.D. and DR. JACK W. SINGER M.D.,<br><br>Defendants. | Case No. 2:10-cv-00414-MJP<br><br>NOTE ON MOTION CALENDAR: JUNE 11, 2010<br><br>**CLASS ACTION**<br><br>MOTION OF THE CTIC INVESTOR GROUP TO CONSOLIDATE RELATED ACTIONS; TO BE APPOINTED LEAD PLAINTIFF; AND TO APPROVE PROPOSED LEAD PLAINTIFF'S CHOICE OF COUNSEL |
| MICHAEL LAQUIDARI, individually and on behalf of all others similarly situated<br><br>Plaintiff,<br><br>v.<br><br>CELL THERAPEUTICS, INC., JAMES A. BIANCO M.D. and DR. JACK W. SINGER M.D.,<br><br>Defendants. | Case No. 2:10-cv-00480-MJP |

[*caption continued on next page*]

Motion of the CTIC Investor Group to Consolidate Related Actions; to be Appointed Lead Plaintiff; and to Approve Proposed Lead Plaintiff's Choice of Counsel

Zwerling, Schachter & Zwerling, LLP
1904 Third Avenue, Suite 1030
Seattle, WA 98101-1170
Tel.: (206) 223-2053

| | |
|---|---|
| WILLIAM SNYDER, Individually and On Behalf of All Others Similarly Situated,<br><br>　　　　　　　　　　　　Plaintiffs,<br><br>　　　v.<br><br>CELL THERAPEUTICS, INC., JAMES A. BIANCO, PHILLIP M. NUDELMAN, LOUIS A. BIANCO, JOHN H. BAUER, RICHARD L. LOVE, MARY O. MUNDINGER, JACK W. SINGER, FREDERICK W. TELLING and RODMAN & RENSHAW, LLC,<br><br>　　　　　　　　　　　　Defendants. | Case No. 2:10-cv-00559-MJP |

　　　　The CTIC Investor Group respectfully submits this motion, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(3)(B) and Section 27(a)(3)(B) of the Securities Act, 15 U.S.C. §77z-1(a)(3)(B), as amended by Section 101 of the Private Securities Litigation Reform Act of 1995 ("PSLRA"), for an Order: (1) consolidating all related Actions; (2) appointing the CTIC Investor Group as the Lead Plaintiff in these Actions; and (3) approving its selection of the law firm of Brower Piven, A Professional Corporation ("Brower Piven"), as Lead Counsel for the Class and the law firm of Zwerling, Schachter & Zwerling, LLP ("Zwerling, LLP"), as Liaison Counsel for the Class.  This Motion is also based on the accompanying Declaration of Dan Drachler in Support of the Motion of the CTIC Investor Group to Consolidate Related Actions; to be Appointed Lead Plaintiff; and to Approve Proposed Lead Plaintiff's Choice of Counsel ("Drachler Decl.").

| | |
|---|---|
| Motion of the CTIC Investor Group to Consolidate Related Actions; to be Appointed Lead Plaintiff; and to Approve Proposed Lead Plaintiff's Choice of Counsel | Zwerling, Schachter & Zwerling, LLP<br>1904 Third Avenue, Suite 1030<br>Seattle, WA 98101-1170<br>Tel.: (206) 223-2053 |

# INTRODUCTION

The CTIC Investor Group,[1] a small, cohesive group of 3 members, submits this memorandum in support of its motion: (1) to consolidate, pursuant to Fed. R. Civ. P. 42, the related securities class actions[2] brought on behalf of all persons who purchased or otherwise acquired the publicly-traded securities of Cell Therapeutics, Inc. ("Cell" or the "Company") between May 5, 2009 and March 19, 2010, inclusive (the "Class Period"), including purchasers of the securities issued pursuant or traceable to the Company's public offering on or about July 23, 2009[3]; (2) to be appointed Lead Plaintiff in these Actions pursuant to Section 21D(a)(3)(B) of the Exchange Act, 15 U.S.C. §78u-4(a)(3)(B) and Section 27(a)(3)(B) of the Securities Act, 15 U.S.C. §77z-1(a)(3)(B), as amended by Section 101 of the PSLRA; and (3) for approval of its selection of the law firm of Brower Piven as Lead Counsel for the Class and the law firm of Zwerling, LLP as Liaison Counsel for the Class.

As described in the Consolidated Schedule of Transactions and Losses for the CTIC Investor Group attached to the Drachler Declaration, at Exhibit B, the CTIC Investor Group has suffered a loss of approximately $337,252.65 as a result of its members' purchases of shares of Cell during the Class Period. To the best of its knowledge, the CTIC Investor Group has sustained the largest loss of any investor seeking to be appointed Lead Plaintiff in these Actions.

---

[1] The CTIC Investor Group consists of Satish Shah, David Gipson, and Xavian L. Draper.

[2] The related securities class actions in this Court include the following cases: *Sabbagh v. Cell Therapeutics, Inc, et al.*, 2:10-cv-00414-MJP (W.D. Wash.; filed on Mar. 12, 2010) (the "*Sabbagh* Action"); *Laquidari v. Cell Therapeutics Inc., et al.*, 2:10-cv-00480-MJP (W.D. Wash; filed on Mar. 19, 2010) (the "*Laquidari* Action"); and *Snyder v. Cell Therapeutics Inc., et al.*, 2:10-cv-00559-MJP (W.D. Wash; filed on Mar. 31, 2010) (the "*Snyder* Action") (collectively, the "Action(s)").

[3] This is the longest class period alleged in the Actions, which is the class period in the *Snyder* Action. The *Sabbagh* Action and the *Laquidari* Action end the class period on February 8, 2010. Further, the *Snyder* Action is the only Action alleging claims on behalf of purchasers of Cell's securities issued pursuant or traceable to the Company's public offering on or about July 23, 2009.

| | |
|---|---|
| Motion of the CTIC Investor Group to Consolidate Related Actions; to be Appointed Lead Plaintiff; and to Approve Proposed Lead Plaintiff's Choice of Counsel | Zwerling, Schachter & Zwerling, LLP<br>1904 Third Avenue, Suite 1030<br>Seattle, WA 98101-1170<br>Tel.: (206) 223-2053 |

In addition to demonstrating the largest financial interest in the outcome of this litigation, the CTIC Investor Group's members' Certifications evidence their intent to serve as Lead Plaintiff in this litigation, including their cognizance of the duties of serving in that role.[4] The members of the CTIC Investor Group fully understand their duties and responsibilities to the Class, and are willing and able to oversee the vigorous prosecution of these Actions. As provided in the individual Declarations of the members of the CTIC Investor Group, the Group members have conferred with each other, are aware of their responsibilities for serving as Lead Plaintiff in these Actions, and have agreed to coordinate their efforts throughout the course of this litigation. *See* Drachler Decl., Exhibit C. Moreover, the members of the CTIC Investor Group satisfy both the applicable requirements of the PSLRA and Fed. R. Civ. P. 23, and the CTIC Investor Group is presumptively the "most adequate plaintiff."

### **PROCEDURAL BACKGROUND**

Three related cases alleging substantially identical claims for nearly identical classes of purchasers of Cell's securities are pending in this Court. The first of these Actions, the *Sabbagh* Action, was filed on March 12, 2010. Thereafter, two additional Actions, the *Laquidari* Action and the *Snyder* Action, were filed in this Court alleging the same or similar claims.[5]

Pursuant to 15 U.S.C. §78u-4(a)(3)(A)(i) and 15 U.S.C. §77z-1(a)(3)(A)(i), on March 12, 2010, the first notice that a class action had been initiated against Defendants was published on *Business Wire*, a widely-circulated national business-oriented wire service, advising members of

---

[4] The PSLRA authorizes any member or group of members of the putative Class seeking to be appointed Lead Plaintiff to either file a complaint or move for appointment as Lead Plaintiff. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii); 15 U.S.C. §77z-1(a)(3)(B)(iii). Copies of the CTIC Investor Group's members' Certifications reflecting their transactions in Cell during the Class Period are attached as Exhibit A to the Drachler Declaration.

[5] The *Snyder* Action added allegations on behalf of purchasers of Cell's securities issued pursuant or traceable to the Company's public offering on or about July 23, 2009.

Motion of the CTIC Investor Group to
Consolidate Related Actions; to be Appointed
Lead Plaintiff; and to Approve Proposed
Lead Plaintiff's Choice of Counsel

Zwerling, Schachter & Zwerling, LLP
1904 Third Avenue, Suite 1030
Seattle, WA 98101-1170
Tel.: (206) 223-2053

- 3 -

Case 2:10-cv-00414-MJP   Document 19   Filed 05/11/2010   Page 5 of 14

the proposed Class of their right to move the Court to serve as Lead Plaintiff no later than 60 days from the notice (May 11, 2010). *See* Drachler Decl., Exhibit D.

The members of the CTIC Investor Group are members of the Class (*see* Drachler Decl., Exhibit A) and they have timely moved within the 60 day period following publication of the March 12, 2010 notice as required for appointment as Lead Plaintiff under the PSLRA.

## SUMMARY OF THE ALLEGATIONS[6]

Cell is a biopharmaceutical company focused on developing and commercializing novel agents that seek to improve the safety and efficacy of existing standard-of-care chemotherapies, and those that may have unique, new mechanisms to kill cancer cells. During the Class Period, Defendants misled investors concerning the results of a Phase III clinical study of a drug the Company was developing called pixantrone for the treatment of Non- Hodgkin's Lymphoma ("NHL"), as well as other cancers. Study PIX-301 was conducted pursuant to a special protocol assessment ("SPA") with the U.S. Food and Drug Administration ("FDA"). A SPA is a declaration from the FDA that an uncompleted Phase III trial's design, clinical endpoints, and statistical analyses are acceptable for FDA approval.

Originally, Study PIX-301 was designed to include 320 patients. Cell, however, had difficulty enrolling patients in the study quickly enough for it to be completed in an acceptable time frame. Accordingly, Defendants sought to end enrollment after enrolling 140 patients, less than half the original target. Unable to complete the study because of slow enrollment, Defendants ended the study early without an SPA. On March 28, 2008, Defendants informed the FDA that they were terminating the study with only 140 patients enrolled, thus invalidating the

---

[6] The Summary of the Allegations is taken from the *Snyder* Complaint.

Motion of the CTIC Investor Group to
Consolidate Related Actions; to be Appointed
Lead Plaintiff; and to Approve Proposed
Lead Plaintiff's Choice of Counsel

Zwerling, Schachter & Zwerling, LLP
1904 Third Avenue, Suite 1030
Seattle, WA 98101-1170
Tel.: (206) 223-2053

- 4 -

SPA. In other words, even if the drug showed efficacy and safety among the 140 patients enrolled, the FDA could still deny approval. Rather than disclose this fact, Defendants continued to claim that the study was still being performed pursuant to the earlier SPA. On November 11, 2008, Defendants announced the results of the study, and subsequently, Defendants issued several more press releases touting different aspects of the results of Study PIX-301. These press releases were materially false and misleading for failing to disclose that the Company had enrolled large numbers of patients in Study PIX-301 who did not suffer aggressive NHL as the study protocol required, and patients taking pixantrone in Study PIX-301 suffered more deaths, serious adverse events, and grade 3-4 adverse events (the most serious categories of patient adverse events) than patients taking the comparator drug.

On February 8, 2010, the FDA posted its analysis of Study PIX-301 in anticipation of a meeting of the FDA's Oncologic Drugs Advisory Committee Meeting to consider the Company's application for pixantrone. That report disclosed for the first time that the SPA for pixantrone had, contrary to Defendants' statements, been invalidated in March of 2008. It also disclosed that the results of Study PIX-301 as reported by Defendants were skewed in favor of pixantrone by the inclusion of patients who did not suffer aggressive NHL as required by the study design. When the FDA excluded those patients from its analysis, the drug performed much worse than Defendants had earlier claimed. The FDA's posting also disclosed the previously-concealed adverse safety data from the study. As a result of these disclosures, on February 8, 2010, the price of Cell's stock dropped 40 percent in one trading day. Subsequently, on March 22, 2010, the FDA panel voted unanimously that Cell's clinical trial

Motion of the CTIC Investor Group to
Consolidate Related Actions; to be Appointed
Lead Plaintiff; and to Approve Proposed
Lead Plaintiff's Choice of Counsel

Zwerling, Schachter & Zwerling, LLP
1904 Third Avenue, Suite 1030
Seattle, WA 98101-1170
Tel.: (206) 223-2053

- 5 -

data was not adequate to support the approval of pixantrone. In response, Cell's stock fell 48 percent.

## ARGUMENT

### I. THE COURT SHOULD CONSOLIDATE THE RELATED ACTIONS

Consolidation pursuant to Rule 42(a) is proper when actions involve common questions of law and fact. *Sw. Marine, Inc. v. Triple a Machine Shop, Inc.*, 720 F. Supp. 805, 806 (N.D. Cal. 1989). Courts have recognized that class action shareholder suits are particularly well suited to consolidation pursuant to Rule 42(a) because unification expedites pretrial proceedings, reduces case duplication, avoids the need to contact parties and witnesses for multiple proceedings, and minimizes the expenditure of time and money for all parties involved. *See In re Equity Funding Corp. of Am. Sec. Litig.*, 416 F. Supp. 161, 176 (C.D. Cal. 1976). The Actions pending before this Court present virtually identical factual and legal issues, alleging substantially the same violations of the federal securities laws against similar defendants. Because these Actions are based on the same facts and subject matter, relevant discovery will pertain to all lawsuits. Thus, consolidation is appropriate here.

### II. THE CTIC INVESTOR GROUP SHOULD BE APPOINTED LEAD PLAINTIFF

#### A. The Procedural Requirements Pursuant to the PSLRA

The PSLRA sets forth a strict, detailed procedure for the selection of the Lead Plaintiff to oversee a securities class action. *See* 15 U.S.C. §78u-4(a)(3); 15 U.S.C. §77z-1(a)(3). First, the plaintiff who files the initial action must, within 20 days of filing the action, publish a notice to the proposed class informing class members of their right to file a motion for appointment as Lead Plaintiff. *See* 15 U.S.C. §78u-4(a)(3)(A)(i); 15 U.S.C. §77z-1(a)(3)(A)(i). Plaintiff in the

Motion of the CTIC Investor Group to
Consolidate Related Actions; to be Appointed
Lead Plaintiff; and to Approve Proposed
Lead Plaintiff's Choice of Counsel

Zwerling, Schachter & Zwerling, LLP
1904 Third Avenue, Suite 1030
Seattle, WA 98101-1170
Tel.: (206) 223-2053

- 6 -

first-filed *Sabbagh* Action published a notice on *Business Wire* on March 12, 2010. *See* Drachler Decl., Exhibit D.[7] This notice indicated that applications for appointment as Lead Plaintiff were to be made no later than 60 days from the date of the press release, which would be May 11, 2010. Within 60 days after publication of the required notice, any member or members of the proposed class may apply to the Court to be appointed as Lead Plaintiff, whether or not they have previously filed a complaint in the action. *See* 15 U.S.C. §78u-4(a)(3)(A) and (B); 15 U.S.C. §77z-1(a)(3)(A) and (B).

Next, the PSLRA requires that within 90 days after publication of the initial notice of pendency of the action, the Court shall appoint as Lead Plaintiff the movant that the Court determines to be the most capable of adequately representing the interests of Class Members. *See* 15 U.S.C. §78u-4(a)(3)(B)(i); 15 U.S.C. §77z-1(a)(3)(B)(i). In making this determination, the statute directs the Court to the following objective criteria:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this title is the person or group of persons that—
>
> > (aa) has either filed the complaint or made a motion in response to a notice . . . .
> >
> > (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
> >
> > (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure [pertaining to class actions].

15 U.S.C. §78u-4(a)(3)(B)(iii)(I); 15 U.S.C. §77z-1(a)(3)(B)(iii)(I).

---

[7] *Business Wire* is a suitable vehicle for meeting the statutory requirement that notice be published "in a widely circulated national business-oriented publication or wire service." *See Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co.*, No. 02-cv-8264, 2004 U.S. Dist. LEXIS 9571, at *20 (S.D.N.Y. May 27, 2004).

Motion of the CTIC Investor Group to
Consolidate Related Actions; to be Appointed
Lead Plaintiff; and to Approve Proposed
Lead Plaintiff's Choice of Counsel

Zwerling, Schachter & Zwerling, LLP
1904 Third Avenue, Suite 1030
Seattle, WA 98101-1170
Tel.: (206) 223-2053

- 7 -

**B.      The CTIC Investor Group Is "The Most Adequate Plaintiff"**

**1.      The CTIC Investor Group Has Complied With the PSLRA and Should Be Appointed Lead Plaintiff**

The CTIC Investor Group moves this Court to be appointed Lead Plaintiff and has timely filed the instant Motion to be appointed Lead Plaintiff within the 60-day time period requirement. The plaintiff in the first-filed action published notice on *Business Wire*, a national business-oriented wire service, on March 12, 2010. Accordingly, the CTIC Investor Group meets the requirements of 15 U.S.C. §78u-4(a)(3)(A) and (B) and 15 U.S.C. §77z-1(a)(3)(A) and (B) and has filed its motion by May 11, 2010.

Moreover, the CTIC Investor Group has sustained a loss of approximately $337,252.65 from its investment in Cell's securities. Further, the members of the CTIC Investor Group have shown their willingness to represent the Class by signing sworn Certifications detailing their investments in Cell during the Class Period and confirming their willingness to discharge the obligations of class representatives in these Actions. *See* Drachler Decl., Exhibit A. Additionally, each member of the CTIC Investor Group has signed a Declaration (*see* Drachler Decl., Exhibit C) demonstrating that they intend to consult with counsel on a regular basis and direct their counsel and the course of the litigation.

Small cohesive groups like the CTIC Investor Group have routinely been appointed as Lead Plaintiff in securities class actions when they have shown the Court their ability to effectively manage the litigation. *Schulman v. Lumenis, Ltd.*, 02 Civ. 1989 (DAB), 2003 U.S. Dist. LEXIS 10348, at *21-22 (S.D.N.Y. June 18, 2003); *Weltz v. Lee*, 199 F.R.D. 129, 133 (S.D.N.Y. 2001); *In re Baan Co. Sec. Litig.*, 186 F.R.D. 214, 217 (D.D.C. 1999); *In re Oxford*

Motion of the CTIC Investor Group to
Consolidate Related Actions; to be Appointed
Lead Plaintiff; and to Approve Proposed
Lead Plaintiff's Choice of Counsel

Zwerling, Schachter & Zwerling, LLP
1904 Third Avenue, Suite 1030
Seattle, WA 98101-1170
Tel.: (206) 223-2053

- 8 -

*Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 44-46 (S.D.N.Y. 1998) (allowing three lead plaintiffs and holding that "the plain language of the PSLRA expressly contemplates the appointment of more than one lead plaintiff"). Thus, to determine whether a putative "group" meets the definition of a "group" under the PSLRA, the court's "singular focus will be whether the asserted group has demonstrated the ability to effectively manage the litigation in the interests of the class and direct the litigation without undue influence of counsel." *In re Versata, Inc. Sec. Litig.*, No. C 01-1439 SI, 2001 U.S. Dist. LEXIS 24270, at *21-22 (N.D. Cal. Aug. 20, 2001); *see also Schonfield v. Dendreon Corp.*, No. C07-800MJP, 2007 U.S. Dist. LEXIS 76816, at *6-7 (W.D. Wash. Oct. 4, 2007). Therefore, the CTIC Investor Group should be appointed Lead Plaintiff in these Actions.

In addition, the CTIC Investor Group has selected and retained highly competent counsel with significant experience in class action and securities litigation to represent the Class. The firm resumes of proposed Lead Counsel, Brower Piven, and proposed Liaison Counsel, Zwerling, LLP, are attached as Exhibits E and F, respectively, to the Drachler Declaration.

### 2. The CTIC Investor Group Has the Largest Financial Interest

According to 15 U.S.C. §78u-4(a)(3)(B)(iii) and 15 U.S.C. §77z-1(a)(3)(B)(iii), the Court shall appoint as Lead Plaintiff the movant who has the largest financial interest in the relief sought by the action. *In re Ride, Inc., Sec. Litig.*, No. C97-402WD, 1997 U.S. Dist. LEXIS 23689, at *4 (W.D. Wash. Aug. 5, 1997). As demonstrated herein, the CTIC Investor Group, with losses of approximately $337,252.65, has the largest known financial interest in the relief sought by the Class. *See* Drachler Decl., Exhibit B.

Motion of the CTIC Investor Group to
Consolidate Related Actions; to be Appointed
Lead Plaintiff; and to Approve Proposed
Lead Plaintiff's Choice of Counsel

Zwerling, Schachter & Zwerling, LLP
1904 Third Avenue, Suite 1030
Seattle, WA 98101-1170
Tel.: (206) 223-2053

- 9 -

### 3. The CTIC Investor Group Satisfies the Requirements of Rule 23

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc); 15 U.S.C. §77z-1(a)(3)(B)(iii)(I)(cc). Rule 23(a) generally requires that the claims of representative parties be typical of the claims of the class and that the representatives will fairly and adequately protect the interests of the class. *See* Fed. R. Civ. P. 23. As detailed below, the CTIC Investor Group satisfies the typicality and adequacy requirements of Rule 23(a).

The test of typicality is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct. *Doral Bank P.R. v. Wamu Asset Acceptance Corp.*, No. C09-1557MJP, 2010 U.S. Dist. LEXIS 37909, at *6-7 (W.D. Wash. Mar. 24, 2010). The threshold typicality and commonality requirements are not high; Rule 23(a) requires only that resolution of the common questions affect all, or a substantial number of, class members. *Slaven v. BP Am., Inc.*, 190 F.R.D. 649, 657 (C.D. Cal. 2000). The adequacy requirement is met if no conflicts exist between the representative and class interests and the representative's attorneys are qualified, experienced and generally able to conduct the litigation. *Richardson v. TVIA, Inc.*, No. 06-06304, 2007 U.S. Dist. LEXIS 28406, at *16 (N.D. Cal. Apr. 16, 2007) (citation omitted).

Here, the CTIC Investor Group meets the typicality and adequacy requirements because, like all other members of the purported Class, it purchased Cell securities during the Class Period in reliance upon Defendants' false and misleading statements and suffered damages thereby.

Motion of the CTIC Investor Group to
Consolidate Related Actions; to be Appointed
Lead Plaintiff; and to Approve Proposed
Lead Plaintiff's Choice of Counsel

Zwerling, Schachter & Zwerling, LLP
1904 Third Avenue, Suite 1030
Seattle, WA 98101-1170
Tel.: (206) 223-2053

Because the CTIC Investor Group's claims are premised on the same legal and remedial theories and are based on the same types of alleged misrepresentations and omissions as the Class' claims, typicality is satisfied. *See In re Surebeam Corp. Sec. Litig.*, No. 03-1721, 2003 U.S. Dist. LEXIS 25022, at *17-20 (S.D. Cal. Jan. 5, 2004). Additionally, the CTIC Investor Group is not subject to any unique defenses and there is no evidence of any conflicts between the CTIC Investor Group and the other Class members. The CTIC Investor Group therefore satisfies the *prima facie* showing of the typicality and adequacy requirements of Rule 23.[8]

### III. THE COURT SHOULD APPROVE THE CTIC INVESTOR GROUP'S CHOICE OF COUNSEL

The PSLRA vests authority in the Lead Plaintiff to select and retain counsel to represent the Class, subject to the Court's approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v); 15 U.S.C. §77z-1(a)(3)(B)(v). Thus, this Court should not disturb the Lead Plaintiff's choice of counsel unless necessary to "protect the interests of the class." *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa); 15 U.S.C. §77z-1(a)(3)(B)(iii)(II)(aa). The CTIC Investor Group has selected Brower Piven and Zwerling, LLP to serve as Lead Counsel and Liaison Counsel, respectfully, for the Class. The firms have not only prosecuted complex securities fraud actions, but have also successfully prosecuted many other types of complex class actions as lead and/or class counsel. *See* Drachler Decl., Exhibits E and F. This Court may be assured that in the event the CTIC Investor Group's

---

[8] Further, the CTIC Investor Group should be appointed to represent all Class members, including purchasers of the securities issued pursuant or traceable to the Company's public offering on or about July 23, 2009. *See Averdick v. Hutchinson Tech., Inc.*, No. 05-2095 (MJD/SRN), 2006 U.S. Dist. LEXIS 47445, at *20 (D. Minn. Feb. 9, 2006) (finding that the "PSLRA does not require a lead plaintiff to have standing to assert all possible claims" and appointing a lead plaintiff to represent both option traders and common stock traders although it only purchased one kind of security); *Aronson v. McKesson HBOC, Inc.*, 79 F. Supp. 2d 1146, 1151 (N.D. Cal. 1999) ("speculations about possible conflicts do not rebut the statutory presumption that one lead plaintiff can vigorously pursue all available causes of action against all possible defendants under all available legal theories.").

| | |
|---|---|
| Motion of the CTIC Investor Group to Consolidate Related Actions; to be Appointed Lead Plaintiff; and to Approve Proposed Lead Plaintiff's Choice of Counsel | Zwerling, Schachter & Zwerling, LLP 1904 Third Avenue, Suite 1030 Seattle, WA 98101-1170 Tel.: (206) 223-2053 |

Motion is granted, the members of the Class will receive the highest caliber of legal representation.

## CONCLUSION

For all of the foregoing reasons, the CTIC Investor Group respectfully requests that this Court enter an order: (1) consolidating all related Actions; (2) appointing the CTIC Investor Group to serve as Lead Plaintiff; (3) approving the CTIC Investor Group's selection of Lead Counsel and Liaison Counsel for the Class; and (4) granting such other and further relief as the Court may deem just and proper.

Dated: May 11, 2010                              Respectfully submitted,

**ZWERLING, SCHACHTER & ZWERLING, LLP**

By:   s/ Dan Drachler
　　　　Dan Drachler (WSBA #27728)
1904 Third Avenue, Suite 1030
Seattle, WA 98101-1170
Tel.: (206) 223-2053
Fax: (206) 343-9636
E-mail: ddrachler@zsz.com

*Counsel for the CTIC Investor Group and Proposed Liaison Counsel for the Class*

**BROWER PIVEN**
  A Professional Corporation
David A.P. Brower
488 Madison Avenue
Eighth Floor
New York, New York 10022
Telephone: (212) 501-9000
Facsimile: (212) 501-0300

Motion of the CTIC Investor Group to
Consolidate Related Actions; to be Appointed
Lead Plaintiff; and to Approve Proposed
Lead Plaintiff's Choice of Counsel

Zwerling, Schachter & Zwerling, LLP
1904 Third Avenue, Suite 1030
Seattle, WA 98101-1170
Tel.: (206) 223-2053

- 12 -

**BROWER PIVEN**
  A Professional Corporation
Charles J. Piven
1925 Old Valley Road
Stevenson, Maryland 21153
Telephone: (410) 332-0030
Facsimile:  (410) 685-1300

*Counsel for the CTIC Investor Group and Proposed Lead Counsel for the Class*

| | |
|---|---|
| Motion of the CTIC Investor Group to Consolidate Related Actions; to be Appointed Lead Plaintiff; and to Approve Proposed Lead Plaintiff's Choice of Counsel | Zwerling, Schachter & Zwerling, LLP<br>1904 Third Avenue, Suite 1030<br>Seattle, WA 98101-1170<br>Tel.: (206) 223-2053 |