THE HONORABLE MARSHA J. PECHMAN

1

2

3

4

5

6

7                          UNITED STATES DISTRICT COURT

8                       WESTERN DISTRICT OF WASHINGTON

9                                  AT SEATTLE

10

| | | |
|---|---|---|
| 11 | CYRIL SABBAGH, Individually and on Behalf of All Others Similarly Situated, ) | No. 2:10-cv-00414-MJP |
| 12 | Plaintiff, ) | CLASS ACTION |
| 13 | vs. ) | |
| 14 | CELL THERAPEUTICS, INC., et al., ) | |
| 15 | Defendants. ) | |
| 16 | ) | |

| | | |
|---|---|---|
| 17 | MICHAEL LAQUIDARI, Individually and on ) Behalf of All Others Similarly Situated, | No. 2:10-cv-00480-MJP |
| 18 | Plaintiff, ) | CLASS ACTION |
| 19 | vs. ) | NOTE ON MOTION CALENDAR: MAY 28, 2010 |
| 20 | CELL THERAPEUTICS, INC., et al., ) | |
| 21 | Defendants. ) | |
| 22 | ) | |

23   [Caption continued on following page.]

24         NOTICE OF MOTION AND MOTION OF THE SHU GROUP FOR CONSOLIDATION OF
          RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF AND FOR APPROVAL OF
25        SELECTION OF COUNSEL AND MEMORANDUM OF LAW IN SUPPORT THEREOF

26

NOTICE OF MOTION AND MOTION FOR
CONSOLIDATION OF RELATED ACTIONS,
APPT AS LEAD PLTF (2:10-cv-00414-MJP)

Hagens Berman Sobol Shapiro LLP
1918 Eighth Ave. Suite 3300
Seattle, Washington, 98101
Telephone: 206/623-7292 • Fax: 206/623-0594

1
2
3
4
5
6
7

WILLIAM SNYDER, Individually and on
Behalf of All Others Similarly Situated,

               Plaintiff,

     vs.

CELL THERAPEUTICS, INC., et al.,

               Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)

No. 2:10-cv-00559-MJP

<u>CLASS ACTION</u>

8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

NOTICE OF MOTION AND MOTION FOR
CONSOLIDATION OF RELATED ACTIONS,
APPT AS LEAD PLTF (No. 2:10-cv-00559-MJP)

Hagens Berman Sobol Shapiro LLP
1918 Eighth Ave. Suite 3300
Seattle, Washington, 98101
Telephone: 206/623-7292 • Fax: 206/623-0594

1    PLEASE TAKE NOTICE that before the Honorable Marsha J. Pechman, United States

2  District Court, Western District of Washington, 700 Stewart Street, Suite 2310, Seattle, WA 98101,

3  proposed lead plaintiff the Shu Group (consisting of Huiyi "Amos" Shu and Vincent Wynne) will,

4  and hereby does, move this Court for an order: (1) consolidating the related actions pursuant to Fed.

5  R. Civ. P. 42(a); (2) appointing the Shu Group as Lead Plaintiff in the above-captioned actions

6  pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4; and

7  (3) approving the Shu Group's selection of Robbins Geller Rudman & Dowd LLP ("Robbins

8  Geller") as Lead Counsel and Hagens Berman Sobol Shapiro LLP ("Hagens Berman") as liaison

9  counsel pursuant to the PSLRA.

10    This Motion is brought on the grounds that the Shu Group meets the requirements of Rule 23

11  of the Federal Rules of Civil Procedure ("Rule 23") because its claims are typical of the class and it

12  will fairly and adequately represent the class. The Shu Group also seeks approval of its choice of

13  lead counsel.

14  **I.    INTRODUCTION**

15    Presently pending in this Court are three securities class action lawsuits (the "Related

16  Actions") brought on behalf of all persons who purchased or otherwise acquired the publicly-traded

17  securities of Cell Therapeutics, Inc. ("CTI" or the "Company") between May 5, 2009 to March 19,

18  2010 (the "Class Period"):

19  | CASE NAME | CASE NUMBER | DATE FILED |
| --- | --- | --- |
| *Sabbagh v. Cell Therapeutics, Inc., et al.* | 2:10-cv-00414-MJP | March 12, 2010 |
| *Laquidari v. Cell Therapeutics, Inc., et al.* | 2:10-cv-00480-MJP | March 19, 2010 |
| *Snyder v. Cell Therapeutics, Inc., et al.* | 2:10-cv-00559-MJP | March 31, 2010 |

23    These Related Actions are brought pursuant to §§10(b) and 20(a) of the Securities Exchange

24  Act of 1934 ("Exchange Act") and Securities and Exchange Commission ("SEC") Rule 10b-5

25  promulgated thereunder, 17 C.F.R. §240.10b-5. Pursuant to the PSLRA, the Court must decide

26  whether to consolidate the Related Actions prior to selecting a plaintiff to lead this litigation on

NOTICE OF MOTION AND MOTION FOR
CONSOLIDATION OF RELATED ACTIONS,
APPT AS LEAD PLTF (No. 2:10-cv-00559-MJP)          - 1 -

1    behalf of the putative class. See 15 U.S.C. §78u-4(a)(3)(B)(ii). As discussed below, the Related

2    Actions should be consolidated pursuant to Rule 42(a) because they each involve similar issues of

3    law and fact.

4          The Shu Group should be appointed as lead plaintiff because it: (1) timely filed for

5    appointment as lead plaintiff; (2) has the largest financial interest in this litigation of any proposed

6    lead plaintiff of which it is aware; and (3) will fairly and adequately represent the interests of the

7    class. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii). In addition, the Shu Group's selection of Robbins Geller

8    to serve as lead counsel and Hagens Berman to serve as liaison counsel should be approved. *See*

9    15 U.S.C. §78u-4(a)(3)(B)(v). Robbins Geller possesses experience in the prosecution of securities

10   class actions and will adequately represent the interests of all class members as lead counsel.

11   **II.    SUMMARY OF PENDING ACTIONS**

12         CTI develops, acquires, and commercializes oncology products for cancer treatment. One of

13   the products that the Company developed is pixantrone, a phase III trial product for non-Hodgkin's

14   lymphoma. CTI describes pixantrone as a "novel topoisomerase II inhibitor with an aza-

15   anthracenedione molecular structure that differentiates it from the anthracyclines and other related

16   chemotherapy agents." The Company represents that pixantrone, unlike other anthracyclines, is not

17   "cardiotoxic."

18         The complaint alleges that, throughout the Class Period, defendants failed to disclose

19   material adverse facts about the Company's business and prospects. Specifically, the complaint

20   alleges that defendants failed to disclose: (a) that the Special Protocol Assessment ("SPA") with the

21   United States Food and Drug Administration ("FDA") for pixantrone was invalidated in March

22   2008; (b) that the Company's pixantrone study enrolled a large number of patients who did not

23   suffer from aggressive non-Hodgkin's lymphoma; (c) that the Company's pixantrone drug was

24   cardiotoxic; and (d) that, as a result of the foregoing, defendants lacked a reasonable basis for their

25   positive statements about pixantrone and its prospects.

26

NOTICE OF MOTION AND MOTION FOR
CONSOLIDATION OF RELATED ACTIONS,
APPT AS LEAD PLTF (No. 2:10-cv-00559-MJP)    - 2 -

Hagens Berman Sobol Shapiro LLP
1918 Eighth Ave. Suite 3300
Seattle, Washington, 98101
Telephone: 206/623-7292 • Fax: 206/623-0594

On February 8, 2010, the FDA posted its assessment of pixantrone in advance of its February 10, 2010 advisory meeting.  With regard to the regulatory history of pixantrone, the FDA Briefing Document stated, among other things, that the Company's SPA was invalidated in March 2008 and that the Company's pixantrone study results were not meeting the FDA's standards for approval.  In response to this statement, CTI stock fell $0.42 per share, or 39%, to close at $0.64 per share.

On March 22, 2010, the FDA panel voted unanimously that CTI's clinical trial data was not adequate to support the approval of pixantrone.  Following this news, the Company's shares declined over 48% in one day to close at $0.47 per share on March 22, 2010.

## III.   ARGUMENT

### A.   This Court Should Consolidate These Related Actions to Promote Efficiency

Consolidation pursuant to Fed. R. Civ. P. 42(a) is proper when actions involve common questions of law and fact.  *Sw. Marine, Inc. v. Triple a Machine Shop, Inc.*, 720 F. Supp. 805, 806 (N.D. Cal. 1989).  This Court has broad discretion under Rule 42(a) to consolidate cases pending within this District.  *Investors Research Co. v. United States Dist. Court for Cent. Dist.*, 877 F.2d 777 (9th Cir. 1989); *Steiner v. Aurora Foods Inc.*, No. C 00-602 CW, 2000 U.S. Dist. LEXIS 20341, at *7 (N.D. Cal. Jun. 5, 2000).

Courts have recognized that class action shareholder suits are particularly well suited to consolidation pursuant to Rule 42(a) because unification expedites pretrial proceedings, reduces case duplication, avoids the need to contact parties and witnesses for multiple proceedings and minimizes the expenditure of time and money for all parties involved.  *See In re Equity Funding Corp. of Am. Sec. Litig.*, 416 F. Supp. 161, 176 (C.D. Cal. 1976).  Consolidating multi-shareholder class action suits simplifies pretrial and discovery motions, class action issues and clerical and administrative management duties.  Consolidation also reduces the confusion and delay that may result from prosecuting related class action cases separately.  *See id*.

The Related Actions pending before this Court present virtually identical factual and legal issues, alleging substantially the same violations of the Exchange Act against similar defendants.

NOTICE OF MOTION AND MOTION FOR
CONSOLIDATION OF RELATED ACTIONS,
APPT AS LEAD PLTF (No. 2:10-cv-00559-MJP)

- 3 -

Hagens Berman Sobol Shapiro LLP
1918 Eighth Ave. Suite 3300
Seattle, Washington, 98101
Telephone: 206/623-7292 • Fax: 206/623-0594

1   Because these Related Actions are based on the same facts and subject matter, relevant discovery

2   will pertain to all lawsuits.  Thus, consolidation is appropriate here.

3       The PSLRA provides, among other things, for consolidation of substantially similar actions.

4   The PSLRA states, in pertinent part:

5           If more than one action on behalf of a class asserting substantially the same
            claim or claims arising under this chapter has been filed, and any party has sought to
6           consolidate those actions for pretrial purposes or for trial, the court shall not make
            the determination [of appointment of lead plaintiff under §21D(a)(3)(B)] until after
7           the decision on the motion to consolidate is rendered.

8   15 U.S.C. §78u-4(a)(3)(B)(ii).

9       Thus, the PSLRA establishes a two-step process for resolving lead plaintiff and consolidation

10  issues where more than one action on behalf of a class asserting substantially the same claims has

11  been filed.  The court "shall" first decide the consolidation issue.  The court shall then decide the

12  lead plaintiff issue "[a]s soon as practicable."  *Id*.

13      The Shu Group respectfully requests that the Court consider consolidation as soon as

14  practicable and consolidate these Related Actions under the lowest case number.  A prompt

15  determination is reasonable and warranted under Rule 42(a), given the common questions of fact and

16  law presented by the Related Actions now pending in this District.  *See, e.g.*, *Steiner*, 2000 U.S. Dist.

17  LEXIS 20341, at *7.

18      **B.    The Shu Group Should Be Appointed Lead Plaintiff**

19      The PSLRA establishes the procedure for appointing a lead plaintiff in each private action

20  arising under the Exchange Act that is brought as a plaintiff class action, pursuant to the Federal

21  Rules of Civil Procedure.  15 U.S.C. §78u-4(a)(3)(B)(i).

22      First, the plaintiff who files the initial action must publish a notice to the class within 20 days

23  of filing the action informing class members of their right to file a motion for appointment as lead

24  plaintiff.  15 U.S.C. §78u-4(a)(3)(A)(i).  Here, the relevant notice was published on *Business Wire*

25  on March 12, 2010.  *See* Declaration of Karl P. Barth in Support of the Shu Group's Motion for

26  Consolidation of Related Actions,  Appointment as Lead Plaintiff and for Approval of Selection of

NOTICE OF MOTION AND MOTION FOR
CONSOLIDATION OF RELATED ACTIONS,
APPT AS LEAD PLTF (No. 2:10-cv-00559-MJP)     - 4 -

Hagens Berman Sobol Shapiro LLP
1918 Eighth Ave. Suite 3300
Seattle, Washington, 98101
Telephone: 206/623-7292 • Fax: 206/623-0594

Counsel ("Barth Decl."), Ex. A.[1]  Within 60 days after publication of the notice, any person or group of persons who are members of the proposed class may apply to the court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action.  15 U.S.C. §78u-4(a)(3)(A)(II).

Second, the PSLRA provides that within 90 days after publication of the notice, the court shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members of the class that the court determines to be most capable of adequately representing the interests of class members.  15 U.S.C. §78u-4(a)(3)(B).  In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this [Act] is the person or group of persons that –
>
> > (aa)    has either filed the complaint or made a motion in response to a notice . . .;
> >
> > (bb)    in the determination of the court, has the largest financial interest in the relief sought by the class; and
> >
> > (cc)    otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I).

**1.    The Shu Group Has Timely Moved for Appointment as Lead Plaintiff**

All class members who are interested in moving for the appointment of lead plaintiff in this matter must do so by May 11, 2010.  15 U.S.C. §78u-4(a)(3)(A)(II).  Pursuant to the provisions of the PSLRA and within the requisite time frame after publication of the required notice (published on

---

[1]    The national news wire services have been recognized as suitable vehicles for meeting the statutory requirement that notice be published "'in a widely circulated national business-oriented publication or wire service.'"  *Greebel v. FTP Software*, 939 F. Supp. 57, 58 (D. Mass. 1996); *see Lax v. First Merchants Acceptance Corp.*, No. 97 C 2715, 1997 U.S. Dist. LEXIS 11866, at *2 (N.D. Ill. Aug. 6, 1997).

Unless otherwise noted, all emphasis is added and citations are omitted.

522846_1

NOTICE OF MOTION AND MOTION FOR
CONSOLIDATION OF RELATED ACTIONS,
APPT AS LEAD PLTF (No. 2:10-cv-00559-MJP)          - 5 -

Hagens Berman Sobol Shapiro LLP
1918 Eighth Ave. Suite 3300
Seattle, Washington, 98101
Telephone: 206/623-7292 • Fax: 206/623-0594

1  March 12, 2010), the Shu Group hereby moves this Court in a timely manner to be appointed lead

2  plaintiff on behalf of all members of the class.

3          The Shu Group has duly signed and filed certifications stating its members have reviewed the

4  allegations of the complaint and are willing to serve as a representative party on behalf of the class.

5  *See* Barth Decl., Ex. B.  In addition, the Shu Group submits with this Motion a joint declaration

6  describing the members of the group and how they will communicate and oversee this litigation

7  going forward.  *See Schonfield v. Dendreon Corp.,* No. C07-800MJP, 2007 U.S. Dist. LEXIS 76816,

8  at *6-*7 (W.D. Wash. Oct. 4, 2007); Barth Decl., Ex. F.

9                 **2.      The Shu Group Has the Requisite Financial Interest in the
                            Relief Sought by the Class**

10

11          During the Class Period the Shu Group suffered losses of approximately $54,000 based on

12  purchases of 96,100 shares of CTI securities at a cost of over $120,000.  *See* Barth Decl., Exs. B, C.

13  Accordingly, upon information and belief, the Shu Group has the largest financial interest in the

14  outcome of this litigation and should be appointed lead plaintiff pursuant to 15 U.S.C. §78u-

15  4(a)(3)(B).

16                 **3.      The Shu Group Otherwise Satisfies Rule 23**

17          According to 15 U.S.C. §78u-4(a)(3)(B)(iii)(cc), in addition to possessing the largest

18  financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the

19  requirements of Rule 23 of the Federal Rules of Civil Procedure."  Rule 23(a) provides that a party

20  may serve as a class representative only if the following four requirements are satisfied: (1) the class

21  is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact

22  common to the class; (3) the claims or defenses of the representative parties are typical of the claims

23  or defenses of the class; and (4) the representative parties will fairly and adequately protect the

24  interests of the class.  Of these four prerequisites, only two – typicality and adequacy – directly

25  address the personal characteristics of the lead plaintiff movant.  Consequently, in deciding a lead

26  plaintiff motion, the court should limit its inquiry to the typicality and adequacy prongs of

NOTICE OF MOTION AND MOTION FOR
CONSOLIDATION OF RELATED ACTIONS,
APPT AS LEAD PLTF (No. 2:10-cv-00559-MJP)

- 6 -

Hagens Berman Sobol Shapiro LLP
1918 Eighth Ave. Suite 3300
Seattle, Washington, 98101
Telephone: 206/623-7292 • Fax: 206/623-0594

1   Rule 23(a), and defer examination of the remaining requirements until a class certification motion is

2   filed. *See In re Cree, Inc., Sec. Litig.*, 219 F.R.D. 369, 372 (M.D.N.C. 2003).

3           Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of

4   those of the class. Typicality exists where the plaintiffs' claims arise from the same series of events

5   and are based on the same legal theories as the claims of all the class members. *See In re Cendant

6   Corp. Litig.*, 264 F.3d 201, 264-65 (3d Cir. 2001). Typicality does not require that there be no

7   factual differences between the class representatives and the class members, because it is the

8   generalized nature of the claims asserted which determines whether the class representatives are

9   typical. *See Priest v. Zayre Corp.*, 118 F.R.D. 552, 555 (D. Mass. 1988) ("'With respect to

10  typicality under Rule 23(a)(3), plaintiffs need not show substantial identity between their claims and

11  those of absent class members, but need only show that their claims arise from the same course of

12  conduct that gave rise to the claims of the absent [class] members.'"). The Court should consider

13  whether movant's circumstances "'are markedly different or . . . the legal theory upon which the

14  claims [of that movant] are based differs from that upon which the claims of other class members

15  will perforce be based.'" *Hassine v. Jeffes*, 846 F.2d 169, 177 (3d Cir. 1988). The requirement that

16  the proposed class representatives' claims be typical of the claims of the class does not mean,

17  however, that the claims must be identical.

18          The Shu Group satisfies the typicality requirement of Rule 23 because, just like all other

19  class members, it: (1) purchased CTI securities during the Class Period at artificially inflated prices;

20  and (2) suffered damages thereby. Thus, the Shu Group's claims are typical of those of other class

21  members since its claims and the claims of other class members arise out of the same course of

22  events.

23          Under Rule 23(a)(4) the representative party must also "fairly and adequately protect the

24  interests of the class." The PSLRA directs the court to limit its inquiry of the movant's adequacy to

25  represent the class to the following: (1) the absence of potential conflict between the proposed lead

26

NOTICE OF MOTION AND MOTION FOR
CONSOLIDATION OF RELATED ACTIONS,
APPT AS LEAD PLTF (No. 2:10-cv-00559-MJP)        - 7 -

Hagens Berman Sobol Shapiro LLP
1918 Eighth Ave. Suite 3300
Seattle, Washington, 98101
Telephone: 206/623-7292 • Fax: 206/623-0594

1    plaintiff and the class members; and (2) the class representatives' choice of counsel who is qualified,

2    experienced and able to vigorously conduct the proposed litigation. *See Cree*, 219 F.R.D. at 372.

3         Here, the Shu Group is an adequate representative of the class because its interests in

4    aggressively pursuing the claims against defendants are clearly aligned with the interests of the

5    members of the class, who similarly suffered losses because of defendants' false statements to the

6    market.  There is no antagonism between the interests of the Shu Group and those of the other

7    members of the class.  In addition, as demonstrated below, the Shu Group's proposed counsel is

8    highly qualified, experienced and able to conduct this complex litigation in a professional manner.

9    Thus, the Shu Group *prima facie* satisfies the commonality, typicality and adequacy requirements of

10   Rule 23 for the purposes of this Motion.

11       **C.      The Shu Group's Selection of Counsel Should Be Approved**

12        Pursuant to 15 U.S.C. §78u-4(a)(3)(B)(v), the lead plaintiff shall, subject to court approval,

13   select and retain counsel to represent the class it seeks to represent.  In that regard, the Shu Group, as

14   the presumptively most adequate plaintiff, has selected Robbins Geller as lead counsel and Hagens

15   Berman as liaison counsel, subject to this Court's approval.  Robbins Geller is a 180-lawyer law firm

16   that is actively engaged in complex litigation emphasizing securities, consumer and antitrust class

17   actions.  Robbins Geller possesses extensive experience litigating securities class actions and has

18   successfully prosecuted numerous securities fraud class actions on behalf of injured investors.  The

19   firm's lawyers have been appointed as lead or co-lead counsel in landmark class actions, including

20   *In re NASDAQ Market-Makers Antitrust Litig.*, 187 F.R.D. 465 (S.D.N.Y. 1998), where plaintiffs'

21   recovery was the largest ever in an antitrust case, and *In re Enron Corp., Sec. Litig.*, 206 F.R.D. 427

22   (S.D. Tex. 2002).  Robbins Geller's securities department includes numerous trial attorneys and

23   many former federal and state prosecutors, and utilizes an extensive group of in-house experts to aid

24   in the prosecution of complex securities issues.  Barth Decl., Ex. D.

25

26

522846_1

NOTICE OF MOTION AND MOTION FOR
CONSOLIDATION OF RELATED ACTIONS,
APPT AS LEAD PLTF (No. 2:10-cv-00559-MJP)          - 8 -

Hagens Berman Sobol Shapiro LLP
1918 Eighth Ave. Suite 3300
Seattle, Washington, 98101
Telephone: 206/623-7292 • Fax: 206/623-0594

1

IV.    **CONCLUSION**

2

      For the foregoing reasons, the Shu Group satisfies the requirements of Rule 23 and all of the

3

PSLRA's prerequisites for appointment as lead plaintiff in this action and should be appointed lead

4

plaintiff pursuant to 15 U.S.C. §78u-4(a)(3)(B).  The Shu Group respectfully requests that this Court:

5

(1) appoint the Shu Group as Lead Plaintiff pursuant to §21D(a)(3)(B); and (3) approve its selection

6

of Robbins Geller as Lead Counsel and Hagens Berman as liaison counsel.

7

DATED:  May 11, 2010                 HAGENS BERMAN SOBOL SHAPIRO LLP
                                    STEVE W. BERMAN

8

                                    KARL P. BARTH

9

10

                                      s/ KARL P. BARTH
                                      KARL P. BARTH

11

12

                                 1918 Eighth Avenue, Suite 3300
                                 Seattle, WA, 98101
                                 Telephone:  206/623-7292

13

                                 206/623-0594 (fax)

14

                                 [Proposed] Liaison Counsel

15

                                 ROBBINS GELLER RUDMAN
                                     & DOWD LLP

16

                                 DENNIS J. HERMAN
                                 SHIRLEY H. HUANG

17

                                 100 Pine Street, Suite 2600

18

                                 San Francisco, CA  94111
                                 Telephone:  415/288-4545

19

                                 415/288-4534 (fax)

20

                                 ROBBINS GELLER RUDMAN
                                     & DOWD LLP

21

                                 DARREN J. ROBBINS
                                 TRICIA L. McCORMICK

22

                                 655 West Broadway, Suite 1900
                                 San Diego, CA  92101

23

                                 Telephone:  619/231-1058
                                 619/231-7423 (fax)

24

                                 [Proposed] Lead Counsel for Plaintiffs

25

26

NOTICE OF MOTION AND MOTION FOR
CONSOLIDATION OF RELATED ACTIONS,
APPT AS LEAD PLTF (No. 2:10-cv-00559-MJP)    - 9 -

Hagens Berman Sobol Shapiro LLP
1918 Eighth Ave. Suite 3300
Seattle, Washington, 98101
Telephone: 206/623-7292 • Fax: 206/623-0594

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

DYER & BERENS LLP
JEFFREY A. BERENS
303 E 17th Avenue
Denver, CO  80203
Telephone:  303/861-1764
303/395-0393 (fax)

Additional Counsel for Plaintiffs

522846_1

NOTICE OF MOTION AND MOTION FOR
CONSOLIDATION OF RELATED ACTIONS,
APPT AS LEAD PLTF (No. 2:10-cv-00559-MJP)    - 10 -

Hagens Berman Sobol Shapiro LLP
1918 Eighth Ave. Suite 3300
Seattle, Washington, 98101
Telephone: 206/623-7292 • Fax: 206/623-0594