The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CYRIL SABBAGH, individually and on behalf of all others similarly situated,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>CELL THERAPEUTICS, INC., DR. JAMES A. BIANCO M.D. and DR. JACK W. SINGER M.D.,<br><br>　　　　　　　Defendants. | Case No. 10-cv-414-MJP<br><br>CLASS ACTION<br><br>MOUSTAFA F. MOUKARIM'S MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF HIS SELECTION OF LEAD AND LIAISON COUNSEL<br><br>NOTE ON MOTION CALENDAR:<br>May 28, 2010<br><br>ORAL ARGUMENT REQUESTED |
| MICHAEL LAQUIDARI, Individually And On Behalf Of All Others Similarly Situated,<br><br>　　　　　　　Plaintiffs,<br><br>　v.<br><br>CELL THERAPEUTICS, INC., JAMES A. BIANCO M.D. and JACK W. SINGER M.D.,<br><br>　　　　　　　Defendants. | Case No. 10-cv-480-MJP |

MOTION FOR CONSOLIDATION
AND TO APPOINT LEAD PLAINTIFF
(CASE NO. 10-CV-414-MJP)
1896745.1

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

| | |
|---|---|
| WILLIAM SNYDER, Individually and On Behalf Of All Others Similarly Situated,<br><br>                    Plaintiff,<br><br>    v.<br><br>CELL THERAPEUTICS, INC., JAMES A. BIANCO, PHILLIP M. NUDELMAN, LOUIS A. BIANCO, JOHN H. BAUER, RICHARD L. LOVE, MARY O. MUNDINGER, JACK W. SINGER, FREDERICK W. TELLING and RODMAN & RENSHAW, LLC,<br><br>                    Defendants. | Case No. 10-cv-559-MJP |

MOTION FOR CONSOLIDATION
AND TO APPOINT LEAD PLAINTIFF
(CASE NO. 10-CV-414-MJP)
1896745.1

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

Moustafa F. Moukarim ("Mr. Moukarim") respectfully moves this Court pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4(a)(3)(B) and 15 U.S.C. §77z-1(a)(3)(B),[1] for an Order: (1) consolidating for all purposes the above-captioned actions (the "Related Actions") pursuant to Fed. R. Civ. P. 42; (2) appointing Mr. Moukarim as lead plaintiff; (3) approving Mr. Moukarim's selection of Barroway Topaz Kessler Meltzer & Check, LLP ("Barroway Topaz") as lead counsel and Keller Rohrback L.L.P ("Keller Rohrback") as liaison counsel; and (4) granting such other relief as the Court may deem just and proper. *See In re Oppenheimer Rochester Funds Group Sec. Litig.*, 2009 U.S. Dist. LEXIS 113555 (D. Colo. 2009). This Motion is made on the grounds that Mr. Moukarim is the "most adequate plaintiff." *See* 15 U.S.C. § 78u-4(a)(3)(B). In support of this Motion, Mr. Moukarim submits herewith the declaration of Juli E. Farris.

## I.  INTRODUCTION

The Related Actions are brought on behalf of all persons who purchased the securities of Cell Therapeutics, Inc. ("Cell Therapeutics" or the "Company") between May 5, 2009 and March 19, 2010, inclusive (the "Class Period").[2] The putative class also includes all person who purchased or otherwise acquired Cell Therapeutics securities pursuant to or traceable to the Company's public offering completed on or about July 23, 2009. The Related Actions allege violations of §§ 10(b) and 20(a) of the Exchange Act and §§ 11, 12(a)(2) and 15 of the Securities Act. Pursuant to the PSLRA, the Related Actions should be consolidated because they involve common issues of law and fact. *See* Fed. R. Civ. P. 42(a). In addition, Mr. Moukarim should be

---

[1] The lead plaintiff provisions of the Securities Act of 1933 (the "Securities Act") and Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the PSLRA, are identical. *See* 15 U.S.C. §77z-1; 15 U.S.C. §78u-4. To avoid duplicative citation, only the lead plaintiff provisions of the Exchange Act are cited herein.

[2] For purposes of this Motion, Mr. Moukarim uses the longest, most comprehensive class period asserted in the Related Actions to calculate his financial interest. *See Miller v. Dyadic Int'l, Inc.*, 2008 U.S. Dist. LEXIS 32271, at *11 (S.D. Fla. 2008).

MOTION FOR CONSOLIDATION
AND TO APPOINT LEAD PLAINTIFF – page 1
(CASE NO. 10-CV-414-MJP)
1896745.1

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

selected as lead plaintiff because, to the best of his knowledge, he has the largest financial interest in the relief sought by the class.[3] *See In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002); *Doral Bank P.R. v. WaMu Asset Acceptance Corp.*, 2010 U.S. Dist. LEXIS 37909, at *5 (W.D. Wash. 2010). In addition, Mr. Moukarim satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") because his claims are typical and he will fairly and adequately represent the class' interests. *See id.* Finally, in accordance with the PSLRA, Mr. Moukarim's selection of lead and liaison counsel should be approved. *See* 15 U.S.C. §78u-4(a)(3)(B)(v).

## II. FACTUAL BACKGROUND

Cell Therapeutics is a biopharmaceutical company focused on developing and commercializing novel agents that seek to improve the safety and efficacy of the existing standard-of-care for chemotherapy. The Company is incorporated under the laws of the state of Washington and maintains its principal office in Seattle. Throughout the Class Period the Company repeatedly made false and misleading statements about the progress of a Phase III clinical study of a drug the Company was developing called "pixantrone" for the treatment of Non-Hodgkin's Lymphoma ("NHL"), as well as other cancers.[4] The study, called PIX-301, was initiated in July of 2007 in the hopes of obtaining regulatory approval of pixantrone from the U.S. Food and Drug Administration ("FDA").

Pixantrone was purportedly being studied pursuant to a special protocol assessment ("SPA") with the FDA. An SPA is a declaration from the FDA that an uncompleted Phase III trial's design, clinical endpoints, and statistical analyses are acceptable for FDA approval. SPAs

---

[3] *See* Declaration of Juli E. Farris in Support of Moustafa F. Moukarim's Motion for Consolidation, Appointment as Lead Plaintiff and Approval of His Selection of Lead and Liaison Counsel ("Farris Decl."), Exhibits ("Exs.") A-C.

[4] Phase III trials are "[e]xpanded controlled and uncontrolled trials after preliminary evidence suggesting effectiveness of the drug has been obtained, and are intended to gather additional information to evaluate the overall benefit-risk relationship of the drug…." http://clinicaltrials.gov/ct2/info/glossary, accessed May 10, 2010.

MOTION FOR CONSOLIDATION
AND TO APPOINT LEAD PLAINTIFF – page 2
(CASE NO. 10-CV-414-MJP)
1896745.1

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

are very important to investors because they serve as a pre-approval for a drug trial by eliminating a major uncertainty with the approval process for drugs.  Namely, the SPA process reduces the chance that a drug could meet the requirements of a drug study and still be denied approval by the FDA.

As detailed in the complaint, Cell Therapeutics touted its involvement in the SPA process in its communications to investors.  For example, in mid-2009 the Company issued a press release declaring that "[t]he pixantrone study received Special Protocol Assessment approval from the FDA in 2004, and pixantrone has received fast track designation for this indication." Similar statements were issued throughout the Class Period.  Cell Therapeutics' statements not only artificially inflated the value of the Company's stock price but they also allowed defendants to sell over 33.7 million shares of common stock (and over 8.4 million warrants to purchase additional shares of common stock) at a price of $1.30 per share, for gross proceeds of approximately $43.9 million in a public offering in July 2009.

However, contrary to the Company's representations, pixantrone was removed from the SPA process after the PIX-301 study prematurely terminated enrollment in March 2008.  The truth about the Company's inability to rely on the SPA process was not disclosed to investors, only emerging nearly two years later on February 8, 2010, when the FDA posted an analysis on its website (the "FDA Report") stating: "On March 28, 2008, [Cell Therapeutics] notified the FDA of an early halt to enrollment for PIX301.  The study was not stopped at a planned interim analysis and *early study stopping invalidated the applicant's Special Protocol Assessment*." (Emphasis added).  The FDA Report establishes that the Company's Class Period statements regarding pixantrone's ability to be approved via an SPA are misleading.  One market commentator responded to the FDA report by questioning, "*[h]ow is Cell Therapeutics going to explain why it lied about having an SPA for the pixantrone study?*"  Cell Therapeutics has also been accused of conducting the study without enrolling a suitable patient population (patients with aggressive NHL) thereby manipulating the true efficacy of pixantrone.

MOTION FOR CONSOLIDATION
AND TO APPOINT LEAD PLAINTIFF – page 3
(CASE NO. 10-CV-414-MJP)
1896745.1

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

The release of the FDA Report led to an immediate decline in the value of Cell Therapeutics' common stock. The Company's shares fell from a closing price of $1.06 per share (as of February 5, 2010) to close at $0.64 per share (as of February 8, 2010), a decline of nearly 40%. Subsequently, on March 22, 2010, the FDA panel voted unanimously that Cell Therapeutics' clinical trial data was not adequate to support the approval of pixantrone. In response, Cell Therapeutics' stock fell 48% from its closing price $0.91 per share (as of March 19, 2010) to close at $0.47 per share (as of March 22, 2010).

## III. ARGUMENT

### A. The Related Actions Should be Consolidated

Between March 12, 2010 and March 31, 2010, three securities class action lawsuits were filed against Cell Therapeutics:

| Abbreviated Case Name | Case No. | Date Filed |
| --- | --- | --- |
| *Sabbagh v. Cell Therapeutics, Inc., et. al.* | 10-cv-414-MJP | 03/12/10 |
| *Laquidari v. Cell Therapeutics, Inc., et. al.* | 10-cv-480-MJP | 03/19/10 |
| *Snyder v. Cell Therapeutics, Inc., et. al.* | 10-cv-559- MJP | 03/31/10 |

Consolidation is appropriate when, as here, all of the Related Actions involve common questions of law or fact. *See Schonfield v. Dendreon Corp.*, 2007 U.S. Dist. LEXIS 76816, at *4 (W.D. Wash. 2007) (citing Fed. R. Civ. P. 42(a)); *Pinkowitz v. Elan Corp., PLC*, 2002 U.S. Dist. LEXIS 14593, at *18-*19 (S.D.N.Y. 2002) (finding consolidation of actions alleging Exchange Act claims with an action alleging Securities Act claims to be proper due to common questions of law and fact). Here, because all of the Related Actions assert similar and overlapping claims arising out of virtually identical facts, the Related Actions should be consolidated.

### B. The PSLRA's Lead Plaintiff Provisions

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant

MOTION FOR CONSOLIDATION
AND TO APPOINT LEAD PLAINTIFF – page 4
(CASE NO. 10-CV-414-MJP)
1896745.1

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1). First, the plaintiff who files the initial action must publish a notice to the class within twenty days, informing class members of their right to file a motion for appointment as lead plaintiff. *See* 15 U.S.C. §78u-4(a)(3)(A)(i). Here, in connection with the filing of the first-filed action, notice was published on *Business Wire* on March 12, 2010. *See* Farris Decl., Ex. C. Within sixty days of the publication of notice, any person who is a member of the proposed class may apply to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. *See* 15 U.S.C. §78u-4(a)(3)(A)(i)(II).

Second, the PSLRA provides that within ninety days after publication of notice, courts shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members of the class that the court determines to be most capable of adequately representing the interests of class members. *See* 15 U.S.C. §78u-4(a)(3)(B)(i). In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this [Act] is the person or group of persons that –
> 
> (aa)   has either filed the complaint or made a motion in response to a notice…;
> 
> (bb)   in the determination of the court, has the largest financial interest in the relief sought by the class; and
> 
> (cc)   otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii) (emphasis added); *Cavanaugh*, 306 F.3d at 729-30.

The time period in which class members may move to be appointed lead plaintiff in this case expires on May 11, 2010. *See* 15 U.S.C. §78u-4(a)(3)(A)-(B). Pursuant to the PSLRA's provisions, and within the requisite time frame after publication of the required notice, Mr. Moukarim has timely moved this Court to be appointed lead plaintiff on behalf of all members of the class. *See Dendreon*, 2007 U.S. Dist. LEXIS 76816, at *8-*9. In addition, Mr. Moukarim has selected and retained counsel experienced in the prosecution of securities class actions to

MOTION FOR CONSOLIDATION
AND TO APPOINT LEAD PLAINTIFF – page 5
(CASE NO. 10-CV-414-MJP)
1896745.1

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

represent him and the class. *See* Farris Decl., Exs. E-F. Accordingly, Mr. Moukarim satisfies the PSLRA's filing requirements and is entitled to have his application for appointment as lead plaintiff considered by the Court.

### C. Mr. Moukarim is the "Most Adequate Plaintiff"

#### 1. Mr. Moukarim Has the Largest Financial Interest in the Relief Sought by the Class

Mr. Moukarim lost approximately $91,000 in connection with his purchases of Cell Therapeutics securities during the Class Period. To the best of his knowledge, this represents the largest known financial interest in the relief sought by the class. *See Cavanaugh*, 306 F.3d at 730-32; *Dendreon*, 2007 U.S. Dist. LEXIS 76816, at *9.

#### 2. Mr. Moukarim Satisfies Rule 23

In addition to possessing the largest financial interest, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). While the PSLRA requires that a lead plaintiff meet the requirements of Rule 23(a), at this stage of the litigation, only a preliminary showing is required with respect to typicality and adequacy. *See Dendreon*, 2007 U.S. Dist. LEXIS 76816, at *10 (citing *Cavanaugh*, 306 F.3d at 730 n.5). Consequently, in deciding motions for appointment of lead plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for class certification. *See id.*

##### a. Mr. Moukarim is Typical

Under Rule 23(a)(3), the claims or defenses of the representative party must be typical of those of the class. The test of typicality "'is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'" *Hanon v.*

MOTION FOR CONSOLIDATION
AND TO APPOINT LEAD PLAINTIFF – page 6
(CASE NO. 10-CV-414-MJP)
1896745.1

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

*Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992). However, the claims of the lead plaintiff need not be identical to the claims of the class to satisfy typicality. *Id.*

Here, Mr. Moukarim's claims are typical because, just like all other class members, he: (1) purchased or acquired Cell Therapeutics securities during the Class Period; (2) purchased Cell Therapeutics securities in reliance upon the alleged materially false and misleading statements issued by defendants; and (3) suffered damages thereby. *See id.* Thus, Mr. Moukarim's claims are typical of those of other class members because his claims and the claims of other class members arise out of the same course of events. *See* 7 Herbert Newberg & Alba Conte, Newberg on Class Actions §22.24, at 107-08 (4th ed. 2002) ("[t]he majority of class action decisions support the view that when it is alleged that the same unlawful conduct was directed at or affected both the named plaintiff and the class sought to be represented, the typicality requirement is met").

### b. Mr. Moukarim is Adequate

Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class." The adequacy requirement is met when "(1) the proposed lead plaintiff's interests are in common with, and not antagonistic to, those of the class; and (2) proposed lead plaintiff's counsel are qualified, experienced and generally able to conduct the litigation." *Dendreon*, 2007 U.S. Dist. LEXIS 76816, at *11. Here, Mr. Moukarim is adequate because his interests are aligned with the interests of the class as both suffered from artificial inflation of the price of Cell Therapeutics securities and would benefit from the same relief. Additionally, there is no evidence of antagonism between Mr. Moukarim and the class, and he has certified his willingness to serve as a representative of the class. *See* Farris Decl., Ex. A.

Because Mr. Moukarim suffered substantial losses as a result of his Class Period purchases of Cell Therapeutics securities, he is committed to vigorously prosecuting this litigation and maximizing the recovery for the class. *See* Farris Decl., Ex. B. Moreover, as shown below, Mr. Moukarim has retained highly qualified, experienced counsel that are able to

MOTION FOR CONSOLIDATION
AND TO APPOINT LEAD PLAINTIFF – page 7
(CASE NO. 10-CV-414-MJP)
1896745.1

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

conduct this complex litigation in a professional manner. Thus, for the purposes of this Motion, Mr. Moukarim satisfies the typicality and adequacy requirements of Rule 23.

## IV. THE COURT SHOULD APPROVE MR. MOUKARIM'S CHOICE OF COUNSEL

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the Court's approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should not disturb lead plaintiff's choice of counsel unless it is necessary to "protect the interests of the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa); *see also Cavanaugh*, 306 F.3d at 734. Mr. Moukarim has selected Barroway Topaz as lead counsel and Keller Rohrback as liaison counsel for the class. Both firms are actively engaged in complex litigation and have successfully prosecuted numerous securities fraud class actions on behalf of injured investors. *See* Farris Decl., Exs. E-F. Thus, the Court may be assured that in the event this Motion is granted, the members of the class will receive the highest caliber of legal representation available from Barroway Topaz and Keller Rohrback. Accordingly, the Court should approve Mr. Moukarim's selection of lead counsel and liaison counsel.

## V. CONCLUSION

For the foregoing reasons, Mr. Moukarim respectfully requests that the Court: (1) consolidate the Related Actions pursuant to Fed. R. Civ. P. 42(a); (2) appoint Mr. Moukarim as lead plaintiff; and (3) approve his selection of Barroway Topaz as lead counsel and Keller Rohrback as liaison counsel.

Dated: May 11, 2010

Respectfully submitted,

KELLER ROHRBACK L.L.P.

By: /s/ Juli E. Farris
Juli E. Farris, WSBA #17593
Lynn Lincoln Sarko, WSBA #16569
Keller Rohrback L.L.P.
1201 Third Avenue, Suite 3200

MOTION FOR CONSOLIDATION
AND TO APPOINT LEAD PLAINTIFF – page 8
(CASE NO. 10-CV-414-MJP)
1896745.1

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1
2                              Seattle, WA 98101-3052
                               Telephone:(206) 623-1900
                               Facsimile: (206) 623-3384
3
                               *Proposed Liaison Counsel*
4
                               BARROWAY TOPAZ KESSLER
5                              MELTZER & CHECK, LLP
                               Ramzi Abadou
6                              Nichole Browning
                               Erik D. Peterson
7                              580 California Street, Suite 1750
                               San Francisco, CA 94104
8                              Telephone:  (415) 400-3000
                               Facsimile:  (415) 400-3001
9
10                             -and-

11                             Sean M. Handler
                               Naumon A. Amjed
12                             280 King of Prussia Road
                               Radnor, PA 19087
13                             Telephone:  (610) 667-7706
                               Facsimile:  (610) 667-7056
14
15                             *Proposed Lead Counsel*

16
17
18
19
20
21
22
23
24
25
26

MOTION FOR CONSOLIDATION
AND TO APPOINT LEAD PLAINTIFF – page 9
(CASE NO. 10-CV-414-MJP)
1896745.1

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

**CERTIFICATE OF SERVICE**

I hereby certify that on May 11, 2010, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of filing to the CM/ECF participants listed below:

Steve W. Berman
Karl P. Barth
**Hagens Berman Sobol Shapiro LLP**
1918 Eight Ave., Ste. 3300
Seattle, WA 98101
steve@hbsslaw.com
karlb@hbsslaw.com
**Attorneys for Plaintiff Cyril Sabbagh**

David A. Rosenfeld
**Robbins Geller Rudman & Dowd LLP**
58 S. Service Rd., Ste. 200
Melville, NY 11747
drosenfeld@rgrdlaw.com
**Attorney for Plaintiff Cyril Sabbagh**

Amy Longo
Seth Aronson
**O'Melveny & Myers LLC**
400 S. Hope St.
Los Angeles, CA 90071
alongo@omm.com
saronson@omm.com
**Attorneys for Defendants**

Bruce E. Larson
Walter E. Barton
Karr Tuttle Campbell
1201 Third Ave., Ste. 2900
Seattle, WA 98101
blarson@karrtuttle.com
gbarton@karrtuttle.com
**Attorneys for Defendants**

Jeffrey C. Grant
Aoki Sakamoto Grant LLP
One Convention Place, Ste. 1525
701 Pike St.
Seattle, WA 98101
jeffrey@aoki-sakamoto.com
**Attorney for Plaintiff Michael Laquidari**

MOTION FOR CONSOLIDATION
AND TO APPOINT LEAD PLAINTIFF – page 10
(CASE NO. 10-CV-414-MJP)
1896745.1

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

I further certify that I have mailed, by United States Postal Service, the foregoing document to the non-CM/ECF participants listed below:

Jeffrey A. Berens
**Dyer & Berens LLP**
682 Grant Street
Denver, CO 80203
**Attorney for Plaintiff Cyril Sabbagh**

Corey D. Holzer
Michael I. Fistel, Jr.
**Holzer, Holzer & Fistel, LLC**
200 Ashford Center North, Ste. 300
Atlanta, GA 30338
**Attorneys for Plaintiff Cyril Sabbagh**

Lionel Z. Glancy
Michael Goldberg
**Glancy Binkow & Goldberg LLP**
1801 Avenue of the Stars, Ste. 311
Los Angeles, CA 90067
**Attorney for Plaintiff Michael Laquidari**

Howard G. Smith
**Law Offices of Howard G. Smith**
3070 Bristol Pike, Ste. 112
Bensalem, PA 19020
**Attorney for Plaintiff Michael Laquidari**

/s/ Juli E. Farris
Juli E. Farris

MOTION FOR CONSOLIDATION
AND TO APPOINT LEAD PLAINTIFF – page 11
(CASE NO. 10-CV-414-MJP)
1896745.1

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384