1

2                        UNITED STATES DISTRICT COURT
                        WESTERN DISTRICT OF WASHINGTON
3                                 AT SEATTLE

4   CYRIL SABBAGH, Individually and on Behalf
    of All Others Similarly Situated,                    ORDER ON MOTIONS FOR
5                                                        CONSOLIDATION AND
                                                         APPOINTMENT OF LEAD
6                        Plaintiff(s),                   PLAINTIFF AND APPROVAL OF
                                                         LEAD COUNSEL
7           v.

8   CELL THERAPEUTICS, INC., DR. JAMES A
    BIANCO M.D. and DR. JACK W. SINGER,
9   M.D.,                                                NO. C10-414MJP

10                       Defendant(s).

11  _____

12  MICHAEL LAQUIDARI, Individually and on
    Behalf of All Others Similarly Situated,
13
                         Plaintiffs,                     NO. C10-480MJP
14
            v.
15
    CELL THERAPEUTICS, INC., DR. JAMES A
16  BIANCO M.D. and DR. JACK W. SINGER,
    M.D.,
17
                         Defendants.
18
    *[Captions continued on next page]*
19

20

21

22

23

24

25

26  **ORDER ON MOTIONS RE:**
    **CONSOLIDATN & LEAD PLTF - 1**

1

2   WILLIAM SNYDER, Individually and on Behalf
    of All Others Similarly Situated,
3

4                           Plaintiff(s),

5       v.                                          NO. C10-559MJP

6   CELL THERAPEUTICS, INC., JAMES A
    BIANCO, PHILLIP M. NUDELMAN, LOUIS
7   A. BIANCE, JOHN H. BAUER, RICHARD L.
    LOVE, MARY O. MUNDINGER, JACK W.
8   SINGER, FREDERICK W. TELLING and
    RODMAN & RENSHAW LLC,
9

                            Defendant(s).
10

11          The above-entitled Court, having received and reviewed

12      [**In Case No. C10-414**]

13      1.      Motion of Yangjin Kim for Consolidation of Related Actions, Appointment as Lead

14              Plaintiff and Aproval of Lead Counsel (Dkt. No. 17); Memorandum of Law in Further

15              Support of the CTIC Investor Group's Motion to Be Appointed Lead Plaintiff (Dkt.

16              No. 41); and Moustafa F. Moukarim's Consolidated Opposition to All Other Motions

17              for Appointment as Lead Plaintiff and for Approval of Lead Plaintiff's Selection of

18              Lead Counsel (Dkt. No. 42);

19      2.      Motion of the CTIC Investor Group to Consolidate Related Actions; To Be Appointed

20              Lead Plaintiff; and to Approve Proposed Lead Plaintiff's Choice of Counsel (Dkt. No.

21              19); Memorandum of Law in Further Support of the CTIC Investor Group's Motion to

22              Be Appointed Lead Plaintiff (Dkt. No. 41); and Moustafa F. Moukarim's Consolidated

23              Opposition to All Other Motions for Appointment as Lead Plaintiff and for Approval

24              of Lead Plaintiff's Selection of Lead Counsel (Dkt. No. 42); Reply Memorandum of

25

26      **ORDER ON MOTIONS RE:**
        **CONSOLIDATN & LEAD PLTF - 2**

1    Law in Further Support of the CTIC Investor Group's Motion to Be Appointed Lead

2    Plaintiff (Dkt. No. 44);

3        3.     Motion of the Shu Group for Consolidation of Related Actions, Appointment as Lead

4    Plaintiff and for Approval of Selection of Counsel (Dkt. No. 21); Memorandum of

5    Law in Further Support of the CTIC Investor Group's Motion to Be Appointed Lead

6    Plaintiff (Dkt. No. 41); and Moustafa F. Moukarim's Consolidated Opposition to All

7    Other Motions for Appointment as Lead Plaintiff and for Approval of Lead Plaintiff's

8    Selection of Lead Counsel (Dkt. No. 42);

9        4.     Moustafa F. Moukarim's Motion for Consolidation, Appointment as Lead Plaintiff

10    and Approval of His Selection of Lead and Liaison Counsel (Dkt. No. 25);

11    Memorandum of Law in Further Support of the CTIC Investor Group's Motion to Be

12    Appointed Lead Plaintiff (Dkt. No. 41); Moustafa F. Moukarim's Reply in Further

13    Support of His Motion for Consolidation, Appointment as Lead Plaintiff and Approval

14    of His Selection of Lead and Liaison Counsel (Dkt. No. 43);

15    **[In Case No. C10-480]**

16        5.     Motion of the CTIC Investor Group to Consolidate Related Actions; To Be Appointed

17    Lead Plaintiff; and to Approve Proposed Lead Plaintiff's Choice of Counsel (Dkt. No.

18    10); Memorandum of Law in Further Support of the CTIC Investor Group's Motion to

19    Be Appointed Lead Plaintiff (Dkt. No. 18); Reply Memorandum of Law in Further

20    Support of the CTIC Investor Group's Motion to Be Appointed Lead Plaintiff (Dkt.

21    No. 19);

22

23

24

25

26    **ORDER ON MOTIONS RE:**
       **CONSOLIDATN & LEAD PLTF - 3**

1    [**In Case No. C10-559**]

2        6.        Motion of the CTIC Investor Group to Consolidate Related Actions; To Be Appointed

3              Lead Plaintiff; and to Approve Proposed Lead Plaintiff's Choice of Counsel (Dkt. No.

4              20); Memorandum of Law in Further Support of the CTIC Investor Group's Motion to

5              Be Appointed Lead Plaintiff (Dkt. No. 35); Reply Memorandum of Law in Further

6              Support of the CTIC Investor Group's Motion to Be Appointed Lead Plaintiff (Dkt.

7              No. 36);

8    and all attached declarations and exhibits, makes the following ruling:

9        IT IS ORDERED that

10       1.    The above-entitled matters are consolidated for all purposes, including pretrial

11   proceedings and trial; every pleading in these consolidated actions shall bear the following caption:

12

13                        UNITED STATES DISTRICT COURT
                        WESTERN DISTRICT OF WASHINGTON
14                                AT SEATTLE

15

16   In re CELL THERAPEUTICS, INC.        Master Docket No. C10-414MJP

17   CLASS ACTION LITIGATION              (consolidated with Nos. C10-480MJP and C10-559MJP)

18   _____

19
     This Document Relates To:
20   _____

21       2.    When a pleading or other court paper filed in the consolidated action is intended to apply

22   to all actions, the words "All Actions" shall appear immediately after the words "This Document

23   Relates To:" in the above caption.  When a pleading or other court paper is intended to be applicable

24   only to one, to some, but not all of such actions, the party filing the document shall indicate the

25

26   **ORDER ON MOTIONS RE:**
     **CONSOLIDATN & LEAD PLTF - 4**

1 | action(s) to which the document is intended to be applicable by last name of the named plaintiff(s)

2 | and the docket number(s).

3 |       3.    The files of these consolidated actions shall be maintained in one file under Master

4 | Docket No. C10-414MJP.

5 |       4.    All counsel who have been granted *pro hac vice* admission in any one of these

6 | consolidated actions shall be deemed to be admitted *pro hac vice*, without further filings, in Master

7 | Docket C10-414MJP.

8 |       IT IS FURTHER ORDERED that the CTIC Investor Group is appointed as the Lead Plaintiff

9 | in this action, and that Brower Piven and Zwerling, Schachter & Zwerling LLP are appointed to serve

10 | as Lead Counsel and Liaison Counsel, respectively, in this matter.

11 | **Background**

12 |       The above-entitled actions allege substantially identical claims of misrepresentation and loss

13 | surrounding certain activities of Defendant Cell Therapeutics, Inc. ("CTI") and its representatives.

14 | The Court does not find it necessary at this time to recount the allegations – it is enough for purposes

15 | of this order to take notice that the claims are substantially similar and are being made by nearly

16 | identical classes of CTI securities purchasers.

17 |       The first of these actions (the Sabbagh Action) was filed on March 12, 2010.  Two additional

18 | lawsuits (the Laquidari Action and the Snyder Action) were filed later; they are essentially identical,

19 | except the Snyder Action added allegations on behalf of purchasers of CTI securities pursuant or

20 | traceable to Defendant's public offering on or about July 23, 2009.   In keeping with the requirements

21 | of 15 U.S.C. §78u-4(a)(3)(A)(i) and 15 U.S.C. §77z-1(a)(3)(A)(i), publication of the first notice of a

22 | class action against Defendants was made on Business Wire (a nationally-distributed business wire

23 | service) and members of the proposed class were advised of their right to petition for appointment as

24 | Lead Plaintiff no later than 60 days from the notice date.  See Drachler Decl., Ex. D.

25 |

26 | **ORDER ON MOTIONS RE:**
**CONSOLIDATN & LEAD PLTF - 5**

1    Motions for consolidation and appointment as Lead Plaintiff were timely filed by the

2    following:

3        1.    Yangjin Kim

4        2.    The CTIC Investor Group

5        3.    The Shu Group

6        4.    Moustafa F. Moukarim

7                                        **Discussion**

8    Consolidation

9        FRCP 42(a) permits consolidation when the actions present "a common question of law or

10   fact." All the proposed Lead Plaintiffs in the above-entitled matters agree that all the cases present

11   nearly identical factual and legal issues, with similarly-situated shareholders alleging the same

12   violations of federal securities laws against the same defendants during substantially the same period

13   of time.

14       Under these circumstances, the Court finds consolidation of all cases warranted and will so

15   order. Under the Private Securities Litigation Reform Act ("PSLRA"), Securities Exchange Act § 21

16   (15 U.S.C. §78a *et seq.*), this order of consolidation is a prerequisite to the designation of Lead

17   Plaintiff and Lead Counsel.

18       If more than one action on behalf of a class asserting substantially the same claim
         or claims arising under this title has been filed, and any party has sought to consolidate
19       those actions for pretrial purposes or for trial, the court shall not make the determination
         [of appointment of Lead Plaintiff under § 21D(a)(3)B)(i)] until after the decision on
20       the motion to consolidate has been rendered.

21   15 U.S.C. § 78U-4(a)(3)(b)(ii). "As soon as practicable" after the consolidation decision has been

22   reached, the Court is encouraged to resolve the Lead Plaintiff issue. Id.

23

24

25

26   **ORDER ON MOTIONS RE:**
     **CONSOLIDATN & LEAD PLTF - 6**

1  Lead Plaintiff

2       The PSLRA has formalized the procedure for selection of the Lead Plaintiff in a securities

3  class action.  <u>See</u> 15 U.S.C. §78u-4(a)(3), 15 U.S.C. §77z–1(a)(3).  The first step requires the plaintiff

4  filing the first action, within 20 days of filing that lawsuit, to publish a notice to the proposed class

5  informing potential class members of their right to move for appointment as Lead Plaintiff.  15

6  U.S.C. §78u-4(a)(3)(A)(i), 15 U.S.C. §77z–1(a)(3)(A)(i).  That has been accomplished.  <u>See</u> Drachler

7  Decl., *supra*.  The PSLRA further requires the Court to "appoint as lead plaintiff the member or

8  members of the purported class that the court determines to be most capable of adequately

9  representing the interests of the class members[.]" 15 U.S.C. § 78U-4(a)(3)(b)(i).  The language of

10  the statute implies that groups as well as individuals can act as Lead Plaintiff.

11       Currently before the Court are four motions – two by individuals (Yangjin Kim and Moustafa

12  Moukarim) and two by investor groups (the Shu Group and the CTIC Investor Group) – requesting

13  appointment as Lead Plaintiff.  The PSLRA directs that the Court consider the following criteria in

14  making the determination of who will most adequately represent the interests of the class members:

15      [T]he court shall adopt a presumption that the most adequate plaintiff in any private action
    arising under this title is the person or group of persons that –

16

17          (aa) has either filed the complaint or made a motion in response to a notice. . .

18          (bb) in the determination of the court, has the largest financial interest in the relief
            sought by the class; and

19          (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil
            Procedure (pertaining to class actions].

20

21  15 U.S.C. §78u-4(a)(3)(B)(iii)(I), 15 U.S.C. §77z–1(a)(3)(B)(iii)(I).

22       The Court is satisfied that all the Lead Plaintiff applicants satisfy the first criteria in that they

23  timely filed a motion requesting appointment within the statutory period provided for in the PSLRA.

24  Turning to the second criteria, the financial interests of the respective applicants (in terms of the

25  claimed losses from the alleged violations of securities law of the defendants) are stated as:

26  **ORDER ON MOTIONS RE:**
**CONSOLIDATN & LEAD PLTF - 7**

| Applicant | Claimed Loss |
|---|---|
| The Shu Group | $53,557.52 |
| Yangjin Kim | $71,381.00 |
| Moustafa Moukarim | $91,797.52 |
| The CTIC Investor Group | $337,252.65 |

The Court notes that, following the filing of their initial motions for appointment as Lead Plaintiff, neither the Shu Group nor Mr. Kim filed any responsive pleadings to the motions of the other interested parties, nor further pleadings on their own behalf. Since it is clear that neither of these applicants possesses the largest financial interest in the relief sought by the class, the analysis from this point forward will be confined to the requests of Mr. Moukarim and the CTIC Investor Group.

Neither of the remaining parties challenged the other's assertion or calculation of loss, nor does either applicant assert that the other's claims are not typical of the class – the Court finds that the "typicality" aspect of the FRCP 23 requirements is met by both prospective applicants. Mr. Moukarim, however, launched a vigorous challenge to the appointment of the CTIC Investor Group, a challenge addressed to the group's "adequacy" to represent the interests of the class.

Despite the clear intent of the statutory scheme that a "group of persons" may be appointed to the Lead Plaintiff role, no other aspect of the appointment process has generated more controversy (and more inconsistent methodologies) than consideration of the adequacy of groups to serve as Lead Plaintiff. While the Ninth Circuit has left it to the district courts to decide whether a group of class members can aggregate their losses for purposes of qualifying as a lead plaintiff (In re Cavanaugh, 306 F.3d 726, 731 n. 8 (9th Cir. 2002)), the current state of the law reflects "widespread disagreement amongst district courts regarding this issue. . . [D]istrict courts across the country. . .

**ORDER ON MOTIONS RE:**
**CONSOLIDATN & LEAD PLTF - 8**

have made irreconcilable conclusions based on similar facts."  Eichenholtz v. Verifone Holdings, Inc. (2008 WL 3925289 at *8 (N.D. Cal.)).

The danger which most courts addressing this issue have sought to avoid is the specter of unrelated groups of investors, (1) assembled by lawyers for the purpose of aggregating their losses to give them "the largest financial interest" among the lead plaintiff candidates and then (2) getting out of the way so that the lawyers can direct the litigation in a manner presumably not in the best interests of the class.   The trend in recent years, however, seems to be away from a blanket prohibition against "lead plaintiff groups" with no pre-existing relationship:

> [Although] appointing a group of unrelated investors undercuts the primary purpose of the PSLRA. . . a pre-existing relationship between entities that comprise a group is not required if the resulting group is small and cohesive enough such that it can adequately control and oversee the litigation.

Id. (citations omitted)

The concerns raised by Mr. Moukarim echo the reservations expressed by a variety of district courts concerning the dangers of "lawyer-driven" lead plaintiff groups.  This Court recognizes those dangers, but does not find them at issue in the application of the CTIC Investor Group for Lead Plaintiff position in this consolidated litigation.

Mr. Moukarim argues that "the CTIC Investor Group has failed to explain and justify its composition.  It has not explained how and when the group was formed or whether its members have any pre-existing relationships."  Moukarim Consolidated Opp'n, p. 4.  Mr. Moukarim is correct about the lack of "history" or "pre-existing relationship" among the Investor Group — as one Ninth Circuit district court noted:

> [M]ost investors in a publicly traded company are strangers to each other, who invest their money anonymously and autonomously.  Limiting the potential pool of lead plaintiffs to those with a pre-litigation relationship would foreclose the great majority of investors, who are willing and able to come together, to pursue a securities class action.  In re Versata, Inc. Securities Litigation, 2001 WL 34012374 at *6 (N.D. Cal.).

**ORDER ON MOTIONS RE:**
**CONSOLIDATN & LEAD PLTF - 9**

1   But his conclusion – that, because of their lack of a pre-existing relationship, "this group is not the

2   type contemplated by the PSLRA" (Id.) – is not even supported by the cases which he cites in his

3   own behalf.

4        Schriver v. Impac Mortgage Holdings, Inc., et al. (2006 U.S. Dist. LEXIS 40607, C.D. Cal.) –

5   cited by Mr. Moukarim for its language regarding an applicant group's failure to explain "why its

6   members combined into [a] group[] in the first place" (Id. at *25) – aligns itself with the recent trend

7   in this area in finding that groups of unrelated investors (1) are "not per se impermissible lead

8   plaintiffs under the PSLRA," but (2) will not be deemed adequate class representatives "absent a

9   showing that they are able to coordinate their efforts in the litigation." Id.

10       Likewise, the efforts of the group in In re Microstrategy Inc. Securities Litigation (110

11  F.Supp.2d 427 (E.D. Va. 2000)) were faulted for the group's "failure to present evidence with respect

12  to its formation, its operational structure, or whether the members of the group had ever

13  communicated with one another about their roles." Id. at 437.  This is not the case with the CTIC

14  Investor Group, who have presented detailed evidence covering all these topics.  The Schriver and

15  Microstrategy groups' applications were further tainted by their request to retain multiple law firms

16  as lead counsel; again, a situation which the application of the CTIC Investor Group does not present.

17       Mr. Moukarim's entire objection to the CTIC Investor Group's application is built around a

18  series of cases which are unified by their common concern that the applicant groups have not

19  demonstrated their ability, willingness and mechanism for directing the litigation and acting as

20  zealous advocates for the class (as opposed to passive pawns of their attorneys).  The concerns have

21  been expressed variously as failure "to provide meaningful information about [their] identity. . . [or]

22  volunteer anything more than conclusory assertions about its competence to manage this case"

23  (Switzenbaun v. Orbital Sciences Corp., 187 F.R.D. 246, 250 (1999)); "[o]rganizing disparate

24  combinations of shareholders for the purpose of aggregating the 'most damage'" (Stengle v.

25

26  **ORDER ON MOTIONS RE:**
    **CONSOLIDATN & LEAD PLTF - 10**

American Italian Pasta Co., 2005 U.S. Dist. LEXIS 43816 at *14); "[a]ggregating solely for the purpose of creating a group that would have the 'largest financial interest in the relief sought by the class'" (Wenderhold v. Cylink Corp., 188 F.R.D. 577, 586 (N.D. Cal. 1999)); submitting nothing more than a declaration of counsel (Ross v. Abercrombie & Fitch Co., 2007 U.S. Dist. LEXIS 24903 at *7 (S.D. Ohio)); inability of the group "to demonstrate how they intend to coordinate their efforts in this litigation." These are legitimate concerns which are not in evidence in this matter.

This Court has previously observed that "courts have long been wary of artificially-constructed 'plaintiff groups' which assemble for no purpose other than qualifying as lead plaintiff" (Schonfeld v. Dendreon Corp., 2007 U.S. Dist. LEXIS 76816 at *6 -*7 (W.D. Wash. 2007)), and thus has joined in interposing (for proposed groups with no pre-litigation connection) a requirement for additional information:

> Such information should include descriptions of its members, including any pre-existing relationships among them; an explanation of how it was formed and how its members would function collectively; and a description of the mechanism that its members and the proposed lead counsel have established to communicate with one another about the litigation. If the proposed group fails to explain and justify its composition and structure to the court's satisfaction, its motion should be denied or modified as the court sees fit.

Dendreon at *6 (quoting In re Networks Assocs., Inc., Sec. Litig., 76 F.Supp.2d 1017, 1026 (N.D. Cal. 1999)).

The Court finds that the members of the CTIC Investor Group have done exactly that. Each of the three members of the proposed Lead Plaintiff group (Dr. Satish Shah, David Gipson and Xavian L. Draper) have submitted sworn declarations detailing their investments in CTI's securities during the class period and demonstrating their willingness to represent the class. See Drachler Decl., Ex. C. The declarations detail their backgrounds, investment experience, their willingness and agreement to act as a cohesive group, their intention to regularly consult with each other regarding the conduct of this lawsuit, their process for sharing information and decision-making, how decisions will be made between them and how their counsel will be overseen. They have agreed upon a

**ORDER ON MOTIONS RE:**
**CONSOLIDATN & LEAD PLTF - 11**

spokesperson (Dr. Shah) who will, should an unanticipated emergency arise, be authorised to act for the group. Id. The Court is satisfied that these parties have shown that they have the intention and structure for prosecuting this action collectively and that they are willing to do what is necessary to remain current on the status of the litigation, to remain in contact with each other and to supervise their counsel. Their declarations address every concern raised by courts who have questioned the ability of previously-unrelated group members to cohesively, proactively represent their class.

The Court's confidence in the selection of the CTIC Investor Group as Lead Plaintiff is further bolstered by the fact that it does not appear that this group was assembled merely for the purpose of aggregating their losses in order to surpass the financial interests of any of the other applicants. In actuality, two of the members of the CTIC Investor Group (Dr. Shah and Mr. Gipson) have *individual* losses ($158,696.50 and $133,187.31, respectively) which exceed the financial interests of all other applicants, including Mr. Moukarim's losses of $91,797.90. CTIC Reply Memo, p. 5.

Finally, the Court observes that the size of the CTIC Investor Group is in keeping with the Securities and Exchange Commission's own position on the appropriate size of such an aggregation:

> . . .a court generally should approve a group small enough to be capable of effectively managing the litigation and the lawyers. The Commission believes that ordinarily this should be no more than three to five persons, a number that will facilitate joint decision-making and also help to assure that each group members has a sufficiently large stake in the litigation.

In re Baan Co. Securities Litigation, 186 F.R.D. 214, 224 (D.D.C. 1999) (citing the Memorandum of the Securities and Exchange Commission, Amicus Curiae, Introduction and Summary of the Commission's Position, at 1).

To summarize, the Court finds that the CTIC Investor Group has timely filed its notice of intent to serve as Lead Plaintiff, has the largest financial interest in the relief sought by the class, and satisfies the requirements of FRCP 23 pertaining to class representatives. The group meets all requirements for "presumptive Lead Plaintiff" status and their only serious challenger has not

**ORDER ON MOTIONS RE:**
**CONSOLIDATN & LEAD PLTF - 12**

1    rebutted that presumption.  CTIC Investor Group will be appointed Lead Plaintiff for this

2    consolidated class action.

3    Lead counsel

4          Once the Court has designated a Lead Plaintiff, the plaintiff "shall, subject to the approval of

5    the court, select and retain counsel to represent the class."  15 U.S.C. § 78u-4(a)(3)(B)(v).  The Court

6    has reviewed the declarations and evidence submitted regarding Brower Piven, the CTIC Investor

7    Group's choice as Lead Counsel, and finds that the firm has litigated numerous complex securities

8    cases, as well as a variety of other complex class actions.  See Drachler Decl., Ex's E and F.  No

9    objections have been interposed concerning the law firm's qualifications to serve in this capacity.

10   Accordingly, the Court will appoint Brower Piven as Lead Counsel in this consolidated matter.

11   Zwerling, Schachter & Zwerling will be appointed as Liaison Counsel in accord with Lead Plaintiff's

12   request.

13   Consolidated Joint Status Report

14         By separate order, the Court will direct lead counsel for Plaintiffs and counsel for Defendants

15   to conduct initial discovery and prepare a joint status report in this newly-consolidated matter.

16

17         The clerk is ordered to provide copies of this order to all counsel.

18         Dated: __August 2__, 2010

19

20                                              Marsha J. Pechman
                                                U.S. District Judge
21

22

23

24

25

26   **ORDER ON MOTIONS RE:**
     **CONSOLIDATN & LEAD PLTF - 13**