1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

IN RE CELL THERAPEUTICS, INC.

CLASS ACTION LITIGATION

THIS DOCUMENT RELATES TO:

ALL ACTIONS

CASE NO. C10-414MJP

ORDER ON MOTION FOR
LIMITED DISCOVERY

The above-entitled Court, having received and reviewed

1.  Defendant's Motion for Order Permitting limited Discovery and Modifying the
    August 26, 2010 Order (Dkt. No. 55)

2.  Lead Plaintiff's Opposition to Defendant's Motion for Order Permitting Limited
    Discovery and Modifying the August 26, 2010 Order (Dkt. No. 56)

3.  Reply in Support of Defendant's Motion for Order Permitting Limited Discovery and
    Modifying the August 26, 2010 Order (Dkt. No. 59)

and all attached declarations and exhibits, and finding no need for oral argument, makes the

following ruling:

ORDER ON MOTION FOR LIMITED
DISCOVERY- 1

1

2          IT IS ORDERED that the motion is DENIED.

3    **Background**

4          The factual basis of Plaintiffs' complaint concerns Cell Therapeutic Inc.'s (CTI's)

5    departure from a testing protocol which had been approved by the Food and Drug Administration

6    (FDA) and the FDA's rejection of the protocol results because CTI had not done what they

7    originally said they were going to do.  The nature of the fraud alleged centers around allegations

8    that CTI management knew that varying from the procedures which the FDA had approved

9    would invalidate the results, and that the company's failure to advise the FDA or their

10   stockholders of the departure from the protocol was intentional and deceptive.  The complaint

11   contains the statements of five Confidential Witnesses (CWs) who provide the basis for the

12   allegations that the concealment was knowing and fraudulent.

13         Defendants have declarations from three persons whom they believe to be among the

14   CWs – each of the three asserts that their statements to Plaintiffs' investigators have been taken

15   out of context, misrepresented or (in some cases) fabricated.  Defendants now seek permission to

16   depose the persons they believe to be the remaining two CWs to further develop this alleged

17   misrepresentation as a grounds for dismissal, prior to a ruling on their motion to dismiss.

18   **Discussion**

19         Defendants seek permission to conduct limited discovery prior to submission of their

20   motion to dismiss.  The discovery would consist of deposing the remaining two CWs (or at least,

21   the people they believe to be the other two CWs) to determine if the statements attributed to

22   them in the complaint are in fact what they said to Plaintiffs' investigator.

23

24

1          Defendants' main support for this motion comes from a 2nd Circuit case called <u>Campo v.</u>

2    <u>Sears Holdings Corp.</u>, and they cite from both the District Court (635 F.Supp.2d 323 (S.D.N.Y.

3    2009)) and appellate (371 Fed.Appx. 212 (2nd Cir. 2010)) opinions.  Despite Plaintiffs'

4    characterization of the case as somehow supporting their position, the Court reads the <u>Campo</u>

5    District Court ruling as exactly what Defendants are looking for: an endorsement of the right of

6    Defendants to depose CWs to "determine whether they supported the allegations in the

7    Complaint" or whether Defendants were entitled to dismissal.  635 F.Supp.2d at 330.[1] The Court

8    does agree with Plaintiffs that the language in the 2nd Circuit <u>Campo</u> opinion (which again

9    appears to support the practice of deposing CWs prior to bringing a motion to dismiss, this time

10   by conflating the requirements of FRCP 11 with prior rulings concerning *scienter*) is dicta – the

11   appellate court noted that the Plaintiffs had waived the argument by not raising it until their

12   reply, therefore it was not an issue representing a case or controversy before that court.  371 Fed.

13   Appx. at 216, fn 4.[2]

14         The Court further agrees with Plaintiffs that <u>Campo</u> is not binding on this district or this

15   circuit.  In the first place, the opinion of an S.D.N.Y. District Court has (at most) persuasive

16   value.  In the second place, the 2nd Circuit's language favoring the practice is dicta.  Thirdly, as

17   Plaintiffs point out, Defendants point to no other court which has cited the <u>Campo</u> holding to

18   affirm the practice which Defendants are encouraging the Court to adopt here.  In fact, Plaintiffs

19   _____

20         [1]  Without citation to authority, the District Court judge in <u>Campo</u> stated: "With respect to allegations
     derived from confidential witnesses, the Court considers only those allegations that later were corroborated by those
21   witnesses in depositions."  635 F.Supp.2d at 330.

22         [2]  The 2nd Circuit also claims that their dicta approval of deposing CWs before a dismissal motion is
     supported by <u>Tellabs</u>, the Supreme Court opinion requiring an inference of *scienter* from a complaint that is "cogent
23   and at least as compelling as any opposing inference of nonfraudulent intent."  551 U.S. at 314.  This is an
     overbroad reading of <u>Tellabs</u>, which is confined to discussions of inferences drawn from the allegations of the
24   complaint.

1   point to other District Court rulings which specifically reject the argument that limited use of

2   depositions is permissible at this juncture in cases of this sort.  See In re ProQuest Sec. Litig.,

3   527 F.Supp.2d 728, 740 (E.D.Mich. 2007) and In re Applied Micro Circuits Corp. Secs. Litig.,

4   2002 U.S. Dist. LEXIS 22403 at *31.

5        And finally, it is this Court's finding that neither the Federal Rules nor the Private

6   Security Litigation Reform Act (PSLRA) supports the practice.  FRCP 12(b) prohibits the

7   consideration of "material beyond the pleadings in ruling on a Rule 12(b)(6) motion." Lee v.

8   City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001).  The only exceptions to that rule are

9   taking "judicial notice of matters of public record" and "material which is properly submitted as

10  part of the complaint."  Id. at 688-89 (quotations omitted).  The only permissible way under the

11  FRCP's to consider extrinsic evidence such as Defendants propose is to convert Defendants'

12  pending motion to dismiss to a motion for summary judgment.  FRCP 12(d).  That has not been

13  requested and the Court is not inclined to do so *sua sponte*.

14       Similarly, the PSLRA requires that "all discovery and other proceedings shall be stayed

15  during the pendency of any motion to dismiss" (15 U.S.C. § 78u-4(b)(3)(B)), a stay which

16  continues in effect "until the court has sustained the legal sufficiency of the complaint."

17  McGuire v. Dendreon Corp., 2009 U.S. Dist. LEXIS 24243 (W.D.Wash., Mar. 11, 2009).

18  Exceptions to this automatic stay are only permissible if "the court finds upon motion of any

19  party that particularized discovery is necessary to preserve evidence or to prevent undue

20  prejudice to that party." 15 U.S.C. § 78u-4(b)(3)(B).

21       There has been no issue raised of preservation of evidence.  In fact, Defendants make no

22  argument at all that they qualify for either of the PSLRA exceptions, relying entirely on Campos

23  to support their position.  There is no issue of "undue prejudice" if Defendants are required to

24

1  wait until after their motion to dismiss to complete the discovery required to make this argument.

2  And, of course, once the motion to dismiss is ruled upon and assuming that Plaintiffs' case

3  survives that motion, Defendants will be free to conduct whatever discovery the law permits

4  them.  If, after deposing the remaining witnesses, they still believe that their allegations have

5  merit they are of course entitled to bring whatever motions they deem appropriate.

6  **Conclusion**

7        The motion for limited discovery (and the accompanying request to modify the

8  scheduling order) is DENIED.

9

10        The clerk is ordered to provide copies of this order to all counsel.

11        Dated: November 18, 2010.

12

13

14        _____
          Marsha J. Pechman
15        United States District Judge

16

17

18

19

20

21

22

23

24

ORDER ON MOTION FOR LIMITED
DISCOVERY- 5