THE HONORABLE MARSHA J. PECHMAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In re CELL THERAPEUTICS, INC., | Master Docket No. C10-414 MJP |
| CLASS ACTION LITIGATION | (Consolidated with Nos. C10-480 MJP and C10-559 MJP) |
| | **CLASS ACTION** |
| | **LEAD PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, CONDITIONAL CLASS CERTIFICATION, AND APPROVAL OF NOTICE** |
| This Document Relates To:  All Actions | Note on Motion Calendar: March 2, 2012 |

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ..................................................................................... ii

I.   FACTUAL AND PROCEDURAL BACKGROUND ............................................. 2

II.  THE SETTLEMENT AGREEMENT ..................................................................... 4

    A.   Settlement Consideration ............................................................................. 4

    B.   Plan of Allocation ........................................................................................ 4

III. PRELIMINARY APPROVAL OF THE SETTLEMENT IS WARRANTED .................... 5

    A.   Factors to be Considered by the Court in the Preliminary Approval Of a Class
    Action Settlement ........................................................................................ 5

    B.   Preliminary Approval of the Settlement Should Be Granted ........................ 9

        1.   The Proposed Settlement Is Within the Range of Possible
        Approval………………………………………………… ..................... 9

        2.   The Proposed Settlement Has No Obvious Deficiencies and Does Not
        Improperly Grant Preferential Treatment to Lead Plaintiffs or Segments of
        the Class…………………………………….... ....................................... 11

IV.  CONDITIONAL CERTIFICATION OF THE SETTLEMENT CLASS UNDER
    FEDERAL RULE OF CIVIL PROCEDURE 23 IS APPROPRIATE .............................. 11

    A.   The Class Satisfies Rule 23(a) ................................................................... 12

        1.   The Class Is Sufficiently Numerous .................................................. 12

        2.   Common Questions of Law or Fact Exist ........................................... 13

        3.   Lead Plaintiffs' Claims are Typical of Those of the Class .................. 14

        4.   Lead Plaintiffs are Adequate Representatives of the Class ................ 15

    B.   The Class Satisfies Rule 23(b)(3) .............................................................. 15

        1.   Common Legal and Factual Questions Predominate in the Action .................... 16

        2.   A Class Action Is the Superior Means to Adjudicate Lead Plaintiffs' Claims ... 17

V.   THE PROPOSED NOTICE FAIRLY APPRISES THE CLASS MEMBERS OF THE
    TERMS OF THE SETTLEMENT AND CLASS MEMBERS' RIGHTS
    THEREUNDER ............................................................................................... 17

VI.  THE SETTLEMENT HEARING ....................................................................... 19

VII. PROPOSED SCHEDULE ................................................................................. 19

CONCLUSION ................................................................................................... 20

Lead Plaintiffs' Unopposed Motion for
Preliminary Approval of Class Action
Settlement, Conditional Class Certification,
and Approval of Notice
Master Docket No. C10-414 MJP - i

Zwerling, Schachter, & Zwerling, LLP
1904 Third Avenue, Suite 1030
Seattle, WA 98101-1170
Tel: (206) 223-2053

## **TABLE OF AUTHORITIES**

### **FEDERAL CASES**

*Alberto v. GMRI, Inc.*, 252 F.R.D. 652 (E.D. Cal. 2008) ...................................................6, 7, 12

*Amchem Products, Inc. v. Windsor*, 521 U.S. 591 (1997) ......................................15, 16, 17

*Class Plaintiffs v. City of Seattle*, 955 F.2d 1268 (9th Cir. 1992) ..............................................5

*In re Cooper Cos. Secs. Litig.*, 254 F.R.D. 628 (N.D. Cal. 2009) ..........................................12

*Cotton v. Hinton*, 559 F.2d 1326 (5th Cir. 1977)...............................................................7

*In re Drexel Burnham Lambert Group, Inc.*, 960 F.2d 285 (2d Cir. 1992) ...............................14

*Gay v. Waiter's & Dairy Lunchmen's Union*, 549 F.2d 1330 (9th Cir. 1997) ..........................13

*Hanlon v. Chrysler Corp.*, 150 F.3d 1011 (9th Cir. 1998) ....................................... *passim*

*Hanon v. Dataproducts Corp.*, 976 F.2d 497 (9th Cir. 1992)..............................................15

*Hochschuler v. G. D. Searle & Co.*, 82 F.R.D. 339 (N.D. Il. 1978)...........................................16

*Hodges v. Akeena Solar, Inc.*, 274 F.R.D. 259 (N.D. Cal. 2011) ......................................13, 14

*In re Immune Response Secs. Litig.*, 497 F. Supp. 2d 1166 (S.D. Cal. 2007) ............................8

*Lerwill v. Inflight Motion Pictures, Inc.*, 582 F.2d 507 (9th Cir. 1978) ....................................15

*Leyva v. Buley*, 125 F.R.D. 512 (E.D. Wash. 1989) ..................................................13

*In re N. Dist. of Cal., Dalkon Shield IUD Prod. Liab. Litig.*, 693 F.2d 847 (9th Cir. 1982)......15

*In re NVIDIA Corp. Deriv. Litig.*, No. C-06-06110-SBA, 2008 U.S. Dist. LEXIS 117351 (N.D. Cal. Dec. 22, 2008) .............................................................................. *passim*

*Nelson v. Bennett*, 662 F. Supp. 1324 (E.D. Cal. 1987) ..............................................6

*Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615 (9th Cir. 1982) ....................... *passim*

*In re Omnivision Techs. Inc.*, 559 F. Supp. 2d 1036 (N.D. Cal. 2007)............................... *passim*

*In re Oracle Sec. Litig.*, No. C-90-0931-VRW, 1994 U.S. Dist. LEXIS 21593 (N.D. Cal. 1994) ..........................................................................................................11

*Phillips v. Joint Legislative Comm. on Performance & Expenditure Review*, 637 F.2d 1014 (5th Cir. 1981)...................................................................................................14

*In re Potash Antitrust Litig.*, 159 F.R.D. 682 (D. Minn. 1995) ..........................................16

*Reed v. General Motors Corp.*, 703 F.2d 170 (5th Cir. 1983).................................................8

*Rodriguez v. Carlson*, 166 F.R.D. 465 (E.D. Wash. 1996) ..............................................13

*Satchell v. Federal Express Corp.*, No. C03-2659 SI, 2007 U.S. Dist. LEXIS 99066 (N.D. Cal. 2007)...................................................................................................8

LEAD PLAINTIFFS' UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT, CONDITIONAL CLASS CERTIFICATION,
AND APPROVAL OF NOTICE
Master Docket No. C10-414 MJP - ii

Zwerling, Schachter, & Zwerling, LLP
1904 Third Avenue, Suite 1030
Seattle, WA 98101-1170
Tel: (206) 223-2053

*Schlagel v. Learning Tree, Int'l.*, No. CV 98-6384 ABC (EX), 1999 U.S. Dist. LEXIS 2157 (C.D. Cal. Feb. 23, 1999) ................................................................................................15

*In re THQ Inc. Sec. Litigation*, No. CV 00-1783 AHM, 2002 U.S. LEXIS 7753 (C.D. Cal. Mar. 22, 2002) ..............................................................................................12, 15, 16

*In re Unioil Sec. Litigation*, 107 F.R.D. 615 (C.D. Cal. 1985) ...................................17

*In re United Energy Corp. Solar Power Modules Tax Shelter Invs. Sec. Litig.*, 122 F.R.D. 251 (C.D. Cal. 1988) ................................................................................................17

*Van Bronkhorst v. Safeco Corp.*, 529 F.2d 943 (9th Cir. 1976) ....................................6

*Villareal v. Snow*, No. 95 C 2484, 1996 U.S. Dist. LEXIS 667 (N.D. Il. Jan. 16, 1996) ..........16

*Yslava v. Hughes Aircraft Co.*, 845 F. Supp. 705 (D. Ariz. 1993) ...............................13

## DOCKETED CASES

*Cyril Sabbagh v. Cell Therapeutics, Inc., Dr. James A. Bianco, M.D., and Dr. Jack W. Singer, M.D.*, No. C10-414 ..................................................................................2

## FEDERAL RULES AND STATUTES

15 U.S.C. § 78j(b) .....................................................................................................2

15 U.S.C. § 78u-4(a)(7) ...........................................................................................19

Fed. R. Civ. P. 23 .............................................................................................. *passim*

17 C.F.R. § 240.10b-5 ...............................................................................................3

## MISCELLANEOUS

Alba Conte & Herbert B. Newberg, *Newburg on Class Actions* (4th ed. 2002) ............... *passim*

James Wm. Moore, *Moore's Federal Practice* (3d ed. 2010) .......................................8

Charles A. Wright & Arthur R. Miller, *Fed. Practice and Procedure* ......................................16

*Annotated Manual for Complex Litigation, Fourth* (2011) .......................................7

*Manual for Complex Litigation, Fourth* (2004) .....................................................5, 7

*Manual for Complex Litigation, Third* § 30.41(1995) ...............................................7

LEAD PLAINTIFFS' UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT, CONDITIONAL CLASS CERTIFICATION,
AND APPROVAL OF NOTICE
Master Docket No. C10-414 MJP - iii

Zwerling, Schachter, & Zwerling, LLP
1904 Third Avenue, Suite 1030
Seattle, WA 98101-1170
Tel: (206) 223-2053

The parties to the above captioned action ("Action") have entered into a Stipulation of Settlement (the "Stipulation").[1]  The settlement provides for the payment of Nineteen Million Dollars ($19,000,000) in cash in settlement of the claims brought on behalf of the purported Class. The settlement is the product of over twenty months of investigation and hard-fought litigation, as well as extensive settlement negotiations.  The settlement is a substantial result for the Class.  If approved by the Court, the settlement will conclude this Action as to all parties.

Lead Plaintiff Satish Shah, David Gipson, and Xavian L. Draper (collectively, "Lead Plaintiffs" or "CTIC Investor Group") respectfully request that the Court enter the proposed Order Granting Preliminary Approval of Settlement, Granting Conditional Class Certification, and Providing for Notice (the "Preliminary Approval Order"), attached as Exhibit A to the Stipulation, and lodged separately herewith.  The Preliminary Approval Order, among other things: (i) conditionally certifies the Class for the purposes of settlement; (ii) preliminarily approves the settlement set forth in the Stipulation as within a range of reasonableness; (iii) approves the forms and manner of giving notice of the proposed settlement to the Class; (iv) schedules a hearing (the "Settlement Hearing") to consider the fairness, reasonableness, and adequacy to the Class of the proposed settlement, the Plan of Allocation of the Net Settlement Fund ("Plan of Allocation" or "Plan"), and Plaintiffs' Counsel's[2] application for an award of attorneys' fees, costs, and expenses; (v) appoints the Claims Administrator recommended by Lead Counsel to administer the settlement and assist with its implementation; (vi) establishes procedures and the deadline for Class members to object to the terms of the settlement, the Plan of Allocation, or the requested attorneys' fees, costs, and expenses; and (vii) establishes

---

[1] The Stipulation, dated as of February 13, 2012, is attached as Exhibit 1 to the Declaration of David A.P. Brower ("Brower Decl."), filed concurrently herewith.  The terms used in this motion are the same as the defined terms used in the Stipulation.

[2] "Plaintiffs' Counsel" means both Brower Piven, A Professional Corporation, 488 Madison Ave., 8th Floor, New York, NY 10022 ("Lead Counsel") and Zwerling, Schachter & Zwerling, LLP, 1904 Third Avenue, Suite 1030, Seattle, WA  98101-1170 ("Liaison Counsel").

LEAD PLAINTIFFS' UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT, CONDITIONAL CLASS CERTIFICATION,
AND APPROVAL OF NOTICE
Master Docket No. C10-414 MJP - 1

Zwerling, Schachter, & Zwerling, LLP
1904 Third Avenue, Suite 1030
Seattle, WA 98101-1170
Tel: (206) 223-2053

1  procedures and the deadline for Class members to submit Proofs of Claim to be eligible to share
2  in the Net Settlement Fund, or to request exclusion from the Class.

3  **I.     FACTUAL AND PROCEDURAL BACKGROUND**

4          This is a class action brought by Lead Plaintiffs on behalf of all persons who purchased
5  the common stock of Cell Therapeutics, Inc. ("CTI") during a defined period of time.   The
6  defendants are CTI; James A. Bianco, M.D., CTI's Chief Executive Officer; Craig W. Philips,
7  CTI's President; and Louis A. Bianco, CTI's Executive Vice President, Finance and
8  Administration.

9          On March 12, 2010, plaintiff Cyril Sabbagh filed a complaint in the United States District
10 Court for the Western District of Washington captioned *Cyril Sabbagh v. Cell Therapeutics, Inc.,*
11 *Dr. James A. Bianco, M.D., and Dr. Jack W. Singer, M.D.*, No. C10-414 MJP (Dkt. No. 1).  By
12 Court Order dated August 2, 2010, the above-referenced case was consolidated with all other
13 related actions then pending, and ordered to proceed under the caption *In re Cell Therapeutics,*
14 *Inc. Class Action Litigation*, No. C10-414 MJP (Dkt. No. 45).  By the same Order, dated August
15 2, 2010, Satish Shah, David Gipson, and Xavian L. Draper were appointed as Lead Plaintiffs
16 pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA").  *Id.*  By the same
17 Order of the Court, dated August 2, 2010, Brower Piven, A Professional Corporation, was
18 appointed as Lead Counsel for the Class, and Zwerling, Schachter & Zwerling, LLP was
19 appointed as Liaison Counsel for the Class.  *Id.*

20         On September 27, 2010, Lead Plaintiffs filed their Consolidated Amended Class Action
21 Complaint for Violation of the Federal Securities Laws ("Complaint") (Dkt. No. 50) alleging,
22 *inter alia*, that Defendants, from March 25, 2008 to March 22, 2010, inclusive (the "Class
23 Period"), made material misstatements or omissions in connection with the approval process for
24 one of CTI's drugs, Pixantrone, leading to artificial inflation in the price of CTI common stock,
25 and that Class members where harmed thereby, in violation of Sections 10(b) of the Securities
26 Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b) and the rules and regulations
27 promulgated thereunder by the Securities and Exchange Commission ("SEC"), including Rule

LEAD PLAINTIFFS' UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT, CONDITIONAL CLASS CERTIFICATION,
AND APPROVAL OF NOTICE
Master Docket No. C10-414 MJP - 2

Zwerling, Schachter, & Zwerling, LLP
1904 Third Avenue, Suite 1030
Seattle, WA 98101-1170
Tel: (206) 223-2053

10b-5, 17 C.F.R. § 240.10b-5.  In particular, the Complaint alleges that Defendants made certain false and misleading statements and omissions regarding a special protocol assessment ("SPA") agreed to between CTI and the Food and Drug Administration ("FDA") regarding Pixantrone, even though Defendants knew or were reckless in not knowing that the SPA did not exist at the time they made those statements.  The Complaint also alleges that Defendants made material misstatements and omissions during the Class Period regarding discussions with the FDA concerning the study being conducted under the SPA.  The Complaint further alleges that when the truth about these misstatements and omissions came out, the price of CTI stock dropped significantly.  Additionally, the Complaint alleges that Defendants are liable as control persons under Section 20(a) of the Exchange Act and for insider trading under Sections 10(b) and 20A of the Exchange Act, and Rule 10b-5 promulgated thereunder.  The Complaint is the currently operative complaint in this Action.  Defendants filed their motion to dismiss Lead Plaintiffs' Complaint on October 27, 2010 (Dkt. No. 57).  This Court denied Defendants' motion in large part on February 4, 2011 (Dkt. No. 71).

During the course of litigation, Lead Plaintiffs conducted extensive discovery. Defendants produced to Lead Plaintiffs for their review more than 245,000 pages of documents, and answered 32 interrogatories by providing 494 pages of information. In addition, Lead Plaintiffs issued subpoenas to over a dozen third parties, and received and reviewed more than 40,000 pages of documents in response to these subpoenas. Lead Plaintiffs also reviewed extensive collections of audio and video files produced by Defendants.

On October 26, 2011, while discovery from Defendants and third-party discovery was ongoing, the parties participated in a full-day mediation with the Honorable Nicholas H. Politan (Ret.) presiding.  During the course of this mediation, the parties reached an agreement-in-principle to resolve this Action.  Subsequently, the parties continued negotiations and reached an agreement to settle the Action on the terms set forth in the Stipulation.

Lead Plaintiffs' Unopposed Motion for
Preliminary Approval of Class Action
Settlement, Conditional Class Certification,
and Approval of Notice
Master Docket No. C10-414 MJP - 3

Zwerling, Schachter, & Zwerling, LLP
1904 Third Avenue, Suite 1030
Seattle, WA 98101-1170
Tel: (206) 223-2053

## II.    THE SETTLEMENT AGREEMENT

### A.    Settlement Consideration

Under the terms of the settlement, Defendants have agreed to settle the Class members' claims for $19,000,000, in cash, inclusive of any attorneys' fees and expenses awarded to Plaintiffs' Counsel, and notice and claims administration costs.

In determining to settle the Action, Lead Plaintiffs and Plaintiffs' Counsel have taken into account the substantial expense and length of time necessary to prosecute the litigation through further discovery, trial, post-trial motions, and likely appeals, taking into consideration the significant uncertainties in predicting the outcome of this complex litigation. Based on their consideration of all of these factors, Lead Plaintiffs and Plaintiffs' Counsel have concluded that it is in the best interests of the Class to settle the Action on the agreed-to terms. The settlement provides substantial and immediate benefits to the Class. Plaintiffs' Counsel believe the settlement is fair, reasonable, and adequate to the Class.

Defendants, while continuing to deny all allegations of wrongdoing or liability, agreed to settle and terminate all existing or potential claims against them without in any way acknowledging fault or liability. During the course of the litigation, Defendants, in addition to denying any liability, disputed that Lead Plaintiffs or the members of the Class were damaged by any wrongful conduct on their part.

### B.    Plan of Allocation

Under the Plan of Allocation, and subject to the approval of the Court, The Garden City Group, Inc., an independent settlement and claims administrator, will act as the Claims Administrator and shall calculate each Authorized Claimant's allocation from the Net Settlement Fund based on the information supplied in a Proof of Claim submitted by each Authorized Claimant.

The structure of the Plan, which is set forth in full in the Notice of Proposed Settlement of Class Action ("Notice"), establishes a claim value based on the market's reaction to each new piece of information, based on the analysis of Lead Plaintiffs' damages expert. Under the Plan,

LEAD PLAINTIFFS' UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT, CONDITIONAL CLASS CERTIFICATION,
AND APPROVAL OF NOTICE
Master Docket No. C10-414 MJP - 4

Zwerling, Schachter, & Zwerling, LLP
1904 Third Avenue, Suite 1030
Seattle, WA 98101-1170
Tel: (206) 223-2053

1   recovery is allocated, *pro rata*, on the basis of the number of damaged shares for each
2   Authorized Claimant.

3          The Plan is not a part of or a condition of approval of the settlement.  Under the
4   settlement, the Net Settlement Fund may be distributed in accordance with the proposed Plan or
5   such other plan as the Court may approve.

6   **III.   PRELIMINARY APPROVAL OF THE SETTLEMENT IS WARRANTED**

7          In approving the settlement of a class action, the Court must make a "preliminary
8   determination of the fairness, reasonableness, and adequacy of the settlement terms." *Manual*
9   *for Complex Litigation*, *Fourth* § 21.632 (2004); *see also Officers for Justice v. Civil Serv.*
10  *Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982) ("Although Rule 23(e) is silent respecting the
11  standard by which a proposed settlement is to be evaluated, the universally applied standard is
12  whether the settlement is fundamentally fair, adequate and reasonable.").  "In order to grant
13  preliminary approval, the Court need only conclude that the settlement of the claims on the
14  agreed upon terms is 'within the range of possible approval.'" *In re NVIDIA Corp. Deriv. Litig.*,
15  No. C-06-06110-SBA, 2008 U.S. Dist. LEXIS 117351, at *8 (N.D. Cal. Dec. 22, 2008).  The
16  Settling Parties request that this Court preliminarily approve the settlement not only because
17  public policy favors the settlement of complex class actions such as this one, but also, as
18  demonstrated herein, because the settlement achieves an excellent result for the Class.  The
19  Settling Parties respectfully submit that the proposed settlement is fair, reasonable, and adequate,
20  and warrants preliminary approval by this Court.

21         **A.     Factors to be Considered by the Court in the Preliminary Approval of**
22                 **a Class Action Settlement**

23         Federal Rule of Civil Procedure 23(e) requires judicial approval for any compromise of
24  claims brought on a class basis.  Approval of a proposed settlement is a matter within the
25  discretion of the district court.  *See, e.g., Class Plaintiffs v.  City of Seattle*, 955 F.2d 1268, 1276
26  (9th Cir. 1992).  This discretion should be exercised in the context of a public policy which
27  strongly favors the pretrial settlement of class action lawsuits.  *See id.*; *see also Officers for*

LEAD PLAINTIFFS' UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT, CONDITIONAL CLASS CERTIFICATION,
AND APPROVAL OF NOTICE
Master Docket No. C10-414 MJP - 5

Zwerling, Schachter, & Zwerling, LLP
1904 Third Avenue, Suite 1030
Seattle, WA 98101-1170
Tel: (206) 223-2053

1  *Justice*, 688 F.2d at 625 ("voluntary conciliation and settlement are the preferred means of

2  dispute resolution.  This is especially true in complex class action litigation."); *Van Bronkhorst v.*

3  *Safeco Corp.*, 529 F.2d 943, 950 (9th Cir. 1976); *In re NVIDIA*, 2008 U.S. Dist. LEXIS 117351,

4  at *6-7 ("There is a strong policy favoring compromises that resolve litigation, and case law in

5  the Ninth Circuit reflects that strong policy."); *Nelson v. Bennett*, 662 F. Supp. 1324, 1334 (E.D.

6  Cal. 1987) ("federal courts long recognized the public policy in favor of the settlement of

7  complex securities actions . . . . [e]specially in these days of burgeoning federal litigation, the

8  promotion of settlement is as a practical matter, an absolute necessity.").

9      Once a proposed settlement is reached, a court must determine whether the terms of the

10  proposed settlement warrant preliminary approval.  *See*, *e.g.*, *Alberto v. GMRI, Inc.*, 252 F.R.D.

11  652, 658-59 (E.D. Cal. 2008) ("Procedurally, the approval of a class action settlement takes

12  place in two stages.  In the first stage of the approval process, the court preliminarily approve[s]

13  the Settlement pending a fairness hearing, temporarily certifie[s] the Class . . . , and authorize[s]

14  notice to be given to the Class.  In this Order, therefore, the court will only determine[] whether a

15  proposed class action settlement deserves preliminary approval and lay the ground work for a

16  future fairness hearing.") (internal citations and quotations omitted).  A court is afforded wide

17  discretion in determining the information that it wishes to consider at this preliminary stage, and

18  this initial assessment can be made on the basis of information already known to the court.  *See*

19  *Manual for Complex Litigation*, *Fourth*, at §21.162 (2004).  A court, "in evaluating the

20  agreement of the parties, is not to reach the merits of the case or to form conclusions about the

21  underlying questions of law or fact."  *In re Omnivision Techs.*, 559 F. Supp. 2d 1036, 1041 (N.D.

22  Cal. 2007); *see also* Alba Conte & Herbert B. Newberg, *Newburg on Class Actions* § 11:45 (4th

23  ed. 2002) ("[t]here is no precise formula for what constitutes sufficient evidence to enable the

24  court to analyze intelligently the contested questions of fact.  It is clear that the court need not

25  possess evidence to decide the merits of the issue, because the compromise is proposed in order

26  to avoid further litigation.").  Further, a "proposed settlement is not to be judged against a

27  hypothetical or speculative measure of what *might* have been achieved by the negotiators."

LEAD PLAINTIFFS' UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT, CONDITIONAL CLASS CERTIFICATION,
AND APPROVAL OF NOTICE
Master Docket No. C10-414 MJP - 6

Zwerling, Schachter, & Zwerling, LLP
1904 Third Avenue, Suite 1030
Seattle, WA 98101-1170
Tel: (206) 223-2053

1     *Officers for Justice*, 688 F.2d at 625 (emphasis in original).   Instead, preliminary approval is

2     warranted so long as:

> the preliminary evaluation of the proposed settlement does not disclose grounds to
> doubt its fairness or other obvious deficiencies, such as unduly preferential
> treatment of class representatives or of segments of the class, or excessive
> compensation for attorneys, and appears to fall within the range of possible
> approval, the court should direct that notice under Rule 23(e) be given to the class
> members of a formal fairness hearing, at which arguments and evidence may be
> presented in support of and in opposition to the settlement.

Newberg & Conte, *supra*, §11:25 (quoting *Manual for Complex Litigation*, *Third* §
30.41(1995)); *see also In re NVIDIA*, 2008 U.S. Dist. LEXIS 117351, at *8 (quoting, with
approval, the above language).   As "the very essence of a settlement is compromise, a yielding of
absolutes and an abandoning of higher hopes," it must be remembered in evaluating a settlement
that any settlement involves concessions by each of the settling parties.   *In re NVIDIA*, 2008 U.S.
Dist. LEXIS 117351, at *11 (internal quotations omitted); *see also Cotton v. Hinton*, 559 F.2d
1326, 1330 (5th Cir. 1977) ("The trial court should not make a proponent of a proposed
settlement justify each term of settlement against a hypothetical or speculative measure of what
concessions might have been gained") (internal quotations omitted).   On a motion for
preliminary approval, a court need not "engage in analysis as rigorous as is appropriate for final
approval," *Annotated Manual for Complex Litigation*, *Fourth*, § 21.63 (2011), and instead need
do no more than a "cursory review of the terms of the parties' settlement for the purpose of
resolving any glaring deficiencies before ordering the parties to send the proposal to class
members." *Alberto*, 252 F.R.D. at 665.

      Once preliminary approval is granted, "the court should direct that notice under Rule
23(e) be given to the class members of a formal fairness hearing, at which arguments and
evidence may be presented in support of and in opposition to the settlement."   Newburg &
Conte, *supra*, § 11:25 (quoting *Manual for Complex Litigation*, *Third* § 30.41 (1995)).   Only at
the final approval stage, after such notice of the settlement has been given to the members of the
class and class members have had such an opportunity to voice their views of the settlement, as

LEAD PLAINTIFFS' UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT, CONDITIONAL CLASS CERTIFICATION,
AND APPROVAL OF NOTICE
Master Docket No. C10-414 MJP - 7

Zwerling, Schachter, & Zwerling, LLP
1904 Third Avenue, Suite 1030
Seattle, WA 98101-1170
Tel: (206) 223-2053

1   well as an opportunity to exclude themselves from the settlement, should a court make a full

2   evaluation of the settlement.  *See* James Wm. Moore, *Moore's Federal Practice* §23.165 (3d ed.

3   2010).

4        A number of factors regarding the negotiation of the settlement demonstrate that it is fair,

5   reasonable, and adequate.  First, the opinion of experienced counsel supporting the settlement is

6   entitled to considerable weight in a court's evaluation of a proposed settlement.  *See*, *e.g.*, *In re*

7   *NVIDIA*, 2008 U.S. Dist. LEXIS 117351, at *12 ("significant weight should be attributed to

8   counsel's belief that settlement is in the best interest of those affected by the settlement.") (citing

9   *Officers for Justice*, 688 F.2d at 625); *see also Reed v. General Motors Corp.*, 703 F.2d 170, 175

10  (5th Cir. 1983) ("[T]he value of the assessment of able counsel negotiating at arm's length

11  cannot be gainsaid.  Lawyers know their strengths and they know where the bones are buried.").

12  Here, the settlement was reached only after protracted, arm's length negotiations, by competent

13  counsel who had more than adequate information regarding the circumstances of the Action and

14  the strengths and weaknesses of their respective positions.  In deciding whether to approve a

15  proposed settlement of a class action, "[t]he recommendations of plaintiffs' counsel should be

16  given a presumption of reasonableness."  *In re Omnivision*, 559 F. Supp. 2d at 1043 (internal

17  quotation marks omitted).

18       Second, courts have also recognized that a settlement resulting from a mediation before a

19  retired judge is "highly indicative of fairness."  *In re Immune Response Secs. Litig.*, 497 F. Supp.

20  2d 1166, 1171 (S.D. Cal. 2007); *see also Satchell v. Federal Express Corp.*, No. C03-2659 SI,

21  2007 U.S. Dist. LEXIS 99066, at *17 (N.D. Cal. Apr. 13, 2007) ("The assistance of an

22  experienced mediator in the settlement process confirms that the settlement is non-collusive.").

23  Here, the Honorable Nicholas H. Politan, a respected mediator and former United States District

24  Court Judge for the District of New Jersey, mediated the Settling Parties' dispute.  This further

25  supports preliminary approval of the settlement.

26       Third, in the absence of evidence to the contrary, the Court should presume that

27  settlement negotiations were conducted in good faith and that the resulting agreement was

LEAD PLAINTIFFS' UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT, CONDITIONAL CLASS CERTIFICATION,
AND APPROVAL OF NOTICE
Master Docket No. C10-414 MJP - 8

Zwerling, Schachter, & Zwerling, LLP
1904 Third Avenue, Suite 1030
Seattle, WA 98101-1170
Tel: (206) 223-2053

reached without collusion.  *See* Newberg & Conte, *supra*, § 11.28 (counsel are "not expected to prove the negative proposition of a noncollusive agreement."); *see also Officers for Justice*, 688 F.2d at 625 ("the court's intrusion upon what is otherwise a private consensual agreement negotiated between the parties to a lawsuit must be limited to the extent necessary to reach a reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable and adequate to all concerned.").  Thus, there are no grounds to doubt that the proposed settlement was obtained after good faith, arm's length negotiations between the Settling Parties, and that the settlement falls well within the range of possible approval.  Applying the foregoing standards in this case, it is respectfully submitted that the proposed settlement should be preliminarily approved.

### B. Preliminary Approval of the Settlement Should Be Granted

#### 1. The Proposed Settlement Is Within the Range of Possible Approval

The settlement here unquestionably falls well within the range of possible approval. There is no evidence of fraud or collusion, the settlement is the result of good faith, arm's length bargaining, and the settlement represents a substantial recovery against sophisticated and well-represented Defendants.  The $19,000,000 settlement is an excellent result.

The settlement offers the Class a significant recovery on claims that Defendants vigorously dispute, and will eliminate the risk that the Class may not prevail on their claims at trial or on appeal.  Defendants at all times vigorously contended that they had no liability whatsoever to the Class and that, in the event liability was established, that the damages sought were nonexistent, or far less than the settlement amount.  In fact, there were numerous issues in this Action that caused the parties to have different views of the settlement value of this case. These issues included: (1) whether any defendant engaged in any conduct violative of the federal securities laws; (2) the amount, if any, by which the market price of CTI common stock was allegedly artificially inflated during the Class Period; (3) the effect of extraneous market forces influencing the market price of CTI common stock at various times during the Class Period; (4)

LEAD PLAINTIFFS' UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT, CONDITIONAL CLASS CERTIFICATION,
AND APPROVAL OF NOTICE
Master Docket No. C10-414 MJP - 9

Zwerling, Schachter, & Zwerling, LLP
1904 Third Avenue, Suite 1030
Seattle, WA 98101-1170
Tel: (206) 223-2053

the extent, if any, to which the various statements that Lead Plaintiffs alleged were materially false or misleading affected the market price of CTI common stock during the Class Period; (5) the extent, if any, to which the various allegedly adverse material facts that Lead Plaintiffs alleged were not disclosed influenced the market price of CTI common stock during the Class Period; (6) whether the Defendants made any false or misleading statements of material fact; and (7) even if liability could be proven, the amount, if any, of any damages proximately caused by such statements.   Although Lead Plaintiffs believe they have meritorious claims against Defendants, the parties and their respective experts could be expected to offer sharply conflicting testimony and opinions at trial on the very complex liability, loss causation, and damages issues if this case were to be tried.   Thus, the settlement eliminates the considerable risks of a trial and will provide a very substantial recovery to the Class.   As other courts have noted, when compared to the uncertainties facing plaintiffs bringing claims under Rule 10b-5 that have not yet reached class certification or summary judgment, "[s]ettlement, which offers an immediate and certain award for a large number of potential class members, appears a much better option" than continued litigation.   *In re Omnivision*, 559 F. Supp. 2d at 1042.

Additionally, the cost of litigating this dispute has been significant, and such costs can only increase as discovery mounts and, further on, as trial approaches.   As noted by the court in *In re NVIDIA Corp.*:

> Had Federal Plaintiffs continued to litigate, they would have faced a host of potential risks and costs, including the potential for successful attacks on the pleadings, high costs associated with lengthy and complex litigation, potential loss on summary judgment, and risks and costs associated with trial, should the case progress that far.   Indeed, even a favorable judgment at trial may face post-trial motions and even if liability was established, the amount of recoverable damages is uncertain.   The Settlement eliminates these and other risks of continued litigation, including the very real risk of no recovery after several years of litigation.

2008 U.S. Dist. LEXIS 117351, at *8.   The same observations ring true here.   Given the uncertainty and substantial expense of going forward with trial against Defendants, it is the

LEAD PLAINTIFFS' UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT, CONDITIONAL CLASS CERTIFICATION,
AND APPROVAL OF NOTICE
Master Docket No. C10-414 MJP - 10

Zwerling, Schachter, & Zwerling, LLP
1904 Third Avenue, Suite 1030
Seattle, WA 98101-1170
Tel: (206) 223-2053

informed opinion of Lead Plaintiffs' experienced counsel that the proposed settlement is eminently fair, reasonable, and adequate and warrants judicial approval. *See* Brower Decl. ¶4.

### 2. The Proposed Settlement Has No Obvious Deficiencies and Does Not Improperly Grant Preferential Treatment to Lead Plaintiffs or Segments of the Class

The settlement has no obvious deficiencies and does not improperly grant preferential treatment to the Lead Plaintiffs or segments of the Class. As discussed above, the $19,000,000 recovery constitutes a significant and certain benefit for the Class. The Lead Plaintiffs will receive a distribution from the Net Settlement Fund in accordance with the Plan of Allocation in the same manner as distributions to all other Class members. The Plan of Allocation will allocate the recovery on a *pro rata* basis based on the number of affected shares of each Authorized Claimant. "It is reasonable to allocate the settlement funds to class members based on the extent of their injuries or the strength of their claims on the merits." *In re Omnivision*, 559 F. Supp. 2d at 1045 (citing *In re Oracle Sec. Litig.*, No. C-90-0931-VRW, 1994 U.S. Dist. LEXIS 21593, at *3-4 (N.D. Cal. June 16, 1994)). In sum, nothing in the course of the settlement negotiations or the terms of the settlement itself discloses grounds to doubt its fairness. Rather, the substantial recovery to the Class, the arm's length nature of the negotiations, and the participation of sophisticated counsel throughout the Action support a finding that the proposed settlement is, on its face, sufficiently fair, reasonable, and adequate to justify notice to the Class and a hearing on final approval. Accordingly, the Settling Parties request preliminary approval of the settlement.

## IV. CONDITIONAL CERTIFICATION OF THE SETTLEMENT CLASS UNDER FEDERAL RULE OF CIVIL PROCEDURE 23 IS APPROPRIATE

Prior to approving the settlement, it is necessary that the Court certify these consolidated actions as a class action for purposes of settlement.[3] Federal Rule of Civil Procedure 23 ("Rule

---

[3] Defendants have agreed to conditional class certification for the purposes of settlement only, in accordance with the terms of ¶ 8.1 of the Stipulation.

LEAD PLAINTIFFS' UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT, CONDITIONAL CLASS CERTIFICATION,
AND APPROVAL OF NOTICE
Master Docket No. C10-414 MJP - 11

Zwerling, Schachter, & Zwerling, LLP
1904 Third Avenue, Suite 1030
Seattle, WA 98101-1170
Tel: (206) 223-2053

23") provides that an action may be maintained as a class action if each of the four prerequisites of Rule 23(a) is met and, in addition, the action qualifies under one of the subdivisions of Rule 23(b).  Rule 23(a) provides that:

> One or more members of a class may sue or be sued as representative parties on behalf of all only if: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Rule 23(b) provides, in relevant part:

> A class action may be maintained if Rule 23(a) is satisfied and if: . . . (3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

As set forth below, all of the requirements of Rule 23(a) and (b)(3) are easily met and certification of the Class is clearly appropriate here.

### A.    The Class Satisfies Rule 23(a)

#### 1.    The Class Is Sufficiently Numerous

Rule 23(a)(1) requires that the proposed class be so numerous that joinder of all members is difficult or impracticable.  "[I]n general, courts have held that joinder is practicable where there are less than 25 parties, and impracticable where there are more than 35." *In re THQ Inc. Sec. Litig.,* No. CV 00-1783 AHM, 2002 U.S. LEXIS 7753, at *9-10 (C.D. Cal. Mar. 22, 2002).  Here, joinder is certainly impracticable.  According to its 2007 10-K, as of March 19, 2008, there were approximately 276 shareholders of record of the Company's common stock.  The number of beneficial owners is substantially greater than the number of record holders because a large portion of CTI's outstanding common stock is held of record in broker "street names" for the benefit of individual investors.  *See Alberto*, 252 F.R.D. at 660 ("a court may rely on common sense assumptions to support findings of numerosity").  As of March 19, 2008, there were 94,607,850 shares outstanding.  *See In re Cooper Cos. Secs. Litig.*, 254 F.R.D. 628, 634 (N.D.

Lead Plaintiffs' Unopposed Motion for
Preliminary Approval of Class Action
Settlement, Conditional Class Certification,
and Approval of Notice
Master Docket No. C10-414 MJP - 12

Zwerling, Schachter, & Zwerling, LLP
1904 Third Avenue, Suite 1030
Seattle, WA 98101-1170
Tel: (206) 223-2053

Cal. 2009) (court may infer that "when a corporation has millions of shares trading on a national exchange" it is likely that "thousands of people made purchases").

Joinder is presumed impracticable when proposed class numbers are in the hundreds. *See* Newberg & Conte, *supra*, §3.5 ("certainly, when the class is very large – for example, numbering in the hundreds – joinder will be impracticable").  While the precise number of Class members is unknown here, that number is certainly larger than the 276 shareholders of record, and therefore numerosity is satisfied. *See, e.g., Gay v. Waiter's & Dairy Lunchmen's Union*, 549 F.2d 1330 (9th Cir. 1997) (finding numerosity requirement to be met with approximately 110 potential class members); *Leyva v. Buley*, 125 F.R.D. 512, 515 (E.D. Wash. 1989) (allowing certification of a fifty-member class).

### 2.      Common Questions of Law or Fact Exist

Rule 23(a)(2) requires that there be "questions of law or fact common to the [members of the] class."  Like all the requirements of Rule 23(a), the commonality requirement "'has been construed permissively.'"  *Hodges v. Akeena Solar, Inc.*, 274 F.R.D. 259, 266 (N.D. Cal. 2011) (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998)); *see also Rodriguez v. Carlson*, 166 F.R.D. 465, 472 (E.D. Wash. 1996) (internal quotations and citations omitted) ("those courts that have focused on Rule 23(a)(2) have given it a permissive application so that common questions have been found to exist in a wide range of contexts.").

It is well established that the commonality requirement is satisfied if the claims of the prospective class share even one central question of fact or law. *See, e.g.*, *Hanlon*, 150 F.3d at 1019-20; Conte & Newberg, *supra*, §3.10 at 271-290.  "'All questions of fact and law need not be common to satisfy the rule'" and "'[t]he existence of shared legal issues with divergent factual predicates is sufficient, as is a common core of salient facts coupled with disparate legal remedies within the class.'"  *Hodges*, 274 F.R.D. at 266 (quoting *Hanlon*, 150 F.3d at 1019); *see also Yslava v. Hughes Aircraft Co.*, 845 F. Supp. 705, 712 (D. Ariz. 1993) ("'A common question is one which arises from a 'common nucleus of operative facts' regardless of whether

LEAD PLAINTIFFS' UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT, CONDITIONAL CLASS CERTIFICATION,
AND APPROVAL OF NOTICE
Master Docket No. C10-414 MJP - 13

Zwerling, Schachter, & Zwerling, LLP
1904 Third Avenue, Suite 1030
Seattle, WA 98101-1170
Tel: (206) 223-2053

1    the underlying facts fluctuate over the class period and vary as to individual claimants.'")

2    (quoting *In re Asbestos Sch. Litig.*, 104 F.R.D. 422, 429 (E.D. Pa. 1984)).

3         The common questions of law and fact here are overwhelming and include: (1) whether

4    the Defendants' alleged acts violated the federal securities laws; (2) whether Defendants

5    participated in and pursued the common course of conduct complained of herein; (3) whether

6    documents, SEC filings, press releases and other statements disseminated to the investing public

7    and CTI stockholders during the Class Period misrepresented or omitted material facts about the

8    business of CTI; (4) whether the market prices of CTI securities during the Class Period were

9    artificially inflated due to material misrepresentations or omissions and the failure to correct the

10   material misrepresentations and omissions complained of herein; and (5) to what extent the

11   members of the Class have sustained damages and the proper measure of damages.  *See, e.g.*,

12   *Hodges*, 274 F.R.D. at 266 (certifying class, and holding that "for each member of the putative

13   class, the core factual and legal issues are the same," where the common issues, as defined by the

14   court, were "(1) whether Defendants violated the federal securities laws; (2) whether Defendants

15   omitted or misrepresented material facts about Akeena's financial situation during the Class

16   Period; (3) whether Defendants acted with the requisite state of mind; (4) whether the market

17   price of Akeena's securities during the Class Period was artificially inflated due to the material

18   omissions and misrepresentations described in the Amended Complaint; and (5) whether the

19   market price of Akeena's securities declined when the misconduct was revealed to the market.").

20        Accordingly, common questions of law and fact exist in this Action such that certification

21   as a class action is appropriate.

22        **3.    Lead Plaintiffs' Claims are Typical of Those of the Class**

23        The typicality requirement is satisfied where, as here, "each class member's claim arises

24   from the same course of events, and each class member makes similar legal arguments to prove

25   the defendant's liability."  *In re Drexel Burnham Lambert Group, Inc.*, 960 F.2d 285, 291 (2d

26   Cir. 1992).  Typicality does not require that the interests of the named representatives and the

27   class members be identical.  *See, e.g., Phillips v. Joint Legislative Comm. on Performance &*

LEAD PLAINTIFFS' UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT, CONDITIONAL CLASS CERTIFICATION,
AND APPROVAL OF NOTICE
Master Docket No. C10-414 MJP - 14

Zwerling, Schachter, & Zwerling, LLP
1904 Third Avenue, Suite 1030
Seattle, WA 98101-1170
Tel: (206) 223-2053

*Expenditure Review*, 637 F.2d 1014, 1024 (5th Cir. 1981).  "[T]he test of typicality is 'whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'"  *In re THQ*, 2002 WL 1832145, at *3 (quoting *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992)).

As Lead Plaintiffs' claims arise from the same course of conduct and are predicated on the same legal theories as the claims of all other Class members, these claims easily satisfy the typicality requirement of Rule 23(a)(3).

### 4.     Lead Plaintiffs are Adequate Representatives of the Class

The adequacy requirement "serves to uncover conflicts of interest between named parties and the class they seek to represent."  *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625 (1997).  "The Ninth Circuit has held that representation is 'adequate' where (1) counsel for the class is qualified and competent, (2) the representatives' interests are not antagonistic to the interests of absent class members, and (3) it is unlikely that the action is collusive."  *Schlagel v. Learning Tree, Int'l.*, No. CV 98-6384 ABC (EX), 1999 U.S. Dist. LEXIS 2157, at *6 (C.D. Cal. Feb. 23, 1999) (citing *In re N. Dist. of Cal., Dalkon Shield IUD Prod. Liab. Litig.*, 693 F.2d 847, 855 (9th Cir. 1982); *Lerwill v. Inflight Motion Pictures, Inc.*, 582 F.2d 507, 512 (9th Cir. 1978)).

Here, there are no conflicts between the Lead Plaintiffs and absent Class members.  The Lead Plaintiffs are adequate as demonstrated by the fact that they have retained experienced counsel to bring this Action against Defendants.  Thus, the representatives for the Class have clearly shown that they are more than adequate representatives for the Class.  Lead Counsel is among the most preeminent class action attorneys in the country, and have been appointed by courts as Lead Counsel in this and other securities class actions.  Accordingly, both Lead Plaintiffs and Lead Counsel are more than adequate to represent the Class.

### B.     The Class Satisfies Rule 23(b)(3)

Rule 23(b)(3) authorizes certification where, in addition to the prerequisites of Rule 23(a), common questions of law or fact predominate over any individual questions and a class

Lead Plaintiffs' Unopposed Motion for
Preliminary Approval of Class Action
Settlement, Conditional Class Certification,
and Approval of Notice
Master Docket No. C10-414 MJP - 15

Zwerling, Schachter, & Zwerling, LLP
1904 Third Avenue, Suite 1030
Seattle, WA 98101-1170
Tel: (206) 223-2053

1    action is superior to other available means of adjudication. *Amchem*, 521 U.S. at 591-94. This

2    Action easily meets Rule 23(b)(3)'s requirements.

### 1. Common Legal and Factual Questions Predominate in the Action

4    "Predominance is a test readily met in certain cases alleging consumer or securities fraud

5    or violations of the antitrust laws." *Amchem*, 521 U.S. at 625. In this case, the common

6    questions of law and fact identified above predominate because the proof for the claims of

7    misrepresentation, materiality, reliance and Defendants' *scienter* are all based on a common

8    nucleus of fact and common course of conduct.

9    In analyzing whether common questions predominate, a court must evaluate whether

10    proving the elements of the plaintiffs' claims can be done through common questions of fact or

11    law, or whether the proof will be overwhelmed with individual issues. *See Hanlon*, 150 F.3d at

12    1022. The predominance inquiry tests "whether proposed classes are sufficiently cohesive to

13    warrant adjudication by representation." *Amchem*, 521 U.S. at 623. "The commonality

14    requirement of Rule 23(a)(2) and the predominance requirement of Rule 23(b)(3) are closely

15    related and a fining [sic] of one generally will satisfy the other." *Villareal v. Snow*, No. 95 C

16    2484, 1996 U.S. Dist. LEXIS 667, at *15 (N.D. Il. Jan. 16, 1996). The focus of Rule 23(b)(3)'s

17    predominance test is on whether the Class claims arise out of the same legal or remedial theory –

18    "a common legal grievance." *Hochschuler v. G. D. Searle & Co.*, 82 F.R.D. 339, 349 (N.D. Il.

19    1978); *see also Hanlon*, 150 F.3d at 1022. "'When one or more of the central issues in the action

20    are common to the class and can be said to predominate, the action will be considered proper

21    under Rule 23(b)(3) even though other important matters will have to be tried separately.'" *In re*

22    *Potash Antitrust Litig.*, 159 F.R.D. 682, 693 (D. Minn. 1995) (quoting 7A Charles A. Wright &

23    Arthur R. Miller, *Fed. Practice and Procedure* §1778 at 526 (2d. ed. 1986; Supp. 1994)).

24    Courts generally find that securities fraud class actions easily satisfy the predominance

25    requirement. *See In re THQ*, 2002 U.S. Dist. LEXIS 7753 at *30 ("Plaintiffs' claim – which is

26    based on a series of misrepresentations and market manipulations – clearly satisfies the

27    requirement that common questions predominate over those affecting individual members.")

LEAD PLAINTIFFS' UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT, CONDITIONAL CLASS CERTIFICATION,
AND APPROVAL OF NOTICE
Master Docket No. C10-414 MJP - 16

Zwerling, Schachter, & Zwerling, LLP
1904 Third Avenue, Suite 1030
Seattle, WA 98101-1170
Tel: (206) 223-2053

(citing *In re United Energy Corp. Solar Power Modules Tax Shelter Invs. Sec. Litig.*, 122 F.R.D. 251, 256 (C.D. Cal. 1988)) (finding that common questions such as the knowledge of the defendants and the truth or falsity of their representations predominated over individual questions); *In re Unioil Sec. Litig.*, 107 F.R.D. 615, 622 (C.D. Cal. 1985) (holding that common questions predominated where the plaintiffs' claim was based on a common nucleus of misrepresentations, material omissions and market manipulations). Thus, as this Action alleges a scheme of misrepresentations, the predominance element is satisfied here.

### 2.     A Class Action Is the Superior Means to Adjudicate Lead Plaintiffs' Claims

The second prong of Rule 23(b)(3) is essentially satisfied by the settlement itself. As explained in *Amchem*, "[c]onfronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems, *see* Fed. Rule Civ. Proc. 23(b)(3)(D), for the proposal is that there be no trial." 521 U.S. at 620. Thus, any manageability problems that may have existed here – and Lead Plaintiffs know of none – are eliminated by the settlement. Accordingly, for all of the reasons detailed herein, it is appropriate to certify this litigation as a class action.

### V.     THE PROPOSED NOTICE FAIRLY APPRISES THE CLASS MEMBERS OF THE TERMS OF THE SETTLEMENT AND CLASS MEMBERS' RIGHTS THEREUNDER

The Court should approve the proposed form of notice, which will advise Class members of the proposed settlement and Plaintiffs' Counsel's application for a fee and expense award. The Settling Parties agree that the form of notice is fair and adequate under the circumstances. Rule 23 provides that "[t]he court must direct notice in a reasonable manner to all class members who would be bound by the [proposed settlement]." Fed. R. Civ. P. 23(e)(1). The rule also states that, "[f]or any class certified under Rule 23(b)(3), the court must direct to class members the best notice practicable under the circumstances, including individual notice to all members who can be identified through a reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). Proper notice should include:

LEAD PLAINTIFFS' UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT, CONDITIONAL CLASS CERTIFICATION,
AND APPROVAL OF NOTICE
Master Docket No. C10-414 MJP - 17

Zwerling, Schachter, & Zwerling, LLP
1904 Third Avenue, Suite 1030
Seattle, WA 98101-1170
Tel: (206) 223-2053

- the essential terms of the proposed settlement;

- disclosure of any special benefits provided to the class representatives;

- information regarding attorney fees;

- the time and place of the hearing to consider approval of the settlement, and the method for objecting to the settlement;

- explanation of the procedures for allocating and distributing settlement funds; and

- prominently display the address and phone number of class counsel and the procedure for making inquiries.

*Id.* Here, the proposed Notice adequately describes the facts underlying this Action. It states who members of the Class are and it provides the terms of the settlement. It explains Class members' right to request exclusion from the Class as required by Rule 23(c)(2)(B), and the method and timing for doing so. It also explains how Class members who do not timely and properly request exclusion from the Class may object to the settlement, the Plan of Allocation and/or Plaintiffs' Counsel's request for attorneys' fees and reimbursement of expenses, and how to contact Plaintiffs' Counsel.

Notice will be provided to the Class in the following ways:

- Lead Counsel will send by first class mail to all potential Class members who can be identified with reasonable effort a copy of the Notice substantially in the form annexed as Exhibit A-1 to the Stipulation;

- Lead Counsel will post the Notice on a website established for this purpose; and

- Lead Counsel will publish three separate times, with no less than four business days between each publication, over the *PR Newswire* a Summary Notice in the form annexed as Exhibit A-2 to the Stipulation.

The proposed notice plan fully comports with the requirements of Rule 23(c)(2)(B) and (e)(1) and due process because it constitutes the best notice practicable under the circumstances. In addition, the PSLRA requires that the notice contain: (1) a statement of plaintiff recovery; (2) a statement of potential outcome of the case; (3) a statement of attorneys' fees and costs sought; (4) identification of lawyers' representatives; (5) the reasons for settlement; and (6) a cover page

LEAD PLAINTIFFS' UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT, CONDITIONAL CLASS CERTIFICATION,
AND APPROVAL OF NOTICE
Master Docket No. C10-414 MJP - 18

Zwerling, Schachter, & Zwerling, LLP
1904 Third Avenue, Suite 1030
Seattle, WA 98101-1170
Tel: (206) 223-2053

summarizing the information contained in the foregoing statements.  15 U.S.C. § 78u-4(a)(7). The proposed Notice satisfies each of these requirements.

## VI.  <u>THE SETTLEMENT HEARING</u>

The Settling Parties respectfully request that the Court conduct a hearing to determine whether the judgment and order should be entered (1) certifying the Class pursuant to Fed. R. Civ. P. 23(a) and (b)(3); (2) approving the settlement as fair, reasonable, and adequate to the Class; (3) dismissing this Action on the merits and with prejudice as against Defendants; (4) barring Lead Plaintiffs and all Class members from prosecuting, pursuing, or litigating any of the Released Claims, as defined in the Stipulation, against Defendants and their Related Parties; and (5) awarding Plaintiffs' Counsel's fees, costs, and expenses from the Settlement Fund.

## VII.  <u>PROPOSED SCHEDULE</u>

If the Court grants preliminary approval to the settlement, Lead Plaintiffs respectfully propose the following schedule for the Court's consideration of the settlement and the settlement approval process:

- Mailing of individual Notice to all Class members who can be identified through reasonable effort: 15 days after entry of the Preliminary Approval Order ("Order") (Proposed Order ¶ 7(b)).

- Completion of publication of Summary Notice of Proposed Settlement of Class Action three separate times, with no less than 4 business days between each publication, over the *PR Newswire*: 28 days after entry of the Order (Proposed Order ¶ 7(c)).

- Deadline for filing with the Court any papers in support of Plaintiffs' Counsel's request for attorneys' fees and expenses: 60 days after entry of the Order (Proposed Order ¶ 14).

- Deadline for filing with the Court any papers in support of final approval of the settlement or the Plan of Allocation: 60 days after entry of the Order (Proposed Order ¶ 14).

- Deadline for submission of objections to the settlement, Plan of Allocation, or motion for attorney's fees and expenses: delivered or post-marked 90 days after entry of the Order (Proposed Order ¶ 15).

- Deadline for requests for exclusion from the Class to be postmarked to the Claims Administrator: 90 days after entry of the Order (Proposed Order ¶ 11).

- Deadline for any Class member to enter an appearance in this Action, individually or, at their own expense, through counsel of their own choice: 90 days after entry of the Order (Proposed Order ¶13).

LEAD PLAINTIFFS' UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT, CONDITIONAL CLASS CERTIFICATION,
AND APPROVAL OF NOTICE
Master Docket No. C10-414 MJP - 19

Zwerling, Schachter, & Zwerling, LLP
1904 Third Avenue, Suite 1030
Seattle, WA 98101-1170
Tel: (206) 223-2053

- Deadline for Plaintiffs' Counsel to serve on Defendants' Counsel and the Court copies of all requests for exclusion from the Class: 15 days before the Settlement Hearing, or as soon as practicable if received in less than 15 days before the Settlement Hearing (Proposed Order ¶ 11).

- Deadline for Plaintiffs' Counsel to file one or more affidavits or declarations showing timely compliance with the mailing and publication requirements: 10 days before the Settlement Hearing (Preliminary Approval Order ¶ 7(d)).

- Deadline for filing any papers, in response to any objections, in further support of the settlement, the Plan of Allocation, or Plaintiffs' Counsel's request for attorneys' fees and expenses: 7 days before the Settlement Hearing (Proposed Order ¶ 15).

- Settlement Hearing: Any time after 120 days following entry of the Order (Proposed Order ¶ 5).

- Postmark deadline for submission of Proofs of Claim: 120 days after the initial mailing of the Notice (Proposed Order ¶ 9(a)).

## <u>CONCLUSION</u>

For the foregoing reasons, Lead Plaintiffs respectfully request that this Court grant preliminary approval to the settlement, certify the Class for the purposes of settlement, approve the forms and methods of notice, and issue the proposed Preliminary Approval Order annexed to the Stipulation and lodged concurrently herewith.

Dated: February 14, 2012.                        Respectfully submitted,


                                    /s/ Dan Drachler

                                  Dan Drachler, WSBA #27728
                                  ZWERLING, SCHACHTER & ZWERLING, LLP
                                  1904 Third Avenue, Suite 1030
                                  Seattle, WA  98101-1170
                                  Telephone:  (206) 223-2053
                                  Facsimile:   (206) 343-9636
                                  Email:  ddrachler@zsz.com

                                  *Attorney for the CTIC Investor Group and*
                                  *Liaison Counsel for the Class*

                                  David A.P.  Brower (admitted *pro hac vice*)
                                  Daniel I. Wolf
                                  BROWER PIVEN

LEAD PLAINTIFFS' UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT, CONDITIONAL CLASS CERTIFICATION,
AND APPROVAL OF NOTICE
Master Docket No. C10-414 MJP - 20

Zwerling, Schachter, & Zwerling, LLP
1904 Third Avenue, Suite 1030
Seattle, WA 98101-1170
Tel: (206) 223-2053

A Professional Corporation
488 Madison Avenue, Eighth Floor
New York, NY 10022
Telephone:  (212) 501-9000
Facsimile:   (212) 501-0300

*Attorney for the CTIC Investor Group and
Lead Counsel for the Class*

LEAD PLAINTIFFS' UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT, CONDITIONAL CLASS CERTIFICATION,
AND APPROVAL OF NOTICE
Master Docket No. C10-414 MJP - 21

Zwerling, Schachter, & Zwerling, LLP
1904 Third Avenue, Suite 1030
Seattle, WA 98101-1170
Tel: (206) 223-2053