**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE**

| | |
|---|---|
| In re CELL THERAPEUTICS, INC.<br><br>CLASS ACTION LITIGATION | Master Docket No. C10-414 MJP<br><br>(consolidated with Nos. C10-480 MJP and C10-559MJP)<br><br><u>CLASS ACTION</u><br><br>**ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT, GRANTING CONDITIONAL CLASS CERTIFICATION, AND PROVIDING FOR NOTICE** |
| This Document Relates To: All Actions | |

ORDER GRANTING PRELIMINARY APPROVAL OF
SETTLEMENT, GRANTING CONDITIONAL CLASS
CERTIFICATION, AND PROVIDING FOR NOTICE

C10-414 MJP

This class action comes before the Court on the Lead Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement, Conditional Class Certification, and Approval of Notice ("Motion") and on the Stipulation of Settlement dated February 13, 2012 (the "Stipulation") entered into by the Lead Plaintiffs and Defendants. The Court has reviewed the Motion and the Stipulation, and attached exhibits, which set forth the terms and conditions for a proposed settlement of and for dismissal of the Action with prejudice, upon the terms and conditions of the Stipulation, and finds that the Motion is due to be granted.

All defined terms used in this Order shall have the same meanings as set forth in the Stipulation.

NOW, THEREFORE, the Court hereby ORDERS:

1. For purposes of settlement only, pursuant to Fed. R. Civ. P. 23(a) and (b)(3), the Court hereby conditionally certifies a Class consisting of all Persons (other than those Persons who timely and validly request exclusion from the Class) who purchased the common stock of CTI between March 25, 2008 and March 22, 2010, inclusive. Excluded from the Class are Defendants, members of the Individual Defendants' immediate families, the directors, officers, subsidiaries, and affiliates of CTI, any person, firm, trust, corporation, officer, director or other individual or entity in which any Defendant has a controlling interest, and the legal representatives, affiliates, heirs, successors-in-interest or assigns of any such excluded person. Solely for the purposes of effectuating the settlement, the Court finds and concludes that the requirements of Fed. R. Civ. P. 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure have been satisfied, as follows:

    (a)    the members of the Class are so numerous that joinder of all members is impracticable;

    (b)    there are questions of law and fact common to the Class;

    (c)    the claims and defenses of the representative parties are typical of the Class;

        (d)      the representative parties will fairly and adequately protect the interests of the Class; and

        (e)      the Action satisfies the requirements of Fed. R. Civ. P. 23(b)(3) in that there are questions of law and fact common to the members of the Class that predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

2. For purposes of settlement only, the Court finds that Satish Shah, David Gipson, and Xavian L. Draper possess claims that are typical of the claims of Class Members and that they have and will adequately represent the interest of Class Members, and the Court appoints them as the representatives of the Class and appoints Lead Counsel, Brower Piven, A Professional Corporation as counsel for the Class.

3. If for any reason the Effective Date, as defined in ¶ 1.10 of the Stipulation, does not occur, this conditional certification of the Class shall be deemed null and void without the need for further action by the Court or any of the Settling Parties. In such circumstances, each of the Settling Parties shall retain its currently existing rights to seek or to object to the certification of this litigation as a class action under Fed. R. Civ. P. 23, or any state or federal rule, statute, law, or provision, and to contest and appeal any grant or denial of certification in this litigation or in any other litigation on any other grounds.

4. The Court does hereby preliminarily approve the Stipulation and the settlement, subject to further consideration at the Settlement Hearing described below. Therefore, it GRANTS the motion for preliminary approval of the proposed class settlement.

5. A hearing (the "Settlement Hearing") shall be held before this Court on **July 20, 2012 at 1:30 p.m.** for the following purposes:

        (a)      to determine whether the Court should grant certification to the Class pursuant to Fed. R. Civ. P. 23(a) and (b)(3);

ORDER GRANTING PRELIMINARY APPROVAL OF
SETTLEMENT, GRANTING CONDITIONAL CLASS
CERTIFICATION, AND PROVIDING FOR NOTICE

2

C10-414 MJP

(b) to determine whether the proposed settlement of the Action on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Class and should be approved by the Court;

(c) to determine whether a Judgment as provided in ¶ 1.14 of the Stipulation should be entered;

(d) to determine whether the proposed Plan of Allocation for the proceeds of the settlement is fair and reasonable, and should be approved by the Court;

(e) to determine whether any applications for attorneys' fees or expenses to Plaintiffs' Counsel should be approved; and

(f) to rule upon such other matters as the Court may deem appropriate.

6. The Court approves, as to form and content, the Notice of Proposed Settlement of Class Action (the "Notice"), the Summary Notice (as defined below) for publication, and the Proof of Claim Form and Release ("Proof of Claim") annexed as Exhibits A-1 to A-3 hereto, and finds that the mailing and distribution of the Notice and publishing of the Summary Notice substantially in the manner and form set forth in ¶¶ 7-8 of this Order meet the requirements of Fed. R. Civ. P. 23, the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(7), as amended, including the Private Securities Litigation Reform Act of 1995, and due process, and is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Persons entitled to notice.

7. The firm of Garden City Group, Inc. ("Claims Administrator"), is hereby appointed to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below:

(a) CTI shall cooperate, to the extent necessary, in making its transfer records and shareholder information available to the Claims Administrator for the purpose of identifying and giving notice to the Class;

      (b)    No later than fifteen (15) days after entry of this Order, Lead Counsel shall cause a copy of the Notice, substantially in the form annexed as Exhibit A-1, to be mailed by first class mail to all potential Class Members who can be identified with reasonable effort;

      (c)    Lead Counsel shall cause the summary notice, in substantially the form annexed as Exhibit A-2 (the "Summary Notice"), to be published three (3) separate times, with no less than four (4) business days between each publication, over the *PR Newswire*, with such publication completed no later than twenty-eight (28) days after the entry of this Order; and

      (d)    At least ten (10) days prior to the Settlement Hearing, Lead Counsel shall cause to be served on counsel for Defendants and filed with the Court proof, by affidavit or declaration, of such mailing and publishing.

8.    Nominees who purchased the common stock of CTI for the beneficial ownership of Class Members during the Class Period shall send the Notice to all beneficial owners of such CTI securities within seven (7) days after receipt thereof, or send a list of the names and addresses of such beneficial owners to the Claims Administrator within seven (7) days of receipt thereof, in which event the Claims Administrator shall promptly mail the Notice to such beneficial owners. The Claims Administrator shall, if requested, reimburse banks, brokerage houses or other nominees solely for their reasonable out-of pocket expenses incurred in providing notice to beneficial owners who are potential Class Members out of the Settlement Fund, which expenses would not have been incurred except for the sending of such Notice, subject to further order of this Court with respect to any dispute concerning such compensation.

9.    In order to be entitled to participate in the Net Settlement Fund, in the event the settlement is effected in accordance with the terms and conditions set forth in the Stipulation, each Class Member shall take the following actions and be subject to the following conditions:

  (a) A properly executed Proof of Claim, substantially in the form attached hereto as Exhibit A-3, must be submitted to the Claims Administrator, at the Post Office Box indicated in the Notice, postmarked not later than one hundred twenty (120) days after the initial mailing of the Notice. Such deadline may be further extended by Court Order. Each Proof of Claim shall be deemed to have been submitted when postmarked (if properly addressed and mailed by first class mail, postage prepaid) provided such Proof of Claim is actually received prior to the motion for an order of the Court approving distribution of the Net Settlement Fund. Any Proof of Claim submitted in any other manner shall be deemed to have been submitted when it was actually received at the address designated in the Notice. Any Class Member who does not submit a Proof of Claim within the time provided for shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, unless otherwise ordered by the Court. Notwithstanding the foregoing, Lead Counsel shall have discretion to accept late-submitted claims for processing by the Claims Administrator so long as the distribution of the Net Settlement Fund is not materially delayed thereby.

  (b) The Proof of Claim submitted by each Class Member must satisfy the following conditions: (i) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation as are specified in the Proof of Claim and as are reasonably available to the Authorized Claimant for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the

        transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by Lead Counsel; (iii) if the person executing the Proof of Claim is acting in a representative capacity, a certification of his current authority to act on behalf of the Class Member must be included in the Proof of Claim; and (iv) the Proof of Claim must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

    (c)    As part of the Proof of Claim, each Class Member shall submit to the jurisdiction of the Court with respect to the claim submitted, and shall (subject to effectuation of the settlement) release all Released Claims as provided in the Stipulation.

10. All Class Members shall be bound by all determinations and judgments in this Action, whether favorable or unfavorable, except those who are found by the Court to have previously timely and validly requested exclusion from the Class. The persons and entities who request exclusion from the Class will be excluded from the Class and shall have no rights under the Stipulation, shall not be entitled to submit any Proof of Claim forms, shall not share in the distribution of the Net Settlement Fund as described in the Stipulation and in the Notice, and shall not be bound by the Stipulation or the Judgment entered as to Defendants in the Action.

11. To request exclusion from the Class, a putative Class Member must send a letter, postmarked no later than **June 15, 2012**, sent to the Claims Administrator. For a request for exclusion to be valid, the putative Class Member's request for exclusion must include the Class Member's name, current address, and day-time and evening telephone numbers; the dates of all such Class Member's purchases and/or sales of CTI common stock during the Class Period; the number of shares purchased and/or sold on each such date; the prices paid and/or received for all such shares on each such date; and a clear and unambiguous statement that such putative Class

Member wished to be excluded from the Class. No further opportunity to request exclusion will be given in this Action. A Class Member's failure to comply with the foregoing requirements for requesting exclusion from the Class will result in such request being invalid and ineffective. Lead Plaintiffs shall serve upon Defendants' counsel and the Court copies of all such requests for exclusion no later than fifteen (15) days before the date of the Settlement Hearing.

12. Pending final determination of whether the Stipulation should be approved, Lead Counsel, Liaison Counsel, Lead Plaintiffs, and Class Members are barred and enjoined from commencing or prosecuting any action asserting any Released Claims against any Released Persons.

13. Any Class Member may enter an appearance in the Action, individually or, at their own expense, through counsel of their own choice, in which case such counsel must file with the Clerk of the Court and deliver to Lead Counsel and counsel for Defendants a notice of such appearance no later than ninety (90) days after entry of this Order. If they do not enter an appearance, they will be represented by Lead Counsel.

14. All papers in support of the request for attorneys' fees and expenses shall be filed and served no later than sixty (60) days after entry of this Order. All papers in support of the settlement shall be filed and served no later than sixty (60) days after entry of this Order.

15. Any Class Member may appear and show cause, if he, she, or it has any, why the proposed settlement with Defendants should not be approved as fair, reasonable, and adequate, why the Plan of Allocation should not be approved as fair and equitable, and/or why Plaintiffs' Counsel's application for an award of attorneys' fees and reimbursement of expenses should not be granted; provided, however, that no Person shall be heard or entitled to contest such matters, unless that Person has delivered by hand or sent by first class mail written objections and copies of all papers and briefs any such Person wishes to submit in support of any such objection delivered or post-marked no later than **June 15, 2012**, to each of the following:

Clerk of the Court
Western District of Washington
U.S. Courthouse, Lobby Level
700 Stewart Street
Seattle, Washington 98101

| Brower Piven | Wilson Sonsini Goodrich & Rosati |
|---|---|
| A Professional Corporation | Barry M. Kaplan |
| David A.P. Brower | 701 Fifth Avenue, Suite 5100 |
| 488 Madison Avenue | Seattle, Washington 98104 |
| New York, NY 10022 | |
| | *Attorneys for Defendants* |
| *Attorney for the CTIC Investor Group and* | *Cell Therapeutics, Inc., Dr. James Bianco,* |
| *Lead Counsel for the Class* | *Louis Bianco, and Craig Philips* |

Any Person who does not make his, her, or its objection in the manner provided in the Notice shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed settlement as set forth in the Stipulation, unless otherwise ordered by the Court. Any papers, in response to any such objections, in further support of the above-noted motions shall be served and filed no later than seven (7) days prior to the Settlement Hearing.

16. All funds held by the Escrow Agent shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

17. All reasonable costs and expenses incurred in identifying and notifying Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation. In the event the settlement is not approved by the Court, or otherwise fails to become effective, neither the Lead Plaintiffs nor Lead Counsel nor Liaison Counsel shall have any obligation to repay any amounts reasonably incurred or disbursed pursuant to ¶¶ 2.4, 2.6, or 2.7 of the Stipulation for costs and expenses of providing notice and administration of the settlement.

ORDER GRANTING PRELIMINARY APPROVAL OF
SETTLEMENT, GRANTING CONDITIONAL CLASS
CERTIFICATION, AND PROVIDING FOR NOTICE
C10-414 MJP

8

18.     The Court reserves the right to adjourn the date of the Settlement Hearing without further notice to Class Members, and retains jurisdiction to consider all further applications arising out of or connected with the proposed settlement. The Court may approve the settlement, with such modifications as may be agreed to by the Lead Plaintiffs and Defendants, if appropriate, without further notice to the Class.

IT IS SO ORDERED.

Dated:  March 16, 2012

                                                  Marsha J. Pechman
                                                  United States District Judge

Presented By:

David A.P. Brower (admitted *pro hac vice*)
E-mail: brower@browerpiven.com
**BROWER PIVEN**
  A Professional Corporation
488 Madison Avenue
New York, NY 10022
Tel:  (212) 501-9000
Fax: (212) 501-0300
*Attorney for the CTIC Investor Group*
*and Lead Counsel for the Class*

Dan Drachler (WSBA #27728)
E-mail:  ddrachler@zsz.com
**ZWERLING, SCHACHTER & ZWERLING, LLP**
1904 Third Avenue, Suite 1030
Seattle, WA 98101-1170
Tel:  (206) 223-2053
Fax:   (206) 343-9636
*Attorney for the CTIC Investor Group*
*and Liaison Counsel for the Class*

Douglas J. Clark, admitted *pro hac vice*
**WILSON SONSINI GOODRICH & ROSATI**
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304
Telephone:  (650) 493-9300
Facsimile:   (650) 493-6811
Email:  dclark@wsgr.com

Barry M. Kaplan, WSBA #8661
Email: bkaplan@wsgr.com
Claire Loebs Davis, WSBA #39812
Email: cldavis@wsgr.com
**WILSON SONSINI GOODRICH & ROSATI**
Professional Corporation
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Telephone: (206) 883-2500
Facsimile: (206) 883-2699

*Attorneys for Defendants*
*Cell Therapeutics, Inc., Dr. James Bianco,*
*Louis Bianco, and Craig Philips*

ORDER GRANTING PRELIMINARY APPROVAL OF
SETTLEMENT, GRANTING CONDITIONAL CLASS
CERTIFICATION, AND PROVIDING FOR NOTICE

11

C10-414 MJP