1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8
9
10

In re CELL THERAPEUTICS, INC.

CASE NO. C10-414 MJP

11

CLASS ACTION LITIGATION

ORDER AWARDING ATTORNEYS'
FEES AND EXPENSES

12
13
14
15

This matter came on for hearing on July 20, 2012 (the "settlement hearing"), by motion

16

of Plaintiffs' lead counsel for an award of attorneys' fees and reimbursement of expenses. The

17

Court, having considered all papers filed and proceedings conducted herein, including Plaintiffs'

18

counsel's motion for award of attorneys' fees (Dkt. No. 103), Mr. Delluomo's objection (Dkt.

19

No. 108), Mr. Goldstein's objection (Dkt. No. 110), Mr. Atamanczyck's joinder in objection

20

(Dkt. No. 112), Plaintiffs' counsel's reply (Dkt. No. 118), Mr. Goldstein and Atamanczyk's

21

surreply (Dkt. No. 121), having reviewed the entire record in the action, and having considered

22

and determined the fairness and reasonableness of the award of attorneys' fees and litigation

23

expenses requested, hereby enters the following order.

24

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. This Order incorporates by reference the definitions in the stipulation of settlement between the parties to the above-captioned action, dated as of February 13, 2012 (the "stipulation"), and all terms used herein shall have the same meanings as set forth in the stipulation unless set forth differently herein.

2. The Court has jurisdiction over the subject matter of this action and all parties to the action, including all class members.

3. Plaintiffs' counsel is entitled to a fee paid out of the common fund created for the benefit of the class. Boeing Co. v. Van Gemert, 444 U.S. 472, 478-79 (1980). The Ninth Circuit recognizes the propriety of the percentage of the fund method when awarding fees. See Vizcaino v. Microsoft Corp., 290 F. 3d 1043 (9th Cir. 2002).

4. The Court adopts the percentage of the fund method of awarding fees in this case, and concludes that the percentage of the fund is the proper method for awarding attorneys' fees in this case.

5. The Court hereby awards Plaintiffs' counsel attorneys' fees equal to 23% of the settlement fund and reimbursement of out-of-pocket expenses in the amount of $73,272.58, with interest on those amounts to accrue thereon at the same rate and for the same periods as has accrued by the settlement fund from the date of this Order to the date of actual payment of attorneys' fees and expenses to lead counsel as provided in the stipulation.

6. The Court finds the amount of attorneys' fees awarded herein is fair and reasonable. The Ninth Circuit has set 25% as the benchmark award for attorneys' fees in common fund cases. See Paul, Johnson, Alston & Hunt v. Graulty, 886 F.2d 268, 273 (9th Cir. 1989) (finding that the normal range of awards is between 20% and 30%). This percentage should "take into

1   account all of the circumstances of the case" such as (1) the results achieved, (2) the risk of the

2   litigation, (3) benefits beyond the cash settlement, (4) the market rate and (5) burden on counsel.

3   Vizcaino, 290 F.3d at 1048-50.

4        This case did not present any extraordinary circumstances warranting an upward

5   departure from the benchmark. Although the class achieved a substantial settlement, Plaintiffs'

6   counsel did not sufficiently link the result achieved to actions counsel undertook in pursuit of the

7   settlement. Therefore, the Court does not consider the result in this case an extraordinary

8   circumstance warranting an upward departure from the 25% benchmark.

9        Plaintiffs' counsel also has not shown it undertook a great burden litigating the case.

10  Counsel had not invested a large amount of time and expense in the litigation before settling. No

11  depositions were taken and the case was not long or particularly complex. Plaintiffs' counsel has

12  not demonstrated that the risk of the litigation was greater than the typical risk involved in

13  securities litigation. In Vizcaino, the Ninth Circuit noted that the litigation had been particularly

14  risky because counsel had twice revived the case on appeal after unfavorable decisions below.

15  290 F.3d at 1048. Here, there have been no appeals and the case was settled before summary

16  judgment.  Plaintiffs' counsel has not demonstrated to the Court any significant setbacks in the

17  litigation. Plaintiffs' counsel agreed that securities cases rarely go to trial. If this is the case then

18  there is little risk of an adverse jury verdict or lengthy appellate practice.

19       Furthermore, Plaintiffs' counsel did not win any particular benefits for the class beyond

20  the settlement. In contrast, in Vizcaino, the Court cited the hiring of class members and

21  nationwide changes in worker classifications as benefits flowing from the litigation. 290 F.3d at

22  1049. Here, Plaintiffs' counsel secured a cash settlement, but no particular benefits flowed to the

23  class beyond the settlement.

24

7. The attorneys' fees awarded shall be paid to lead counsel as provided in the stipulation and lead counsel shall thereafter allocate the attorneys' fees between and among Plaintiffs' counsel in a manner that they, in good faith, believe reflects the contribution of such counsel to the initiation, prosecution and resolution of the action.

8. The Court also finds that the requested reimbursement of expenses is proper as the expenses incurred by Plaintiffs' counsel, including the costs of experts, were reasonable and necessary in the prosecution of this action on behalf of class members. The attorneys' fees awarded and expenses reimbursed above shall be paid to, and distributed between and among Plaintiffs' counsel, as provided in the stipulation.

9. Lead counsel may apply, from time to time, for any fees and/or expenses incurred by Plaintiffs' counsel solely in connection with the administration of the settlement and distribution of the net settlement fund to class members.

10. All payments of attorneys' fees and reimbursement of expenses shall be made from the settlement fund, and the released persons shall have no liability or responsibility for the payment of any of Plaintiffs' counsel's attorneys' fees or expenses except as expressly provided in the stipulation with respect to the cost of notice and administration of the settlement.

The clerk is ordered to provide copies of this order to all counsel.

Dated this 25th day of July, 2012.


_Marsha J. Pechman_
Marsha J. Pechman
United States District Judge