UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In re CELL THERAPEUTICS, INC. CLASS ACTION LITIGATION | Master Docket No. C10-414 MJP (consolidated with Nos. C10-480 MJP and C10-559MJP) <br><br> CLASS ACTION <br><br> FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE |
| This Document Relates To: All Actions | |

This matter came before the Court for hearing pursuant to this Court's Order granting preliminary approval of settlement, conditional class certification, and providing for notice dated March 16, 2012 (the "preliminary approval order"), on the application of the settling parties for approval of the settlement (the "settlement") set forth in the stipulation of settlement dated as of February 13, 2012 ("stipulation"), and, following a hearing on July 20, 2012 before this Court to consider the applications of the settling parties. The Court having considered all papers filed and proceedings held herein, and having received declarations attesting to the mailing of the notice

FINAL JUDGMENT AND ORDER OF DISMISSAL WITH
PREJUDICE
C10-414 MJP

and the publication of the summary notice in accordance with the preliminary approval order, and good cause appearing therefore,

IT IS HEREBY ADJUDGED AND DECREED THAT:

1. This final judgment incorporates by reference the definitions in the stipulation, and all terms used herein shall have the same meanings as set forth in the stipulation unless set forth differently herein. The terms of the Stipulation are fully incorporated in this final judgment as if set forth fully herein.

2. The Court has jurisdiction over the subject matter of this Action and all parties to the Action, including all class members.

3. This Court finds that due and adequate notice was given of the settlement, the plan of allocation of the settlement proceeds, and Plaintiffs' counsel's application for an award of attorneys' fees and reimbursement of expenses, as directed by this Court's preliminary approval order, and that the forms and methods for providing such notice to class members:

    (a) constituted the best notice practicable under the circumstances, including individual notice to all class members who could be identified through reasonable effort;

    (b) was reasonably calculated, under the circumstances, to apprise class members of: (i) the proposed settlement of this class action and the right to exclude themselves from the class; (ii) their right to object to any aspect of the proposed settlement, including the terms of the Stipulation and the plan of allocation; (iii) their right to appear at the Settlement Hearing, either on their own or through counsel hired at their own expense, if they are not excluded from the class; and (iv) the

FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE
2
C10-414 MJP

binding effect of the proceedings, rulings, orders and judgments in this action, whether favorable or unfavorable, on all persons who are not excluded from the class;

(c) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to be provided with notice; and

(d) fully satisfied all the applicable requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, and all other applicable laws.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby certifies a class consisting of all persons (other than those persons who timely and validly requested exclusion from the class) who purchased the common stock of Cell Therapeutics, Inc. ("CTI") between March 25, 2008 and March 22, 2010, inclusive. Excluded from the class are Defendants, members of the Individual Defendants' immediate families, the directors, officers, subsidiaries, and affiliates of CTI, any person, firm, trust, corporation, officer, director or other individual or entity in which any Defendant has a controlling interest, and the legal representatives, affiliates, heirs, successors-in-interest or assigns of any such excluded person.

5. The class also excludes those Persons who timely and validly filed valid requests for exclusion from the class pursuant to the notice sent to class members as provided in this Court's preliminary approval order ("opt-outs"). A list of such persons who filed timely, completed opt-outs or filed late opt-outs which this Court has allowed is attached hereto as Exhibit 1. Persons who filed timely, completed opt-outs are not bound by this final judgment or the terms of the stipulation, and may pursue their own individual remedies against Defendants and the released persons. However, such persons are not entitled to any rights or benefits provided to class members by the terms of the stipulation.

6. With respect to the class, the Court finds that:

    (a) the class members satisfy all of the requirements of Rule 23(a) of the Federal Rules of Civil Procedure because:

        i. the members of the class are so numerous that joinder of all members is impracticable;

        ii. there are questions of law and fact common to the class;

        iii. the claims and defenses of the representative parties are typical of the class; and

        iv. the representative parties will fairly and adequately protect the interests of the class.

    (b) In addition, the Court finds that the action satisfies the requirement of Federal Rule of Civil Procedure 23(b)(3) in that there are questions of law and fact common to the class members that predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy; and

    (c) The Court finds that Satish Shah, David Gipson, and Xavian L. Draper possess claims that are typical of the claims of class members and that they have and will adequately represent the interest of class members and appoints them as the representatives of the class ("class representatives"), and appoints lead counsel, Brower Piven, A Professional Corporation as counsel for the class.

7. Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, this Court hereby approves the settlement set forth in the stipulation and finds that said settlement is, in all respects, fair, reasonable, and adequate to, and is in the best interests of, lead Plaintiffs and each of the class members based on: (a) the settlement resulting from arm's-length negotiations between able and experienced counsel representing the interests of lead Plaintiffs, the class members, and the Defendants, following significant development of the facts in the action; (b) the amount of the recovery for class members being within the range of fairness given the strengths and weaknesses of the claims and defenses thereto; (c) the risks of non-recovery and/or recovery of a lesser amount than is represented through the settlement by continued litigation through all pre-trial, trial and appellate procedures; and (d) the recommendation of experienced counsel. All objections to the proposed settlement, if any, are overruled in their entirety. Accordingly, the settlement embodied in the stipulation is hereby approved in all respects and shall be consummated in accordance with its terms and provisions. The settling parties are hereby directed to perform the terms of the stipulation.

8. This Court hereby approves the plan of allocation as set forth in the Notice as fair and equitable, and overrules all objections to the plan of allocation, if any, in their entirety. The Court directs lead counsel to proceed with the processing of proofs of claim and the administration of the settlement pursuant to the terms of the plan of allocation and, upon completion of the claims processing procedure, to present to this Court a proposed final distribution order for the distribution of the net settlement fund to class members, as provided in the stipulation and plan of allocation.

9. Pursuant to Federal Rule of Civil Procedure 23(c)(3), all class members who have not timely and validly filed opt-outs are thus class members who are bound by this final judgment and by the terms of the stipulation.

10. The released persons are hereby released and forever discharged from any and all of the released claims. All class members are hereby forever barred and enjoined from asserting, instituting or prosecuting, directly or indirectly, any released claim in any court or other forum against any of the released persons. All class members are bound by paragraph 4.3 of the stipulation ("covenant not to sue") and are hereby forever barred and enjoined from taking any action in violation of the covenant not to sue.

11. The Court hereby dismisses with prejudice the action and all released claims against each and all released persons and without costs to any of the settling parties as against the others.

12. None of the provisions of the settlement, the stipulation, or this final judgment, nor the fact of the settlement, constitute any admission by any of the settling parties of any liability, wrongdoing or violation of law, damages or lack thereof, or of the validity or invalidity of any claim or defense asserted in the action. None of the provisions of the settlement, the stipulation, this final judgment, the fact of the settlement, the proceedings related to the settlement, the settling parties' negotiations, nor any documents related thereto may be offered or received in evidence or construed as an admission, concession, presumption or inference against any party in any proceeding, except insofar as may be necessary to effectuate or enforce the terms of the settlement, the stipulation and this final judgment.

13. The Court finds that during the course of the action, the settling parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

14. Without affecting the finality of this final judgment in any way, this Court hereby reserves and retains continuing jurisdiction over: (a) implementation and enforcement of any award or distribution from the settlement fund or net settlement fund; (b) disposition of the settlement fund or net settlement fund; (c) determining applications for payment of attorneys' fees and/or expenses incurred by Plaintiffs' counsel in connection with administration and distribution of the net settlement fund; (d) payment of taxes by the settlement fund; (e) all parties hereto for the purpose of construing, enforcing, and administering the stipulation; and (f) any other matters related to finalizing the settlement and distribution of the proceeds of the settlement.

15. Neither appellate review nor modification of the plan of allocation set forth in the notice, nor any action in regard to the motion by Plaintiffs' counsel for attorneys' fees and/or reimbursement of expenses, shall affect the finality of any other portion of this final judgment, nor delay the effective date of the stipulation, and each shall be considered separate for the purposes of appellate review of this final judgment.

16. In the event that the settlement does not become final in accordance with the terms of the stipulation or the effective date does not occur, or in the event that the settlement fund, or any portion thereof, is returned to the Defendants, then this final judgment shall be rendered null and void to the extent provided by and in accordance with the stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the stipulation.

17. The Court, finding that no reason exists for delay, hereby directs the Clerk to enter this final judgment forthwith.

The clerk is ordered to provide copies of this order to all counsel.

Dated this 25th day of July, 2012.

*[signature]*

Marsha J. Pechman
United States District Judge